1   LATHAM & WATKINS LLP
        Patrick E. Gibbs, Bar No. 183174
2       *patrick.gibbs@lw.com*
        Chris W. Johnstone, Bar No. 242152
3       *chris.johnstone@lw.com*
    140 Scott Drive
4   Menlo Park, California 94025
    Telephone: +1.650.328.4600
5   Facsimile: +1.650.463.2600

6   LATHAM & WATKINS LLP
        Michele D. Johnson, Bar No. 198298
7       *michele.johnson@lw.com*
    650 Town Center Drive, 20th Floor
8   Costa Mesa, California 92626-1925
    Telephone: +1.714.540.1235
9   Facsimile: +1.714.755.8290

10  Attorneys for Defendants STEC, Inc.,
    Manouch Moshayedi, Mehrdad Moshayedi,
11  Raymond D. Cook, and Rajat Bahri

12                  UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14                          SOUTHERN DIVISION

15                                          SACV11 - 1171 DOC (RNBx)

| | |
|---|---|
| 16  WEST VIRGINIA LABORERS' TRUST FUND, Individually and on 17  Behalf of All Others Similarly Situated, | CASE NO.: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)** |
| 18                   Plaintiff, | **(FEDERAL QUESTION)** |
| 19             v. | **Removed from:** Superior Court of California, County of Orange, Case No. 30-2011-00489022-CU-SL-CXC |
| 20  STEC, INC., MANOUCH MOSHAYEDI, MEHRDAD 21  MOSHAYEDI, RAYMOND D. COOK, RAJAT BAHRI, BARCLAYS 22  CAPITAL INC., DEUTSCHE BANK SECURITIES, INC., J.P. MORGAN 23  SECURITIES, INC., and OPPENHEIMER & CO., INC., | [Filed Concurrently with Civil Cover Sheet, Certification and Notice of Interested Parties, Notice of Related Cases, and Notice of Association of Counsel] |
| 24                   Defendants. | |

25

26

27

28

                                                    NOTICE OF REMOVAL

1   **TO THE CLERK OF THIS COURT, PLAINTIFF, AND ITS COUNSEL**:

2     **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441, and

3   1446, defendants STEC, Inc., Manouch Moshayedi, Mehrdad Moshayedi,

4   Raymond D. Cook, and Rajat Bahri (the "STEC Defendants") hereby remove the

5   above-captioned civil action, and all claims and causes of action therein, from the

6   Superior Court of California, County of Orange, to the United States District Court

7   for the Central District of California, Southern Division.[1] The STEC Defendants

8   appear for purposes of removal only, reserve all defenses and rights available, and

9   state as follows:

10                **BACKGROUND**

11       1.   Plaintiff West Virginia Laborers' Trust Fund, Individually and

12   on Behalf of All Others similarly Situated, filed the above-captioned purported

13   class action on July 1, 2011 in the Superior Court of California, County of Orange,

14   case number 30-2011-00489022-CU-SL-CXC. The STEC Defendants received the

15   complaint and summons on July 8, 2011 and signed the acknowledgement of

16   receipt on July 21, 2011. A true and correct copy of the summons and the

17   complaint is attached hereto as Exhibit 1. A true and correct copy of all additional

18   pleadings is attached hereto as Exhibit 2.

19             **BASIS FOR REMOVAL**

20       2.   This action is within the original jurisdiction of this Court under

21   28 U.S.C. § 1331 because it includes claims arising under the laws of the United

22   States. Specifically, Plaintiff asserts claims against STEC, Inc. ("STEC") arising

23   under Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act").

24   *See* Compl. ¶¶ 55-162; 169-79. Plaintiff also asserts claims against defendants

25

26   [1]  Filed separately is a Notice of Related Cases which provides notice that this
27   action is related to two cases currently pending before Judge Selna: (1) *In re
STEC, Inc. Sec. Litig.*, 8:09-cv-01304-JVS-MLG; and (2) *In re STEC, Inc.
28   Derivative Litig.*, 2:10-cv-00667-JVS-MLG.

1   Manouch Moshayedi, Mehrdad Moshayedi, Raymond D. Cook, Rajat Bahri,
2   Barclays Capital Inc., Deutsche Bank Securities, Inc., J.P. Morgan Securities, Inc.,
3   and Oppenheimer & Co., Inc. arising under Sections 11, 12(a)(2) and/or 15 of the
4   Securities Act. *See id.* ¶¶ 155-93.

5       3.   Because this is a civil action over which this Court has original
6   jurisdiction under 28 U.S.C. § 1331, it is removable under 28 U.S.C. § 1441 and
7   the Securities Litigation Uniform Standards Act of 1998 (hereinafter, "SLUSA"),
8   15 U.S.C. § 77p(c). Under 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly
9   provided by Act of Congress, any civil action brought in a State court of which the
10  district courts of the United States have original jurisdiction, may be removed . . .
11  to the district court of the United States embracing the place where such action is
12  pending." Further, Section 1441(b) provides, in relevant part, that "[a]ny civil
13  action of which the district courts have original jurisdiction founded on a claim or
14  right arising under the Constitution, treaties or laws of the United States shall be
15  removable without regard to the citizenship or residence of the parties."

16      4.   SLUSA amended Section 22(a) of the Securities Act, creating
17  an exemption to its non-removal provision, and expressly allowing the removal of
18  certain "covered class actions" arising under the Securities Act. 15 U.S.C. §
19  77v(a). Section 16(c) of the Securities Act provides that "[a]ny covered class
20  action brought in any State court involving a covered security, as set forth in
21  subsection (b), shall be removable to the Federal district court for the district in
22  which the action is pending . . . ." 15 U.S.C. § 77p(c) (emphasis added).

23      5.   "Covered class action" includes:

24      "[A]ny single lawsuit in which . . . one or more named parties
25      seeks to recover damages on a representative basis on behalf of
26      themselves and other unnamed parties similarly situated, and
27      questions of law or fact common to those persons or members

28

1           of the prospective class predominate over any questions

2           affecting only individual persons or members."

3  15 U.S.C. § 77p(f)(2)(A)(i)(II). A "covered security" is defined to include shares

4  listed for trading on the NASDAQ Stock Market.  15 U.S.C. § 77p(f)(3); 15 U.S.C.

5  § 77r(b)(1).

6        6.     This action is a "covered class action . . . involving a covered

7  security." Plaintiff is a named party seeking to recover damages on a representative

8  basis on behalf of itself and others similarly situated, and the complaint alleges that

9  common questions of law or fact predominate over individual questions. *See*

10 Compl. ¶¶ 143-48. Further, the securities at issue, the common shares of STEC, are

11 "covered securit[ies]" within the meaning of SLUSA because they are listed, and

12 were listed during the relevant period, on the NASDAQ Stock Market. *See id.* ¶¶

13 14, 31, 144.

14       7.     Accordingly, Plaintiff's claims are removable to the United

15 States District Court for the Central District of California under 15 U.S.C. §§

16 77p(c), 77v, and 28 U.S.C. § 1441. *See Purowitz v. DreamWorks Animation SKG,*

17 *Inc.,* 2005 U.S. Dist. LEXIS 46911 (C.D. Cal. Nov. 15, 2005); *Brody v.*

18 *Homestore, Inc.,* 240 F. Supp. 2d 1122 (C.D. Cal. 2003).

19       8.     STEC will promptly serve a copy of this Notice on counsel for

20 Plaintiff and will file a copy of this Notice with the Clerk of the Superior Court of

21 California, County of Orange, pursuant to 28 U.S.C. § 1446(d).

22                      **TIMELINESS OF REMOVAL**

23       9.     This notice is being filed within 30 days of service of the

24 summons and complaint on the STEC Defendants, and thus, is timely filed under

25 28 U.S.C. § 1446(b).

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRADISTRICT ASSIGNMENT

10.  Assignment of the action to the United States District Court for the Central District of California, Southern Division is appropriate because this action is being removed from Superior Court of California, County of Orange.

## CONSENT TO REMOVAL

11.  Undersigned counsel has been authorized to state that the remaining defendants concur in the removal of this action to this Court, subject to and without waiving all defenses and rights available to them.

WHEREFORE, the STEC Defendants, pursuant to 28 U.S.C. § 1441, remove this action in its entirety from the Superior Court of California, County of Orange, to this Court.

Dated: August 4, 2011

Respectfully Submitted,

LATHAM & WATKINS LLP

By _____
Christopher W. Johnstone
Attorneys for Defendants STEC,
Inc., Manouch Moshayedi, Mark
Moshayedi, Raymond D. Cook, and
Rajat Bahri

# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** STEC, INC., MANOUCH MOSHAYEDI,
**(AVISO AL DEMANDADO):** MEHRDAD MOSHAYEDI, RAYMOND D. COOK,
RAJAT BAHRI, BARCLAYS CAPITAL INC., DEUTSCHE BANK SECURITIES,
INC., J.P. MORGAN SECURITIES, INC., and OPPENHEIMER & CO., INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

WEST VIRGINIA LABORERS' TRUST FUND, Individually and on
Behalf of All Others Similarly Situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/07/2011** at 11:47:00 AM

Clerk of the Superior Court
By James M Haines, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA | CASE NUMBER: *(Número del Caso):* 30-2011-00489022-CU-SL-CXC |
|---|---|

County of Orange - Civil Complex Center
751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512

Judge Ronald L. Bauer

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Blair A. Nicholas, Esq., 12481 High Bluff Drive, Suite 300, San Diego, CA 92130, Tel: (858) 793-0070

| DATE: 07/07/2011 *(Fecha)* | ALAN CARLSON, Clerk of the Court | Clerk, by *(Secretario)* _James M Haines_ | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010),.)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

  under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
  ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
  ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

  ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

**Exhibit 1**
**5**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Blair A. Nicholas (SBN 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br>San Diego, California 92130-3582<br>　TELEPHONE NO.: (858) 793-0070　　FAX NO.: (858) 793-0323<br>ATTORNEY FOR *(Name):* Plaintiff West Virginia Laborers' Trust Fund | FOR COURT USE ONLY<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**07/01/2011** at 12:18:32 PM<br>Clerk of the Superior Court<br>By Rachelle Vavra, Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Justice Center

CASE NAME:
West Virginia Laborers' Trust Fund v. STEC, Inc., et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>30-2011-00489022-CU-SL-CXC |
|---|---|---|
| [✓] Unlimited　　[ ] Limited<br>　(Amount　　　(Amount<br>　demanded　　demanded is<br>　exceeds $25,000)　$25,000 or less) | [ ] Counter　　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE JUDGE RONALD L. BAUER<br>DEPT: DEPT. CX103 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [✓] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | 　condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is　　[ ] is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties　　d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel　　e. [ ] Coordination with related actions pending in one or more courts
   　issues that will be time-consuming to resolve　　in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence　　f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [✓] monetary　b. [✓] nonmonetary; declaratory or injunctive relief　c. [ ] punitive
4. Number of causes of action *(specify):* Violations of Sections 11, 12(A)(2) and 15 of the Securities Act of 1933
5. This case [✓] is　　[ ] is not　a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: July 1, 2011
Blair A. Nicholas, Esq.
(TYPE OR PRINT NAME)　　▶　*Blair A. Nicholas*　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**Exhibit 1**
6

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**Exhibit 1**
**7**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/01/2011** at 12:18:32 PM

Clerk of the Superior Court
By Rachelle Vavra, Deputy Clerk

1   BERNSTEIN LITOWITZ BERGER
&  GROSSMANN LLP
2   Blair A. Nicholas (Bar No. 178428)
blairn@blbglaw.com
3   Niki L. Mendoza (Bar No. 214646)
nikim@blbglaw.com
4   Takeo A. Kellar (Bar No. 234470)
takeok@blbglaw.com
5   12481 High Bluff Drive, Suite 300
San Diego, CA 92130
6   Tel:  (858) 793-0070
Fax: (858) 793-0323
7
8

*Counsel for Plaintiff West Virginia Laborers'*
9   *Trust Fund and the Class*

10

11   SUPERIOR COURT OF CALIFORNIA

12   IN AND FOR THE COUNTY OF ORANGE

13   WEST VIRGINIA LABORERS' TRUST        Case No.   30-2011-00489022-CU-SL-CXC
FUND, Individually and on Behalf of All
14   Others Similarly Situated,            CLASS ACTION

15          Plaintiff,                     **COMPLAINT FOR VIOLATIONS OF THE
FEDERAL SECURITIES LAWS**
16   v.

17   STEC, INC., MANOUCH                   DEMAND FOR JURY TRIAL
MOSHAYEDI, MEHRDAD
18   MOSHAYEDI, RAYMOND D. COOK,           **JUDGE RONALD L. BAUER
RAJAT BAHRI, BARCLAYS CAPITAL            DEPT. CX103**
19   INC., DEUTSCHE BANK
SECURITIES, INC., J.P. MORGAN
20   SECURITIES, INC., and
OPPENHEIMER & CO., INC.,
21
Defendants.
22

23

24

25

26

27

28

COMPLAINT

Exhibit 1
8

# TABLE OF CONTENTS

Page(s)

I.      NATURE AND SUMMARY OF THE ACTION ................................................. 1

II.     JURISDICTION AND VENUE ........................................................................ 4

III.    THE PARTIES ................................................................................................. 5

        A.      Plaintiff ................................................................................................. 5

        B.      Defendants ........................................................................................... 5

                1.      The Issuer Defendant ................................................................ 5

                2.      The Officer Defendants ............................................................ 5

                3.      The Director Defendant ............................................................ 6

                4.      The Underwriter Defendants ..................................................... 7

IV.     BACKGROUND .............................................................................................. 8

        A.      Defendants Manouch And Mark Moshayedi Engaged In Massive
                Insider Selling .................................................................................... 13

        B.      The Aftermath ..................................................................................... 13

V.      FALSE AND MISLEADING STATEMENTS AND OMISSIONS IN
        THE REGISTRATION STATEMENT AND PROSPECTUS ....................... 14

VI.     THE TRUTH EMERGES ............................................................................... 22

        A.      The September 17, 2009 Partial Disclosure ....................................... 22

        B.      The November 3, 2009 Partial Disclosure ......................................... 24

        C.      The February 23, 2010 Disclosure ..................................................... 29

VII.    CLASS ACTION ALLEGATIONS ............................................................... 33

VIII.   TOLLING OF STATUTE OF LIMITATIONS .............................................. 34

IX.     CLAIMS FOR RELIEF .................................................................................. 35

COUNT I  FOR VIOLATION OF SECTION 11 OF THE SECURITIES ACT
(AGAINST THE OFFICER DEFENDANTS, BAHRI AND STEC) .............................. 36

COUNT II  FOR VIOLATION OF SECTION 11 OF THE SECURITIES ACT
(AGAINST THE UNDERWRITER DEFENDANTS) ..................................................... 37

-i-                                                                          COMPLAINT

Exhibit 1
9

COUNT III  FOR VIOLATION OF SECTION 12(a)(2) OF THE SECURITIES
    ACT (AGAINST STEC, MANOUCH MOSHAYEDI, AND MARK
    MOSHAYEDI) ........................................................................................................ 39

COUNT IV  FOR VIOLATION OF SECTION 12(a)(2) OF THE SECURITIES
    ACT (AGAINST THE UNDERWRITER DEFENDANTS) ........................................... 41

COUNT V  FOR VIOLATION OF SECTION 15 OF THE SECURITIES ACT
    (AGAINST THE OFFICER DEFENDANTS)................................................................. 42

X.      PRAYER FOR RELIEF ................................................................................ 43

XI.     JURY DEMAND.......................................................................................... 44

COMPLAINT

Exhibit 1
10

This Complaint is brought pursuant to the Securities Act of 1933 (the "Securities Act") by Plaintiff West Virginia Laborers' Trust Fund, individually, and as a class action on behalf of all persons or entities (the "Class") who purchased or otherwise acquired common stock of STEC, Inc. ("STEC" or the "Company") in or traceable to the Company's Secondary Offering on or about August 11, 2009 (the "Offering"), and who were damaged thereby.  The action seeks to recover damages caused by Defendants' violations of federal securities laws and to pursue remedies under the Securities Act.

The allegations contained herein are based upon information and belief with information obtained through the investigation made by and through Plaintiff's counsel.  Plaintiff's counsel's investigation has included, among other things: (i) review and analyses of STEC's filings with the United States Securities and Exchange Commission ("SEC"), press releases and other public statements; and (ii) review and analyses of news, media, and analyst research.  Plaintiff believes that substantial additional evidentiary support for the allegations herein exist and will continue to be revealed after Plaintiff has a reasonable opportunity for discovery.

As this Complaint is based exclusively in theories of innocent and/or negligent conduct to which the strict liability provisions of the Securities Act apply, it does not allege or intend to allege any claims or assertions of fraud.

## I.   NATURE AND SUMMARY OF THE ACTION

1.    STEC purports to be a leading global provider of memory and storage solutions tailored to meet the high-performance, high-reliability needs of original equipment manufacturing ("OEM") customers like Sun Microsystems, EMC Corporation ("EMC"), IBM, and Dell.  The Company claims to manufacture the industry's "most comprehensive line" of solid state drives ("SSDs") in the storage industry, including the Company's flagship product, the ZeusIOPS ("Zeus" or "ZeusIOPS").

2.    The claims in this case stem from false and misleading statements or omissions in the Company's Registration Statement ("Registration Statement"), and Prospectus and/or Amended or Supplemental Prospectus (collectively, "Prospectus"), issued in connection with the Offering which allowed two brothers, as founders and key officers of the Company, Manouch

Exhibit 1
11

and Mark Moshayedi, to sell half of their personally held stock in the Company for a total of $267.8 million. As detailed below, the Registration Statement and Prospectus contained materially false and misleading statements and omitted material information in violation of Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l(a)(2) and 77o.

3. This action is brought against STEC; its top executive officers, the Company's Chairman and Chief Executive Officer ("CEO"), Manouch Moshayedi; its President, Chief Operating Officer ("COO"), and Chief Technology Officer ("CTO"), Mehrad "Mark" Moshayedi ("Mark Moshayedi"); its Chief Financial Officer ("CFO"), Raymond D. Cook (collectively, the "Officer Defendants"); its Chair of the Board's Audit Committee and Board Member, Rajat Bahri, each who signed the Registration Statement; and the Underwriter Defendants (defined below), for violations of the Securities Act.

4. On August 3, 2010, STEC announced the intention to conduct the Offering of at least 7.5 million shares of STEC common stock, in addition to 1.125 million more shares that would be made available to the Underwriter Defendants to cover over-allotments. Also on August 3, 2010, in connection with the Offering, STEC filed with the SEC the Registration Statement, pursuant to Form S-3ASR, and the Prospectus, pursuant to Form 424B3. Thereafter, on August 6, 2009, Defendants announced that, pursuant to an Amended Prospectus, they had increased the size of the Offering to nine million shares, in addition to 1.35 million over-subscription shares, and had set the offering price at $31.00 per share.[1]

5. The Registration Statement and Prospectus contained false and misleading misstatements and omissions, which allowed the Company's two most senior executives to sell more than nine million shares of stock, approximately 50% of their holdings, for proceeds *in excess of $267 million.* For example, as detailed below, the Registration Statement and Prospectus were false and misleading in that they: (i) falsely represented that STEC would experience continued growth in sales of ZeusIOPS to EMC similar to a massive contract

---

[1] The amended Prospectus, filed on August 7, 2009, is identical to the original Prospectus in all other relevant respects.

Exhibit 1
12

1  announced just prior to announcing the Offering, while omitting the material fact that the prior
2  contract was merely a "one-off type of a deal" which would not be repeated; (ii) falsely
3  represented that the Company would experience continued growth in its sales of ZeusIOPS to
4  other OEM customers, while omitting, among other material information, that IBM would not
5  begin purchasing for volume production during the second half of 2009 and was not marketing
6  ZeusIOPS as a standard feature in its systems; (iii) falsely represented that there was and would
7  be no competition for STEC's SSDs in the foreseeable future, while omitting the material fact
8  that new competition would be entering the market at the end of 2009 and beginning of 2010;
9  and (iv) incorporated by reference the Company's second quarter 2009 Form 10-Q, filed the
10  same day as the Registration Statement, which falsely reported artificially inflated revenue in
11  violation of Generally Accepted Accounting Principles ("GAAP").

12      6.    Defendants Manouch and Mark Moshayedi completed their sale at $31 per share
13  – nearly *double* STEC's stock price just two months earlier.  Prior to this Offering, they had
14  never previously sold such massive amounts of their STEC stock.  That was the largest insider
15  selling in the history of the Company.

16      7.    As would be revealed through multiple partial disclosures beginning on
17  September 17, 2009, STEC's purported increased revenue was derived from *a single customer,*
18  in a *one-time deal* that – contrary to Defendants' misrepresentations – was not indicative of
19  continuing demand for STEC's products.  Following each of these announcements, STEC's stock
20  price plummeted.

21      8.    As illustrated below, while STEC's stock price rose in just two months, the top
22  executive officers unloaded their personally held shares near the all-time high, just one month
23  before the truth began to emerge:

24
25
26
27
28

COMPLAINT

Exhibit 1
13

## II.   JURISDICTION AND VENUE

9.     The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l(a)(2) and 77o. This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v, which explicitly states, "[e]xcept as provided in Section 16(c) [15 U.S.C. § 77p(c)], no case arising under this Act and brought in any State court of competent jurisdiction shall be removed to any court of the United States." Section 16(c) of the Securities Act refers to "covered class actions." This action asserts claims under the Securities Act and is not a "covered class action" within the meaning of Section 16(c), and therefore, pursuant to Section 22(a) of the Securities Act, this action is not removable.

10.     Each Defendant has sufficient contacts with California, or otherwise purposefully avails itself of benefits from California or has property in California so as to render the exercise of jurisdiction over each by the California courts consistent with traditional notions of fair play and substantial justice.

11.     The amount in controversy exceeds the jurisdictional minimum of this Court, and the total amount of damages sought exceeds $25,000.

12.     Venue is proper in this Court pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v. Defendant STEC maintains its principal place of business within this County, the

-4-                                                    COMPLAINT

Exhibit 1
14

1   individual defendants conduct business in this County, and many of the acts giving rise to the

2   violations alleged herein, including, presumably, the preparation and dissemination of the

3   Registration Statement and Prospectus, occurred in this County.

4   **III.   THE PARTIES**

5      **A.   Plaintiff**

6      13.   Plaintiff West Virginia Laborers' Pension Trust Fund ("West Virginia") is a Taft-

7   Hartley pension fund.   West Virginia administers pension and health care benefits to

8   approximately 4,000 laborer participants and their respective families.   West Virginia purchased

9   STEC common stock in the Offering pursuant to the Registration Statement and Prospectus and

10  suffered substantial damages as a result of the false statements contained therein.

11     **B.   Defendants**

12        **1.   The Issuer Defendant**

13     14.   Defendant STEC is a California corporation with its principal place of business

14  located at 3001 Daimler Street, Santa Ana, California.   During the time of the Offering and all

15  relevant time alleged herein, the Company traded in an efficient market on the NASDAQ under

16  the ticker symbol "STEC." As of February 23, 2010, the Company had nearly 50 million shares

17  issued and outstanding.

18     15.   Defendants Manouch and Mark Moshayedi, and their brother, Masoud "Mike"

19  Moshayedi ("Mike Moshayedi"), founded STEC, then named Simple Technology, Inc., in 1990.

20  The Company rapidly grew through acquisitions and expansions both domestically and abroad.

21  In September 2000, the Company went public.   In 2007, STEC divested its Consumer Division,

22  and introduced its high-end, flagship product, the ZeusIOPS.

23        **2.   The Officer Defendants**

24     16.   Defendant Manouch Moshayedi, co-founder of STEC, is, and at all relevant times

25  was, Chairman of the Board and CEO of STEC.   Defendant Manouch Moshayedi signed the

26  documents in connection with the Offering, including the Company's August 2009 Registration

27  Statement on Form S-3.   Manouch Moshayedi sold 4.1 million shares of his personally held

28  STEC common stock for $133,920,000 in the Offering.

Exhibit 1
15

17.  Defendant Mehrdad "Mark" Moshayedi, is, and at all relevant times was, President, COO, CTO, Secretary and a Director of STEC. Defendant Mark Moshayedi signed the Company's August 2009 Registration Statement.  Defendant Mark Moshayedi sold 4.9 million shares of his personally held STEC stock for $133,920,000 in the Offering.

18.  Defendant Raymond D. Cook ("Cook") is, and at all relevant times was, the CFO and Principal Accounting Officer of the Company.  Defendant Cook signed the Company's August 2009 Registration Statement.

19.  As officers and controlling persons of a publicly held company whose common stock was, and is, registered with the SEC and traded on NASDAQ, Defendants Manouch Moshayedi, Mark Moshayedi, and Cook (collectively, the "Officer Defendants") each possessed the power and authority to control the contents of the Registration Statement and Prospectus, and had a duty to disseminate accurate information.

### 3.  The Director Defendant

20.  Rajat Bahri ("Bahri") was, at all relevant times, a member of STEC's Board of Directors, and Chair of the Board's Audit Committee.  Bahri signed the Company's August 2009 Registration Statement.

21.  STEC's Board of Directors (the "Board") has determined that Bahri is an "audit committee financial expert," as that term is defined in Item 407(d)(5) of Regulation S-K, which means that the Company's Board determined that Bahri has the following attributes:

      (a)  An understanding of generally accepted accounting principles and financial statements;

      (b)  The ability to assess the general application of such principles in connection with the accounting for estimates, accruals and reserves;

      (c)  Experience preparing, auditing, analyzing or evaluating financial statements that present a breadth and level of complexity of accounting issues that are generally comparable to the breadth and complexity of issues that can reasonably be expected to be raised by the registrant's

Exhibit 1
16

financial statements, or experience actively supervising one or more persons engaged in such activities;

(d)   An understanding of internal control over financial reporting; and

(e)   An understanding of audit committee functions.

**4.   The Underwriter Defendants**

22.   Defendant Barclays Capital Inc. ("Barclays Capital") is an investment bank that acted as an underwriter with respect to STEC common stock sold in the Offering.  Barclays Capital's headquarters are located at 745 Seventh Avenue, New York, New York 10019.

23.   Defendant Deutsche Bank Securities, Inc. ("Deutsche Bank Securities") is an investment bank that acted as an underwriter with respect to STEC common stock sold in the Offering.  Deutsche Bank Securities' headquarters are located at 60 Wall Street, New York, New York 10005.

24.   Defendant J.P. Morgan Securities, Inc. ("J.P. Morgan Securities") is an investment bank that acted as an underwriter with respect to STEC common stock sold in the Offering.  J.P. Morgan Securities' headquarters are located at 277 Park Avenue, New York, New York 10172.

25.   Defendant Oppenheimer & Co., Inc. ("Oppenheimer") is an investment bank that acted as an underwriter with respect to STEC common stock sold in the Offering.  Oppenheimer's headquarters are located at 125 Broad Street, New York, New York 10004.

26.   The Defendants described in paragraphs 22-25 are referred to collectively herein as the "Underwriter Defendants."  The Underwriter Defendants acted as underwriters of the Offering and distributed at least nine million shares of STEC common stock to investors.  The distribution of shares to the underwriters (excluding the 1,350,000 shares over-subscription allotment) was:

| Name | Number of Shares |
| --- | --- |
| J.P. Morgan Securities | 2,925,000 |
| Deutsche Bank Securities | 2,925,000 |
| Barclays Capital | 1,800,000 |
| Oppenheimer | 1,350,000 |

COMPLAINT

Exhibit 1
17

27.     In connection with the Offering, the Underwriter Defendants were granted an option for a period of thirty days to purchase up to an additional 1,350,000 shares to cover overallotments.

28.     The Underwriter Defendants received an underwriting discount of at least $11.16 million, indirectly paid by Plaintiff and other Class Members who purchased STEC common stock in the Offering.

29.     The Underwriter Defendants failed to conduct an adequate due diligence investigation, which was a substantial contributing factor leading to the harm complained of herein.

## IV.   BACKGROUND

30.     STEC, then named Simple Technology, Inc. ("SimpleTech"), was founded in 1990 by Manouch Moshayedi and his brother, Mike Moshayedi. At that time, they introduced a line of memory products for PCs, notebooks, servers, printers and devices.

31.     Throughout the 1990s, the Company grew rapidly, expanding its manufacturing facilities, acquiring a Flash controller design team from Cirrus Logic, establishing an OEM Sales Division, acquiring Kelly Microsystems and Silicon Tech, and opening European offices. In 1995, the Company was recognized on the Inc. 500 List as one of the fifty fastest-growing businesses in the United States. The Company completed its initial public offering in September 2000, trading on the NASDAQ under the ticker symbol STEC.

32.     As the Company continued to expand through acquisitions, in 2005, it introduced its high-end Zeus SSD product. Two years later, STEC introduced its flagship product, the ZeusIOPS SSD, with Enterprise grade storage systems.

33.     On January 14, 2008, STEC announced that, after a year of "collaborative effort" between STEC and EMC Corporation ("EMC," described by *The Wall Street Journal* as "the market-share leader in big computer storage systems"), EMC had "selected Zeus-IOPS" for "deployment" in certain "high-end networked storage systems." STEC stated "[t]his union signifies the first adoption of our Zeus-IOPS SSDs in the enterprise storage and enterprise computing markets."

Exhibit 1
18

34.     Two months later, on March 5, 2008, during the year-end earnings conference call for 2007, a STEC spokesperson stated that "[w]e expect production levels to ramp for [EMC] in future quarters."

35.     Another two quarters later, in its 2008 third quarter 10-Q, STEC reported that ZeusIOPS had been "qualified" for use on the platforms of "one of the largest Enterprise Storage and Server OEMs."   During STEC's 2008 third quarter earnings conference call Manouch Moshayedi stated that sales of ZeusIOPS during the first three quarters of 2008 had already grown substantially compared to sales during 2007, "[a]nd this 2008 was just a sampling of what we can do in that type of product [because] [w]e haven't yet gone into major production of this product line.  Once we do, I think the numbers will be significantly higher than what we are doing today based on just eval[uations] and samples."

36.     Another two quarters later, during STEC's 2009 first quarter conference call, Manouch Moshayedi stated that ZeusIOPS was now qualified at all five of the largest enterprise storage OEMs, and indicated that EMC was now in "full production" of systems incorporating ZeusIOPS.

37.     One quarter after that, during STEC's 2009 second quarter earnings conference call, Manouch Moshayedi described EMC as being in "full ramping production," and added that once the other four OEMs – described by Manouch as being in "pre production" – "start kicking in you will see huge ramps in sales of ZeusIOPS going forward."

38.     According to STEC, although the volume of a given OEM's purchases of ZeusIOPS would increase by quantum leaps as the customer passed from pre qualification, to pre production, to volume production, an OEM's purchases could increase – although more gradually – at other times as well, because, as stated in STEC's 2008 Form 10-K, "the SSD market will continue to expand over the next few years, aided by the continuation of the decline

COMPLAINT

Exhibit 1
19

in Flash component pricing," and because the continuous development of new applications for SSDs would increase the variety of possible OEM systems and interested end users.[2]

39.     Thus, as early as during a May 14, 2007, earnings conference call, Manouch noted that one ZeusIOPS customer that was still in the qualification stage "wants a much larger volume for qualification across their platforms," and that "customers like that will pick up significantly."

40.     Thus too, according to STEC, the achievement of volume production by a specific OEM did not mean the end of the growth in the volume of its purchases from STEC, because the volume of its requirements was likely to *continue* growing as ZeusIOPS was integrated into more and more of the OEM's systems for sale to an increasing variety of end users – which is why, on August 3, 2009, during the second quarter earnings conference call, Manouch Moshayedi interchangeably used the terms "full production" and "full ramping production."

41.     In sum, STEC made clear to investors that in the ordinary course of its ZeusIOPS business, total sales of ZeusIOPS were likely to grow over time, and, not only were sales of ZeusIOPS to any given customer likely to grow over time, but also, they were likely to exhibit great spurts of growth as the customer transitioned from one phase of purchasing to the next.

42.     As reported by STEC during its quarterly earnings conference calls, from the time of STEC's first collaborative efforts with EMC during 2007 to create EMC systems incorporating ZeusIOPS, through the second quarter of 2009 when EMC achieved "full ramping production" of such systems, STEC's revenues from ZeusIOPS sales increased from quarter to

---

[2] During the May 14, 2007, earnings conference call, Manouch Moshayedi noted that "everybody in every industry that we are seeing, small or large products that they build, they are now trying to integrate Flash into it." As explained by *The Wall Street Journal* on January 14, 2008, EMC originally expected that its systems incorporating ZeusIOPS would only be purchased by financial institutions needing to "handle hundreds of transactions a second," and, during STEC's 2008 first quarter conference call, Manouch Moshayedi stated that systems incorporating ZeusIOPS had not yet been sent by the OEMs "to anybody else besides the financial institutions." However, Manouch immediately added, "I think as we go forward during the year[,] in the second half of the year, we will see more and more applications coming up."

Exhibit 1
20

quarter, and year to year by dramatic amounts. These reported results appeared to confirm the scenario depicted by STEC of steadily increasing total ZeusIOPS sales, driven by the transitioning of purchasers − up to this point, especially EMC − from pre qualification, to pre production, to volume production of systems incorporating ZeusIOPS.

43.     For the year 2007 − the year when STEC reportedly began its collaboration with EMC − STEC reported ZeusIOPS revenues of $11 million, with just the last quarter of 2007 accounting for $7 million of that total.

44.     For the next year − 2008 − STEC reported ZeusIOPS revenues of $52.7 million − making for a year-over-year increase of almost 400%. During the year 2008 earnings conference call, Manouch Moshayedi stated that "[o]ur ZeusIOPS business is growing through the roof."

45.     Also during the year 2008 earnings conference call, Manouch predicted that STEC's ZeusIOPS revenues for just the *first half* of 2009 would match STEC's ZeusIOPS revenues for the entire year 2008. An analyst for Capstone Investments commented that "STEC's guidance [for the first half of 2009] should be viewed as nothing short of spectacular."

46.     Halfway through 2009, STEC reported ZeusIOPS revenues of $57.7 million for just the second quarter alone − exceeding in that one quarter the total ZeusIOPS revenues reported for the entire previous year − and reported even larger ZeusIOPS revenues − $83.4 million − for the first *half* of 2009.

47.     These remarkable reported increases in ZeusIOPS revenues were driven by remarkable reported increases in ZeusIOPS sales to EMC. Thus, during the first quarter of 2009, reported ZeusIOPS sales to EMC totaled $7.55 million; while during the second quarter of 2009, reported ZeusIOPS sales to EMC totaled $33.6 million − an increase of more than 300%.[3]

---

[3] The amounts of EMC's ZeusIOPS purchases here alleged are derived from the following facts: During the 2009 third quarter earnings conference call, Manouch Moshayedi affirmed an analyst's suggestion that EMC had purchased "$35 million" of ZeusIOPS during the 2009 *second* quarter. However, that number can be made more precise: According to STEC's Form 424B3 filed on August 3, 2009, EMC's *total* purchases from STEC during the 2009 second

Exhibit 1
21

48.     On July 16, 2009, early in the third quarter, STEC issued a press release announcing an agreement with "one of its largest enterprise storage customers" – later revealed to be EMC – to purchase $120 million worth of ZeusIOPS SSDs *the second half of 2009*" (the "EMC Agreement").

49.     The EMC Agreement provided for average quarterly purchases of $60 million of ZeusIOPS by EMC during each of the quarters in the second half of 2009.  Compared to EMC's ZeusIOPS purchases during the 2009 second quarter – approximately $33.7 million – the EMC Agreement provided for an increase in average quarterly purchases of 78%.  Although this represented a significant quarterly increase over the already high level of EMC's purchases during the 2009 second quarter, it was consistent with the scenario of increasing ZeusIOPS sales to a customer in full production, and was actually a much smaller percentage increase than already had happened in the 2009 second quarter, when EMC's ZeusIOPS purchases had increased by 300%.

50.     Significantly, STEC's July 16 press release communicated that the increased size of the average quarterly purchases promised by EMC under the EMC Agreement resulted not from any extraordinary circumstances or terms of the contract, but, rather, from the asserted fact that "sales of [EMC's] enterprise storage systems utilizing our ZeusIOPS drives *have grown significantly.*"

---

quarter accounted for 38.9% of STEC's *total* revenues for that quarter.  Because STEC's 2009 second quarter reported revenue was $86.4 million, the precise amount of EMC's 2009 second quarter purchases of ZeusIOPS cannot have been more than $33.7 million.  Manouch's statement demonstrates that, during this period, essentially *all* of EMC's purchases from STEC were for ZeusIOPS.  The amount of EMC's purchases of ZeusIOPS during the 2009 *first* quarter can be derived by subtracting the amount of EMC's purchases from STEC during the 2009 second quarter from the amount of EMC's purchases from STEC during the entire first half of 2009.  EMC's purchases from STEC during the entire first half of 2009, can, in turn, be derived from the fact that, according to STEC's 2009 second quarter 10-Q, EMC accounted for 27.5% of STEC's total revenues during the first half of 2009.  STEC's reported revenues during the first half of 2009 totaled $149.9 million.

COMPLAINT

Exhibit 1
22

**A.   Defendants Manouch And Mark
        Moshayedi Engaged In Massive Insider Selling**

51.     After falsely fueling an extraordinary rise in the price of STEC stock from $4 per share in December 2008 to the Offering price of $31 per share – an increase of over 700% – Defendants Manouch and Mark Moshayedi timely unloaded nine million of their own STEC shares.   Specifically, on August 3, 2009, Defendants announced that they would conduct a "secondary offering" of at least 7.5 million shares, all for the personal profit of Defendants Manouch and Mark Moshayedi, with no proceeds going to the Company.

52.     With this announcement, Defendants also announced that Defendants Manouch and Mark Moshayedi had cancelled their 10b5-1 trading plans which they had adopted just two months earlier.   The 10b5-1 trading plan program enables insiders to set predetermined contractual sales of stock in advance regardless of the knowledge of material information.

53.     Just three days after announcing the Offering, STEC announced on August 6, 2009, the price of the Offering, $31 per share.   STEC also announced that the amount of the Offering would be raised to nine million shares.

54.     Manouch and Mark Moshayedi sold their nine million shares of STEC stock in the Offering pursuant to the false and misleading Registration Statement and Prospectus on August 11, 2009, *reaping $267.8 million in a single day.*   These sales dramatically reduced the Moshayedis' insider holdings in STEC.   On that day, the Moshayedis went from collectively owning 35.5% of the Company's stock, down to owning just 17.4%.   Defendant Manouch Moshayedi reduced his STEC holdings from 14.8% of the Company to 6.5% and Defendant Mark Moshayedi reduced his STEC holdings from 20.7% to 10.9%.   This was by far the historically largest sale of their personally held STEC stock.

**B.    The Aftermath**

55.     As detailed below, only after the Moshayedi brothers reaped the benefits of the artificially inflated stock price by selling their stock at unprecedented high prices, did the truth about STEC's business and operations begin to be revealed.   The Company eventually admitted that, contrary to Defendants' prior representations that the $120 million EMC deal was indicative

Exhibit 1
23

1    of future Zeus revenue growth, it was merely a one-time deal for excess inventory with a single

2    customer, and there were no prospects for a future commitment from EMC.

3         56.     EMC, itself, later openly stated to analysts that the order to STEC intentionally

4    included excess inventory, not just for 2009, but also into 2010. For example, EMC explained

5    during its January 26, 2010 earnings conference call that "[w]e have good relationships with all

6    of our suppliers," and the order with STEC for excess inventory "was designed to protect

7    ourselves going into first quarter against what we knew would be a tight supply environment."

8    **V.     FALSE AND MISLEADING STATEMENTS AND OMISSIONS**
9    **       IN THE REGISTRATION STATEMENT AND PROSPECTUS**

10        57.     As alleged herein, the Registration Statement and Prospectus contained false and

11    misleading statements, and also omitted material information necessary to make the statements

12    made therein not misleading.

13        58.     On August 3, 2009, pursuant to Form S-3ASR, STEC filed a Registration

14    Statement with the SEC for the Offering of the Moshayedis' personally held shares of STEC.

15    The Registration Statement was signed by Defendants Manouch Moshayedi, Mark Moshayedi,

16    Cook, and Bahri.

17        59.     The Company filed a Prospectus for the Offering with the SEC on August 7,

18    2009, which was incorporated into the Registration Statement filed on August 3, 2009. The

19    Prospectus also incorporated by reference the Company's Form 10-Q for second quarter 2009, in

20    addition to other SEC filings.

21        60.     The Prospectus contained, *inter alia*, the following materially false and

22    misleading statement:

23          We expect continued growth in the sales of our Flash-based SSD ZeusIOPS
          products through 2009 based on the accelerated adoption of our ZeusIOPS SSDs
24          by most of our major enterprise-storage and enterprise-server OEM customers
          ["Other OEMs"] into their systems. As part of this expected growth, on July 16,
25          2009 we announced an agreement with one of our largest enterprise-storage
          customers for sales of $120 million of ZeusIOPS SSDs to be delivered in the
26          second half of 2009.

27        61.     The Prospectus Supplement also stated that STEC "expect[s] sales to EMC will

28    represent a significant percentage of [STEC's] total revenues for the foreseeable future."

62.     The foregoing statements in paragraphs 60 and 61 contained false and/or misleading statements or material omission regarding EMC. Specifically, the EMC Agreement provided for average quarterly purchases of $60 million of ZeusIOPS by EMC during each of the quarters in the second half of 2009. Compared to EMC's ZeusIOPS purchases during the 2009 second quarter − approximately $33.7 million − the EMC Agreement provided for an increase in average quarterly purchases of 78%. Although this represented a significant quarterly increase over the already high level of EMC's purchases during the 2009 second quarter, it was consistent with the scenario of increasing ZeusIOPS sales to a customer in full production, and was actually a much smaller percentage increase than already had happened in the 2009 second quarter, when EMC's ZeusIOPS purchases had increased by 300%.

63.     The above passage communicated that the increased size of the average quarterly purchases promised by EMC under the EMC Agreement resulted not from any extraordinary circumstances or terms of the contract, but, rather, from the asserted fact that the Company expected "continued growth" in its sales of ZeusIOPS.

64.     The market understood STEC's announcement as meaning that the EMC Agreement was a contract signed in the ordinary course of STEC's business, that the size of the contract had been determined solely by a rise in the volume of EMC's recurring demand for ZeusIOPS, and that, going forward, EMC would be purchasing roughly $60 million of ZeusIOPS every quarter. Indeed, when the EMC Agreement was first announced, an Oppenheimer analyst report stated:

> STEC brought out the big gun today (checks suggest EMC), and announced a $120M ZeusIOPS contract for 2H. Relative to our prior model [for 2H] that included [a] $60-$70M contribution from EMC, this news raises our model by $50M. *Looking ahead to '10, we now expect rev from EMC alone of >$250M.* (Emphasis added.)

65.     In other words, based on STEC's press release, Oppenheimer was now predicting that, in the next year − 2010 − EMC would purchase a bit more than $60 million of ZeusIOPS *in each of the four quarters*.

66.     Not only did Oppenheimer understand STEC to be saying that the level of EMC's purchases would continue at $60 million per quarter, but also, Oppenheimer believed that such

COMPLAINT

Exhibit 1
25

purchases would be made under subsequent contracts similar to the EMC Agreement.  Thus, the Oppenheimer report stated that "[we] believe/suspect that a similar supply contract with EMC for all of '10 must be in the works."

67.     As   detailed   below,   three   months   after   the   Offering,   however,   on November 3, 2009, during STEC's 2009 third quarter earnings conference call, Manouch Moshayedi finally admitted that, contrary to the statements in the Registration Statement and Prospectus, *"when we did sign the [EMC Agreement], we did – this was a one-off type of a deal"* and added that *"I don't think we're going to be asking our customer for another commitment."   Manouch further admitted that "[EMC] might carry inventory of our ZeusIOPS at the end of 2009 which they will use in 2010."*  (Emphasis added.)

68.     The statement alleged above in paragraph 60 was also a false statement regarding sales to the Other OEMS.  Specifically, ZeusIOPS purchases by the Other OEMS during the second half of 2009 dramatically decreased, from $42.2 million in the first half of 2009, to only $14.7 million in the second half of 2009.[4]

69.     The following table shows, for each quarter of 2009, (1) total sales of ZeusIOPS; (2) sales of ZeusIOPS to EMC; and (3) sales of ZeusIOPS to the Other OEMS:

|                                         | Q1 2009        | Q2 2009        | Q3 2009        | Q4 2009        |
| --------------------------------------- | -------------- | -------------- | -------------- | -------------- |
| Total ZeusIOPS Revenues                 | $25.7 million  | $57.7 million  | $60.7 million  | $74.0 million  |
| EMC's ZeusIOPS Purchases                | $7.6 million   | $33.6 million  | $54.0 million  | $66.0 million  |
| **The Other OEMs' ZeusIOPS Purchases**  | **$18.1 million** | **$24.1 million** | **$6.7 million** | **$8.0 million** |

70.     Furthermore, based on information from STEC's quarterly reports for the 2009 second, third and fourth quarters, the following chart shows both the amount of inventory

---

[4]  The amount of ZeusIOPS purchases by other OEMs is calculated by subtracting the amount of ZeusIOPS purchases by EMC from the total amount of STEC's ZeusIOPS revenues.  The total amount of STEC's quarterly ZeusIOPS revenues was disclosed during STEC's quarterly earnings conference calls.

Exhibit 1
26

ordered in a given quarter for future use, and the amount of inventory actually used in a given quarter to support the sales made in that quarter. The amount of inventory ordered for future use is the amount of "non-cancellable inventory purchase commitments." The amount of inventory actually used in a given quarter to support the sales made in that quarter is, essentially, the "cost of revenues" for that particular quarter.

**STEC Revenues and Inventory**

| Reporting Period | 2Q2009 | 3Q2009 | 4Q2009 |
|---|---|---|---|
| Net revenues | $86,350,000 | $98,293,000 | $106,004,000 |
| Cost of revenues | $43,177,000 | $49,478,000 | $52,078,000 |
| Non-cancelable inventory purchase commitments | $103,222,000 | $6,859,000 | $14,177,000 |
| Inventory | $37,656,000 | $35,555,000 | $42,739,000 |

71.     As shown in the preceding chart, the cost of STEC's revenues, *i.e.,* the amount of inventory actually used by STEC in order to make its sales – in the third and fourth quarters of 2009 was, in turn, $49.5 million and $52 million. Therefore, for the entire second half of 2009, STEC's cost of revenues was $101.5 million.

72.     As also shown in the preceding chart, the non-cancelable inventory purchase commitments made by STEC in advance of the second half of 2009, during the second quarter of 2009, was $103 million, almost exactly equal to the cost of the total sales that STEC actually made during the second half of 2009.

73.     Moreover, during the 2009 third quarter, STEC's non-cancelable inventory purchase commitments were a *de minimis* $6.9 million – which was just enough to bring STEC's total inventory on hand at the end of 2009 to $42.7 million, almost exactly equal to the $40 million goal announced by Manouch Moshayedi during the 2009 first quarter earnings conference call.

74.     If, in August, when they filed the false and misleading Registration Statement and Prospectus, the Company had expected ZeusIOPS sales to the Other OEMs to increase during the second half of 2009, it would have ordered inventory sufficient to support such increased sales. Instead, whereas the Registration Statement and Prospectus stated that sales to the Other

Exhibit 1
27

1  OEMs would increase, the Company was ordering just enough inventory to provide for sales of

2  ZeusIOPS to the Other OEMs that would drop by more than $27 million during the second half

3  of 2009, as compared to the first half of 2009.

4      75.    The Registration Statement and Prospectus also omitted the material fact that

5  IBM would not begin purchasing for volume production during the second half of 2009, and was

6  not marketing ZeusIOPS as a standard feature in its systems.    Indeed, in STEC's later

7  November 3, 2009 third quarter earnings conference call, Manouch Moshayedi admitted that

8  IBM's purchases of ZeusIOPS "dropped off significantly in the third quarter" and that Sun

9  Microsystem's purchases of ZeuIOPS were below "normal volumes." When asked by an analyst

10  why IBM's ZeusIOPS "ramp is slow," Manouch Moshayedi disclosed for the first time that IBM

11  was only "selling SSDs as an option" rather than as a standard part of the IBM system.  Manouch

12  Moshayedi stated: "Selling SSDs as an option versus as part of the product is quite difficult. . . .

13  If you're going out there and SSD is the first thing that you are offering your customer in terms

14  of an upgrade for your system, that might change their mind." The Registration Statement and

15  Prospectus failed to disclose that sales to IBM were actually expected to drop during the 2009

16  third quarter, and that IBM was not expected to reach full production at any time within the

17  second half of 2009.   The materiality of this omission is further demonstrated by the fact that,

18  subsequent to STEC's issuance of the Prospectus, on September 9, 2009, a J.P. Morgan analyst

19  report discussing STEC's ZeusIOPs customers stated that "we look for IBM to ramp to volume

20  in 2H 2009."

21      76.    The Prospectus also included the following false and misleading representations

22  that it would be difficult for competitors to catch up with STEC:

23      We believe that we are a technology leader in solid-state storage due to our nearly
        20 years of focus on advanced memory solutions.  Throughout our history, we
24      have delivered advanced memory and storage solutions to a wide range of
        customers in various market segments, and we continue to develop products to
25      meet the need of enterprises to constantly improve the retention of, and access to,
        critical data at high performance levels.
26
        **Our solutions**
27
        The key features of our products include:
28

-18-                                                    COMPLAINT

Exhibit 1
28

- *Proprietary controller IC technology.* In order to be first-to-market with innovative storage technologies, we design the fundamental logic for our SSD products. The controllers within our various SSD products are the key to enabling high levels of performance and reliability.

- *High degree of customization.* Products sold to our customers are typically customized by our design and engineering teams to meet our customers' specific design requirements.

\* \* \*

- *High reliability.* Our products are built utilizing sophisticated error detection and correction processes to provide high data reliability and integrity. In addition, our products are designed to withstand high levels of shock and vibration as well as extreme temperature fluctuations.

77. These statements were materially false and misleading when made. STEC's products did not have "high levels of performance and reliability" or "meet . . . customers' specific design requirements." In truth, Defendants negligently disregarded that competition would likely enter the market within the next six months. For example, Defendants negligently disregarded that STEC's competitor, Pliant Technology ("Pliant"), had begun sampling an enterprise SSD with customers and expected an initial qualification in the fourth quarter. They also negligently disregarded that other competitors, such as Hitachi, were on track to qualify its SSD in early 2010. Defendants negligently disregarded this and other information showing actual competition at least as early as July 2, 2009, when an industry-specific website, Enterprise Storage Forum, published an article entitled "Solid State Drive Developers Try To Catch STEC."

78. Defendants also negligently disregarded that STEC faced the risk that its customers would seek new vendors to develop and qualify better products, and not continue its relationship with STEC if it continued to send non-existing, faulty, untested, refurbished, and/or damaged products as new; fail to deliver promised product features; lied to customers; and continued to be unable to integrate its products with its key OEMs or generate sufficient demand from end-user customers.

79. Indeed, Defendant Manouch Moshayedi later admitted in a September 21, 2009 interview (after the Moshayedis had unloaded their stock), STEC "never expected to be a single source in this market forever," and Defendants knew that "[i]t's perfectly inevitable that people will have second or third qualified vendors in this market."

COMPLAINT

Exhibit 1
29

80.     Defendants' August 3, 2009 statements and omissions regarding competition were also materially false and misleading because Defendants failed to disclose the significant negative financial impact that STEC would face once competitors entered the market.  While STEC was oversupplying its largest customer, EMC, other customers were having trouble integrating STEC products and routinely rejecting faulty products. As new competition would be entering the market at the end of 2009 and beginning of 2010, STEC's largest customer would have no need for its products, while other customers would lack desire for its products.

81.     The Registration Statement and Prospectus also incorporated by reference STEC's second quarter Form 10-Q filed on August 3, 2009.  Item 601(b)(10) of Reg. S-K (17 C.F.R. § 229.601(b)(10)(i)) requires filing with a Form 10-Q "[e]very contract not made in the ordinary course of business which is material to the registrant and is to be performed in whole or in part at or after the filing of the [10-Q] or was entered into not more than two years before such filing." The same filing requirement applies to "[a]ny contract upon which the registrant's business is substantially dependent." 17 C.F.R. § 229.601(b)(10)(ii)(B).

82.     The EMC Agreement was a "one-off" contract not made in the ordinary course of STEC's business, executed during STEC's 2009 second quarter, and to be performed after the filing of STEC's 2009 second quarter Form 10-Q.  STEC's business was substantially dependent on the EMC Agreement, as shown by the collapse of STEC's revenues in the quarter following the end of the EMC Agreement.  Defendants omitted to file the EMC Agreement with STEC's 2009 second quarter Form 10-Q – or at any time thereafter – thereby violating Reg. S-K.  As a matter of law, every violation of Reg. S-K is presumed to be a material violation of Section 11 of the Securities Act.

83.     Additionally, Defendants' failure to file the EMC Agreement with STEC's 2009 second quarter Form 10-Q communicated to investors that the EMC Agreement was made in the ordinary course of STEC's business. This omission was materially misleading.

84.     Defendants' failure to file the EMC Agreement with STEC's 2009 second quarter 10-Q also communicated to investors that STEC's business was not substantially dependent on the EMC Agreement. This omission also was materially misleading.

Exhibit 1
30

85.     As established by Item 303(b) of Reg. S-K, Item 303 sets forth the requirements for "management's discussion and analysis ["MD&A"] of financial condition and results of operations" in Forms 10-Q.   Item 303(a)(3)(ii) of Reg. S-K, 17 C.F.R. § 229.303(a)(3)(ii) requires the registrant to "[d]escribe any known trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on sales or revenues or income from continuing operations."

86.     The Form 10-Q contains the exact same language that appeared in the Prospectus, quoted in paragraph 60, *supra*. This statement communicated, among other things, that the EMC Agreement established a new trend in the level of the recurring volume of purchases by EMC. Therefore, STEC was required by Item 303 to disclose in the MD&A that, going forward, EMC was not expected to make a similar volume of purchases every six months.  STEC's omission to make any such disclosure in the MD&A violated Reg. S-K and is a material omission under the Securities Act.

87.     Furthermore, STEC's second quarter 2009 Form 10-Q (incorporated by reference in the Registration Statement and Prospectus) stated the following:

> Our products are designed specifically for storage systems and servers that run applications requiring a high level of input/output operations per second, or IOPs, performance, capacity, reliability and a low amount of latency. . . .

88.     The foregoing statements trumpeting the quality and reliability of STEC's products were materially false and misleading when made because, as detailed herein, Zeus was not an "enterprise-optimized storage device with an unprecedented combination of performance and energy efficiency" nor was it "reliab[le]."  In truth, Defendants negligently disregarded that STEC's customers had trouble integrating Zeus with their systems. Moreover, STEC's products, including Zeus, had material problems including, *inter alia*, unusually high failure rates, bugs, software issues, hardware wear leveling, thermal problems, poor coding, problems with the controllers, and battery problems.

89.     The second quarter Form 10-Q, incorporated by reference in the Registration Statement and Prospectus, reported revenue of $86.4 million for the second quarter.  This statement of reported revenue was also false and contained misleading material omissions

Exhibit 1
31

1   because the Company took steps to artificially generate $14 million worth of unearned income

2   and undisclosed channel stuffing in violation of GAAP by manipulating STEC's second quarter

3   deliveries to the Other OEMs, and manipulating the accounting for those deliveries.   Indeed,

4   subsequent to the 2009 second quarter, revenue from the Other OEMs plunged, and it plunged by

5   exactly $14 million – the same amount by which the Company had increased STEC's 2009

6   second quarter guidance.

7   **VI.     THE TRUTH EMERGES**

8           90.     Just one month after the Moshayedis unloaded their stock at an inflated price

9   through the Offering, the truth began to be revealed through a series of partial disclosures.  The

10   stock price immediately plunged following each disclosure and now trades at approximately

11   $17.00 – well below the $31 price at which the Moshayedis unloaded their shares.

12           **A.     The September 17, 2009 Partial Disclosure**

13           91.     The first partial disclosure occurred on September 17, 2009.   On that day,

14   WedBush Morgan published an analyst report on STEC that identified important new adverse

15   information regarding competition for STEC's Zeus, which Defendants had adamantly and

16   repeatedly denied could exist.

17           92.     The report, entitled "Checks Indicate Q3 Beat Likely in Cards; but Expect

18   Changing Competitive Landscape to Pressure Shares Downward," disclosed for the first time

19   that the "competitive landscape" was "intensifying," and that STEC's "'window of opportunity'

20   to maintain a market leadership position and secure design wins at Tier I OEMS in the

21   SATA/SAS SSD enterprise market ahead of the competition may be closing."

22           93.     The report explained in part:

23           Our industry checks indicate that one of STEC's Tier I OEM enterprise customers
            is in final qualification stages with Toshiba for its Single Level Cell (SLC)
24           NAND-based serial attached SCSI (SAS) interface SSD. While we had expected
            STEC's competitors to gain design wins at its OEMs, we believed this would
25           likely not occur until [the first half of 2010].

26           Industry checks lead us to believe a leading Hard Disk Drive (HDD) OEM is
            likely set to introduce a SLC SATA/SAS SSD and possibly a Multi-Level-Cell
27           (MLC) SSD drive in Q4.

28

**Exhibit 1**
**32**

94.    Thus, it was revealed for the first time that, contrary to Defendants' statements (including just a month earlier on the day the Company filed the Registration Statement) that there is not, and would not be in the foreseeable future, any competition for STEC's enterprise-scale products, at least one competitor, Toshiba, was in the process of qualifying a competitive SSD product with one of STEC's top-tier customers.  Wedbush Morgan thus cut its 12-month price target from $45 to $39.

95.    Not only did this report disclose that new competitors were entering the market with products that would threaten STEC's business, but it also revealed that one such competitor, Toshiba, was in the final qualification stage with one of STEC's own customers.  Thus, the market learned that the undisclosed risk, that STEC's bad business practices could result in its own customers seeking other vendors for product development, was beginning to materialize.

96.    In reaction to this news, STEC's stock collapsed $6.37 per share to close at $31.53 per share on September 17, 2009 – a one-day decline of over 16%, on volume of more than 21.3 million shares.

97.    Barron's noted immediately the impact of the new negative information on the stock price.  In a September 17, 2009 article entitled "STEC: New Competition Coming In Enterprise SSDs, Wedbush Says," Barron's reported that "STEC shares are under pressure this morning from a cautious note by Wedbush Morgan analyst Betsy Van Hees."

98.    Defendants quickly responded to counteract this negative news.  Two business days after the Wedbush Morgan report, on September 21, 2009, STEC published a "whitepaper" entitled "STEC Addresses Advantages, Key Differentiators and Competitive Aspects of Enterprise Solid State Drives (SSDs)" and Defendant Manouch Moshayedi conducted an interview in an attempt to reassure investors that STEC did not, in fact, face competition.  During that interview he reassured investors: "You don't snap your fingers and get there.  Just because Pliant announced (a new line of products), doesn't mean competition."

99.    In a September 25, 2009 analyst report, B. Riley & Co. recognized that "investors have sheared nearly 32% off STEC's market cap, spurred by recognition of encroaching competition from both established SSD players and new entrants to the market."  B. Riley & Co.

Exhibit 1
33

1  nevertheless raised STEC to a "Buy," citing STEC's representations that the Company "is

2  shipping enviable volumes of ZeusIOPS drives to EMC, and has yet to see the production ramp

3  from IBM, Hitachi and Sun, let alone newer customers."

4          **B.**    **The November 3, 2009 Partial Disclosure**

5         100.    After the market closed on November 3, 2009, STEC disclosed for the first time

6  that the $120 million EMC deal that Defendants announced just four months earlier had supplied

7  EMC with excess inventory into first quarter 2010. Defendants also disclosed that the EMC deal

8  was only a one-time deal, and, contrary to the Company's prior representations, was not

9  indicative of strong demand and future revenue growth for STEC SSDs. STEC's press release

10  quoted Defendant Manouch Moshayedi, in part:

11         One of our customers entered into a $120 million supply agreement with us for
       shipments covering the second half of 2009. We recently received preliminary

12         indications that our customer might carry inventory of our ZeusIOPS at the end
       of 2009 which they will use in 2010.

13

14         101.    During the related November 3, 2009 analyst conference call, Defendant

15  Manouch Moshayedi was asked by an analyst: "With the supply agreement, I guess even when

16  the inventory eventually runs out, do you expect to have the supply agreement renewed?"

17  Manouch Moshayedi responded:

18         It is possible. It depends on where we are at that point in terms of the whole
       supply that's out there. . . . I don't think that we need at this point to sign another

19         supply agreement with a customer who is buying exclusively from us and doing
       everything that they can to promote our SSDs. *So when we did sign the last*

20         *supply agreement, we did – this was a one-off type of a deal.* It was a very big
       deal for us and we had to go buy the products. Once we bought the products and

21         we've got chips coming into us, and since the rest of the customers haven't
       picked up yet, I don't think we're going to be asking our customer for another

22         commitment on – I don't think we are going to need a commitment. (Emphasis
       added.)

23

24         102.    This was the first time that STEC had acknowledged that, contrary to the

25  Company's prior statements, including in the Registration Statement and Prospectus, that the

26  $120 million EMC deal was for third and fourth quarter 2009, it had supplied EMC with

27  inventory into first quarter 2010. Likewise, it was the first time that STEC had acknowledged

28  that, contrary to STEC's prior statements that the $120 million EMC deal was indicative of

future revenue from STEC's SSDs (and analysts' echoing of Defendants' statements, such as the October 28, 2009 statement by Rothman Research just days earlier that the agreement "is a further indication of future SSD growth and customers' acceptance of SSDs into this growing market"), the EMC deal was *not* indicative of future SSD growth, but rather was a "*one-off type of deal,*" *i.e.,* a one-time deal, with no commitment for future deals.

103.    Manouch Moshayedi also indicated during the related November 3, 2009 analyst conference call that sales of the Zeus line in the latest quarter were $60.7 million, below previous guidance of $67 million to $68 million.  He also indicated that sales of Zeus to IBM had also been disappointing because "IBM has not found a way of going and implementing SSDs into the market yet," and that demand from Sun Microsystems also is "a little bit slow for us."

104.    Several analysts took note of the Company's "changed" visibility.  For example, during the conference call, analyst Jeffrey Schreiner ("Schreiner") questioned the accuracy of the Company's prior statements that there was no real competitive threat.  Mr. Schreiner also noted that "Your visibility seems to have changed.  I don't want to, I guess, use any adjectives.  Let's just say it's changed, but when do you believe the prior visibility returns?"

105.    Another analyst, Kevin Vassily ("Vassily"), questioned why Defendants Manouch and Mark Moshayedi had sold a majority of their position in STEC stock at just the right time.  Mr. Vassily also questioned whether the Company had any knowledge then that EMC was not pushing through as much inventory as STEC might have thought.  Rather than respond to the analyst's question of whether *he* had any knowledge regarding EMC's build-up of inventory at the time of his insider sales, Defendant Manouch Moshayedi responded only that, at the time the Moshayedis sold their stock, EMC had just placed that purchase order, "so I don't think at that time that they knew that three months down the road, their sales flow wasn't going to be as good as they had thought."  He further explained – while avoiding a response to the question of whether he had any knowledge of the excess inventory – that "[t]he reason why they put that sale, that PO in place was to make sure that they have secured amount [sic] of flash and we can build enough for the demand."

COMPLAINT

Exhibit 1
35

106.    In the November 3, 2009 announcement, the Company attempted to reassure investors of customer acceptance and future revenue growth from STEC SSDs, explaining that STEC and EMC had initiated a joint "marketing program" to promote the integration of STEC's SSDs. Defendant Manouch Moshayedi explained:

> In light of this development, we have jointly initiated a strategic sales and marketing incentive program designed to promote the integration of STEC's SSDs into their systems.  As of September 30, 2009, we have accrued $1.5 million of estimated costs for this marketing incentive program.  Both companies believe that we will be successful in increasing the pace of the replacement of HDDs with SSDs.  If our marketing program is not successful in increasing the demand flow of SSDs, our first quarter of 2010 orders from this customer will be negatively affected; however, the actual impact cannot be quantified at this time.

107.    In response to a direct question of whether the "excess inventory" would impact only STEC's first quarter, or both its first and second quarter revenue numbers, Manouch Moshayedi reassured investors that the issue would not "be that huge," and that the excess inventory issue *would not impact STEC's second quarter revenue numbers.*

108.    In further reassuring investors of prospects for acceptance by customers and resulting revenue from STEC's SSDs, Manouch Moshayedi explained as follows:

> We are also working on implementing sales and marketing incentive programs at our other major customers to further proliferate the use of our SSDs in their systems.  We believe that it is just a matter of time before these customers become more significant in our overall sales of SSDs.  In addition, we continue to qualify our ZeusIOPS into new platforms at our customers and are working closely with them to promote integration of SSDs into their systems by participating in sales conferences and end-user training programs both in the U.S. and in Europe.  We believe these activities will help accelerate the adoption of our SSDs over the course of 2010.

> Longer-term, we believe that SSDs in the Enterprise market are here to stay and will grow to become a very significant market within the next five years.  Further, we believe that as this market grows, there will be room for a few additional players and that STEC will remain the dominate player in Enterprise-class SSDs.

109.    Defendant Manouch Moshayedi also began to disclose STEC's reliance on EMC, revealing to investors that "EMC still remains our top customer," and that "most of our ZeusIOPS is done through EMC," with 90% coming from EMC.

110.    Defendant Manouch Moshayedi further explained that:

-26-

Exhibit 1
36

> SSD as a whole is here to stay. It's going to grow quarter-after-quarter, year-after-year, and we'll be a big part of it going forward. . . . EMC is very much in line with our thought process that SSD is extremely important in the enterprise storage markets. So are the rest of the customers. It's just a matter of training and doing enough marketing to get the sales departments of everybody on board.

111.   Also during the related November 3, 2009 analyst conference call, Defendant Manouch Moshayedi stated that the problem with SSD sales was the lack of sales force efforts and consumer knowledge about SSDs. He assured investors that the joint marketing program "will push through any sort of inventory issues and it will, in the future quarters, will pick up any sort of sales that they might have in this product line," and that "on a go-forward basis . . . if it's really successful, it could really change our revenue model as a whole for 2010 and beyond." He detailed that the program would include, for example, "incentives" for sales personnel to push Zeus to customers and offering rebates to customers.

112.   Defendant Manouch Moshayedi remained adamant during the call that STEC has no competition for Zeus. For example, an Oppenheimer analyst commented that "there's just a lot of skepticism right now around your company and its ability to compete." The analyst asked Defendant Manouch Moshayedi "if there is anything you can say or do here to convince us that it's not competition that it really is a problem with end demand in terms of SSD adoption." Manouch Moshayedi responded as follows:

> What I can tell you is there is absolutely no competition. To this date, we have not seen and nor has [EMC] seen a product that competes with our ZeusIOPS. So we are the only supplier of ZeusIOPS or ZeusIOPS like SSD into enterprise storage markets today. There is not one single competitor out there. If there were competitors coming in, we would estimate that they would come in somewhere around mid-2010. And if they were to go qualify with a product that actually does qualify, it would be somewhere around first or second quarter of 2011. We do not foresee a competitor coming in anytime soon into this market and all of this – these reports that competition has come in are absolutely false. None of our customers are going with a competitor, and there is absolutely no competition today for our ZeusIOPS product line in any of our customers.

113.   Despite Defendants' attempted reassurances, in reaction to STEC's November 3, 2009 disclosure, shares of STEC stock plunged $9.01 per share to close at $14.14 per share on November 4, 2009, a one-day decline of 39% on volume of 32 million.

COMPLAINT

Exhibit 1
37

114.   A Tech Trader report late in the day on November 3, 2009, reported that STEC's stock price was being "whacked" as a result of the announcement regarding EMC's excess inventory of STEC's Zeus product.

115.   As a result of the November 3, 2009 announcement, on November 4, 2009, several analysts who had previously been bullish on STEC downgraded STEC stock.

116.   For example, Oppenheimer & Co. downgraded the stock to "Perform" from "Outperform," slashing its price target in half to $21 from $45, explaining that it had been "pistol-whipped."   Oppenheimer & Co. pointed to STEC's newly disclosed problems with selling-through Zeus at EMC and with developing new customers for Zeus, such as HP and IBM.

117.   J.P. Morgan, too, lowered its estimates and lowered its price target to $42 from $50, citing the excessive inventory and competition concerns as follows: "Excess inventory at EMC and the establishment of a new marketing incentive program to educate EMC sales personnel stands to fuel investors' concerns of competitive shifts in the making."

118.   ThinkEquity LLC also cut its rating to "Hold" from "Buy," explaining "We got this one wrong" and pointing in part to "competitive pressures" and "inventory risk."

119.   Deutsche Bank cut its revenue, earnings per share ("EPS") estimates and price target in order to reflect the slower adoption of SSDs into the enterprise market.   It reported that the "big announcement" on the STEC conference call was that EMC may not be able to sell the entire $120 million it has committed in purchasing the second half of 2009, creating the potential for lower sales in first quarter 2010.

120.   Wedbush Morgan cut its rating to "Neutral" from "Outperform" and reduced its price target to $18 from $39 per share in a report entitled "Down for the Count After Last Night's Blindsided Knock Out Punch."   Wedbush Morgan noted that although the analyst had prior concerns about STEC's competition, she was "completely caught off guard" by the stall in the adoption rates of SSDs and the excess inventory at EMC which STEC said could be carried into first quarter 2010.   Just hours earlier on that same day, but prior to STEC's startling disclosure, Wedbush had reiterated its "Outperform" rating for STEC and $39 price target, emphasizing STEC's "strong demand for ZeusIOPS at its leading Tier 1 customer EMC."

Exhibit 1
38

121.   Needham likewise lowered its price target to $30 from $46, citing the "EMC inventory overhang." Echoing the assurances by Manouch Moshayedi during the earnings conference call, however, Needham indicated that the inventory issue was only "temporary" and would impact only first quarter 2010.

122.   B. Riley & Co., LLC, too, focused on the disclosed "inventory concerns." But echoing Defendant Manouch Moshayedi's reassurances during the November 3, 2009 conference call, B. Riley & Co., LLC stated that it expected only first quarter 2010 would be impacted and that EMC is not giving up on STEC.

123.   On November 16, 2009, Seeking Alpha published an article entitled "STEC Revisited: Will It Go From Good To Great?"   The article noted that the stock price has plummeted after the November 3 disclosure as a result of:

> **Concern over management integrity and credibility.**  Whether management knew about the demand/inventory issue in advance or not, the market found it too coincidental that top management made such a substantial sale of stock in the very quarter they blew up.  At the same time the potential question of integrity was being debated, they made it worse in the earnings conference call by not appearing to have concrete answers about the inventory at their largest customer who will generate over 60% of the revenues in the second half.

124.   On November 17, 2009, STEC hosted an Analyst Day in New York. As reiterated by analysts such as Needham, STEC reassured analysts (and investors) of the competitive landscape purportedly favoring STEC and that the EMC issue was only "short-term inventory noise."

125.   Shortly thereafter, on December 3, 2009, STEC presented at the J.P. Morgan SMid Cap Conference in New York.  Following STEC's representations at the conference, analysts such as J.P. Morgan again reiterated that the excess inventory was expected to impact only first quarter 2010.

C.   **The February 23, 2010 Disclosure**

126.   The final disclosure occurred on February 23, 2010.  On that day, STEC further shocked the market when it stated in a press release issued after the close of market trading that the inventory carry-over at EMC would not only hurt STEC's first quarter 2010 revenues as

Exhibit 1
39

1  previously announced in November, but that it would also negatively impact STEC's sales for

2  the entire first half of 2010, stating:

> We believe that the first half of 2010 will be a trough period for our business due
> to an inventory carryover by our largest customer [EMC]. Although, we believe
> the marketing programs that we implemented last quarter have had a positive
> effect on the sell-through of SSDs, based on our best estimates we now anticipate
> this inventory carryover to continue to negatively impact our sales to [EMC]
> during the first half of 2010, as we do not expect any meaningful production
> orders from [EMC] during that time.

7      127.   The Company also announced that it expected first quarter of 2010 revenue of

8  $33 million to $35 million, contrasting sharply with the projections of $79.73 million by analysts

9  – who had relied on Defendants' prior representations – and vastly lower than the $106 million

10  reported for the fourth quarter of 2009.

11      128.   During the related February 23, 2010 earnings call, Manouch Moshayedi

12  explained that the products that STEC sold to EMC in the second half of 2009 would not cover

13  EMC's inventory needs for just six months, but for an entire year, until mid-2010. Also during

14  the conference call, Defendants disclosed that EMC had accounted for 62% of STEC's overall

15  revenue for the fourth quarter, but it would plummet to 0% of STEC's revenue for the first half

16  of 2010.

17      129.   STEC's negative disclosure on February 23, 2010, related not only to EMC, but to

18  the adoption of STEC's enterprise-scale SSDs by other customers as well.  Following an

19  analyst's question regarding revenue guidance from Zeus customers other than EMC, Manouch

20  Moshayedi responded:

> On the rest of the customers, everyone is growing very slowly, however.  We are
> starting to implement marketing programs with everyone.  However, those things
> take at least three to six months to take hold.  So, again, that is why we put
> second half of this year as the time to see growth again in this market.

24  Manouch Moshayedi also finally admitted that, contrary to his prior representations, the joint

25  marketing program had not actually been adopted by any customer other than EMC.

26      130.   This was the first time that STEC had admitted that, contrary to Defendants' prior

27  reassurances that the EMC inventory overhang would impact only first quarter, it would, in fact,

28  impact the entire first half of 2010.

-30-                                    COMPLAINT

Exhibit 1
40

131.    This was also the first time investors learned that STEC was so substantially dependent on EMC that STEC's revenues would plummet without EMC's business. This news revealed that STEC could not "find a replacement customer for the relevant product," as it had previously represented to the SEC and that, also contrary to its representations to the SEC, its business *would* be "fundamentally altered without a specific customer sales agreement" with EMC. As STEC's other customers remained dissatisfied with STEC's products and unable to integrate STEC's products with their own, they could not compensate for the revenue gap created by EMC's inventory overhang, and STEC was forced to issue guidance for first quarter 2010 for a mere third of the prior quarter's revenue.

132.    These disclosures also revealed the essential failure of the joint marketing program. Manouch Moshayedi admitted during the earnings call that STEC's incremental effort for sales beyond its initial customers, who use short-stroking techniques on HDDs, had been more difficult than originally expected. The market realized that it was not sales force incentives or education that were needed, but rather that the product simply did not fit end users' needs and did not provide efficient and reliable performance sufficient to justify the high price tag. As discussed during the earnings call, future iterations of the product, now being worked up, might better address the market's needs. Indeed, Manouch Moshayedi admitted during the earnings call that "in terms of payout [the joint marketing program] is a bit less than what we had expected."

133.    In the Company's Form 10-K for the year ended December 31, 2009, filed with the SEC on February 23, 2010, Defendants announced for the first time that that they were under investigation for insider trading, stating in part:

> [T]he United States Securities and Exchange Commission ("SEC") is conducting a formal investigation involving trading in our securities. Certain of our officers and employees, including our CEO and President, have received subpoenas in connection with this investigation.

134.    In reaction to this news revealed on February 23, 2010, STEC shares dropped over 23% in trading on February 24, 2010, a decline of $3.15, on extraordinary volume of over 36 million shares.

COMPLAINT

Exhibit 1
41

135.  Analysts immediately further reduced their ratings and price targets, and expressed a "loss of confidence in STEC management."

136.  For example, following STEC's February 23, 2010 disclosure, on February 24, 2010, Wedbush reduced its 12-month price target to $10 from $14, which it had set just two days earlier on February 22, 2010.  Wedbush cited the "significant magnitude of the inventory over-hang" coupled with uncertain adoption rates of SSDs in enterprise applications.

137.  Thomas Weisel Partners, too, lowered its rating on STEC to "market weight," noting the inventory overhang at EMC and slower adoption rate of enterprise SSDs. The analyst also expressed *"our loss of confidence in STEC management."*

138.  Oppenheimer, too, reset its estimates, noting that STEC had hit "rock bottom," and explaining that whereas the market understood the $120 million EMC deal to be indicative of a half-year run rate, it had now been disclosed that it was indicative of a full-year run rate. Oppenheimer further explained that "EMC completely turned-off the spigot with STEC in 1Q," going from a 62% customer to 0% over one quarter. Oppenheimer therefore explained that "[a]s a result, our '10 estimate falls to its knees to $0.15 vs. our prior estimate of $2.00."

139.  Deutsche Bank, too, noted that, while the market had known since November that EMC had extra inventory of SSDs, it had understood that EMC's demand for SSDs was higher than the Company now reports in February.  Specifically regarding the $120 million deal that Defendants had touted back in July 2009 just prior to their stock offering, Deutsche Bank stated that "In retrospect, the EMC volume purchase agreement did more harm than good, as a clearer read on EMC's sales would have given a better sense of where the market was trending."

140.  J.P. Morgan also downgraded the stock, citing the market's belief that STEC's greater-than-expected revenue miss also stems from new competition and stating that "[w]e had been too optimistic, thinking the EMC inventory overhang would be a one-quarter issue."

141.  ThinkEquity LLC too recognized that the Company's most recent announcement raised questions, including the facts that Zeus had not been able to sell through and competition was increasing.  Needham also lowered its estimates, citing the Company's lowered guidance as "a clear result of excess inventory and slower adoption."

Exhibit 1
42

142.  In sum, as detailed above, beginning following the Company's September 17, 2009 disclosure, STEC's share price reacted negatively to the disclosures of the truth regarding Defendants' materially false and misleading statements and omissions, as the artificial inflation was removed from the share price. As a result of their purchases of STEC shares in or traceable to the Offering, Plaintiff and the Class suffered economic loss.

## VII.   CLASS ACTION ALLEGATIONS

143.  Plaintiff brings this action as a class action on behalf of all persons or entities who purchased or otherwise acquired STEC common stock pursuant or traceable to the Offering, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of STEC, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest.

144.  The members of the Class are so numerous that joinder of all members is impracticable. During the relevant period alleged herein, STEC common shares were actively traded on the NASDAQ. STEC has nearly 50 million shares of STEC common stock issued and outstanding. The Moshayedi's sold 9 million shares in the Offering. While the exact number of Class Members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the Class.  Record owners and other members of the Class may be identified from records maintained by STEC or its transfer agent or the Underwriter Defendants and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

145.  There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class Members include:

(a)  Whether the Registration Statement and/or Prospectus omitted or misrepresented facts;

(b)  Whether the misrepresentations or omissions were material; and

-33-                                                    COMPLAINT

Exhibit 1
43

(c)   The extent of damage sustained by Class Members.

146.   Plaintiff's claims are typical of those of the Class because Plaintiff and the Class have claims under the Securities Act and sustained damages from Defendants' wrongful conduct in violation of federal law that is complained of herein.

147.   Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action securities litigation. Plaintiff has no interests which conflict with those of the Class.

148.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the Class is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## VIII.   TOLLING OF STATUTE OF LIMITATIONS

149.   On November 6, 2009, Hadi Sakhai, individually and on behalf of all others similarly situated, filed a class action complaint on behalf of purchasers of publicly traded STEC securities against Defendants STEC, Inc., Manouch Moshayedi, Mark Moshayedi, Raymond D. Cook, J.P. Morgan Securities, Inc., Deutsche Bank Securities, Inc., Barclays Capital Inc. and Oppenheimer & Co., Inc. The complaint alleges violations of Sections 11, 12(a)(2) and 15 of the Securities Act, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). *See Sakhai v. STEC, Inc., et al.*, No. 09-cv-01306 (C.D. Cal.) ("*Sakhai*"). Five other related class actions were filed against the Defendants alleging essentially the same securities laws as the *Sakhai* complaint. *See Jean v. STEC, Inc., et al.*, No. 09-cv-01304 (C.D. Cal. Nov. 6, 2009); *Greenwald v. STEC, Inc., et al.*, No. 09-cv-01315 (C.D. Cal. Nov. 9, 2009); *Munter v. STEC, Inc. et al.*, No. 09-cv-01320 (C.D. Cal. Nov. 10, 2009); *Weinberger v. STEC, Inc., et al.*, No. 09-cv-08536 (C.D. Cal. Nov. 19, 2009); and *Fischer v. STEC, Inc., et al.*, No. 09-cv-01460 (C.D. Cal. Dec. 11, 2009).

COMPLAINT

Exhibit 1
44

150. On January 21, 2010, United States District Court Judge James V. Selna consolidated the six related class actions cases alleging securities law violations with respect to STEC under the consolidated caption *In re STEC, Inc. Securities Litigation*, Lead Case No. SACV 09-01304-JVS (MLGx) (C.D. Cal.) (the "Consolidated Action"). On April 9, 2010, a Consolidated Complaint was filed against Defendants.

151. On July 14, 2010, Judge Selna appointed a new lead plaintiff in the Consolidated Action. On August 13, 2010, the new lead plaintiff filed an Amended Consolidated Complaint (the "Amended Complaint"). The Amended Complaint alleges claims for violation of Sections 11, 12(a)(2) and 15 of the Securities Act, and Sections 10(b), 20(a) and 20A of the Securities Exchange Act of 1934 (Exchange Act").

152. On January 10, 2011, Judge Selna granted Defendants' motion to dismiss the Amended Consolidated Complaint with leave to amend. On February 22, 2011, the Second Amended Consolidated Complaint ("Second Amended Complaint") was filed in the Consolidated Action, again asserting the Securities Act and Exchange Act claims. On June 17, 2011, Judge Selna denied Defendants' motion to dismiss the Exchange Act claims. Judge Selna expressly found that the Second Amended Complaint adequately alleges material misrepresentations in support of the Securities Act claims, but dismissed the Securities Act claims without prejudice because the plaintiff conceded that it had not purchased shares pursuant to the Offering, and had failed to establish that it purchased shares traceable to the Offering.

153. The *Sakhai* class action complaint and the other complaints described above were filed less than one year after the discovery of the untrue statements and omissions contained in the Offering documents and less than three years after the offering to the public. Their filing served to toll any statute of limitations or repose for the claims set forth in this complaint pursuant to the doctrine announced in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552 (1974), and approved in *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1119-22 (1988).

## IX.  CLAIMS FOR RELIEF

154. The claims alleged herein are not based on and do not sound in fraud. Plaintiff does not allege that Defendants acted with scienter or fraudulent intent. Plaintiff expressly

-35-                                              COMPLAINT

Exhibit 1
45

1  excluded and disclaims any allegation that could be construed as alleging fraud or intentional or

2  reckless misconduct.

3                                      **COUNT I**

4            **FOR VIOLATION OF SECTION 11 OF THE SECURITIES ACT**
            **(AGAINST THE OFFICER DEFENDANTS, BAHRI AND STEC)**
5

6        155.   Plaintiff incorporates by reference each and every allegation contained above, as

7  if set forth herein.

8        156.   This Count is asserted against the Officer Defendants, Defendant Bahri and

9  STEC, and predicated upon the liability of the Defendants named in this Count for making false

10  and materially misleading statements and omissions in the Registration Statement issued in

11  connection with the Offering.

12        157.   STEC was the registrant of the Offering and the issuer of the stock issued via the

13  false Registration Statement. As such, STEC is strictly liable for each false and misleading

14  statement contained therein.

15        158.   The Officer Defendants and Defendant Bahri are each signatories of the

16  Registration Statement, therefore, each of these Defendants had a duty to make a reasonable

17  investigation of the statements contained in the Registration Statement and Prospectus to ensure

18  that said statements were true and that there was no omission to state any material fact required

19  to be stated in order to make the statements contained therein not misleading. In the exercise of

20  reasonable care, the Officer Defendants and Defendant Bahri should have known of the material

21  misstatements and omissions contained in the Registration Statement and Prospectus and also

22  should have known of the omissions of material fact necessary to make the statements made

23  therein not misleading. As such, each of these Defendants is liable to Plaintiff and the Class.

24        159.   Each of the Defendants named in this Count caused to be issued and participated

25  in the issuance of materially false and misleading written statements to the investing public that

26  were contained in the Registration Statement, which misrepresented or failed to disclose, *inter*

27  *alia,* the facts set forth above. Each of these Defendants owed to the purchasers of the shares

28  issued in the Offering the duty to conduct a reasonable and diligent investigation of the

Exhibit 1
46

statements contained in the Registration Statement, and any incorporated documents, at the time it became effective to ensure that such statements were true and that there were no omissions of material fact that rendered them materially misleading. Each of these Defendants did not conduct a reasonable investigation or possess reasonable grounds to believe that the statements contained in the Registration Statement were true, without omissions of any material facts, and were not misleading.

160. By reasons of the conduct alleged herein, each of the Defendants named in this Count violated, and/or controlled a person who violated Section 11 of the Securities Act. As a direct and proximate result of these Defendants' wrongful conduct, the price for the STEC common stock sold in the Offering was artificially inflated and Plaintiff and the Class suffered substantial damages in connection with their purchases of STEC common stock in or traceable to the Offering.

161. Plaintiff and other members of the Class who acquired their STEC stock in the Offering did not know and, in the exercise of reasonable diligence could not have known, of the untruths and omissions contained or incorporated by reference in the Registration Statement. The value of the shares sold in the Offering has declined substantially due to violations of Section 11 of the Securities Act by the Defendants named in this Count. Plaintiff and the other members of the Class were thus damaged by these Defendants' misconduct and by the material misstatements and omissions of the Registration Statement.

162. By reason of the foregoing, the Defendants named in this Count are liable for violations of Section 11 of the Securities Act to Plaintiff and all members of the Class who purchased or otherwise acquired shares of STEC common stock pursuant or traceable to the Offering.

## COUNT II

### FOR VIOLATION OF SECTION 11 OF THE SECURITIES ACT
### (AGAINST THE UNDERWRITER DEFENDANTS)

163. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

COMPLAINT

Exhibit 1
47

164.    This Count is asserted against the Underwriter Defendants, and is predicated upon the Underwriter Defendants' negligence for making false and materially misleading statements and omissions therein.

165.    Each of the Underwriter Defendants was responsible for the contents and dissemination of the Registration Statement for the Offering.   Each of the Underwriter Defendants acted negligently and is liable to Plaintiff and all other persons who purchased or otherwise acquired STEC common stock pursuant or traceable to the Offering.   Each of the Underwriter Defendants caused to be issued and participated in the issuance of materially false and misleading written statements to the investing public that were contained in the Registration Statement, which misrepresented or failed to disclose, *inter alia,* the facts set forth above. Each of the Underwriter Defendants owed to the purchasers of the shares issued in the Offering the duty to conduct a reasonable and diligent investigation of the statements contained in the Registration Statement, and any incorporated documents, at the time it became effective to ensure that such statements were true and that there were no omissions of material fact that rendered them materially misleading.   Each of the Underwriter Defendants did not conduct a reasonable investigation or possess reasonable grounds to believe that the statements contained in the Registration Statement were true, without omissions of any material facts, and were not misleading.

166.    By reasons of the conduct alleged herein, each Underwriter Defendant violated Section 11 of the Securities Act. As a direct and proximate result of the Underwriter Defendants' wrongful conduct, the price for the STEC common stock sold in the Offering was artificially inflated and Plaintiff and the Class suffered substantial damages in connection with their purchase of STEC common stock in or traceable to the Offering.

167.    Plaintiff and other members of the Class who acquired their STEC stock in the Offering did not know and, in the exercise of reasonable diligence could not have known, of the untruths and omissions contained or incorporated by reference in the Registration Statement. The value of the shares sold in the Offering has declined substantially due to Defendants' violations of Section 11 of the Securities Act. Plaintiff and the other members of the Class were

Exhibit 1
48

1     thus damaged by the Underwriter Defendants' misconduct and by the material misstatements and

2     omissions of the Registration Statement.

3          168.    By reason of the foregoing, each Underwriter Defendant is liable for violations of

4     Section 11 of the Securities Act to Plaintiff and all members of the Class.

5                              **COUNT III**

6            **FOR VIOLATION OF SECTION 12(a)(2) OF THE SECURITIES ACT**

7       **(AGAINST STEC, MANOUCH MOSHAYEDI, AND MARK MOSHAYEDI)**

8          169.    Plaintiff repeats and re-alleges each and every allegation contained above as if

9     fully set forth herein.

10         170.    This Count is asserted against Defendants STEC, Mark Moshayedi, and Manouch

11     Moshayedi, and is predicated upon the liability of the Defendants named in this Count for

12     offering or selling stock by means of a prospectus that contained untrue statements of material

13     fact and misleading omissions of material fact.

14         171.    STEC sold and solicited the purchase of its common stock by the use of means or

15     instruments of transportation or communication in interstate commerce or of its mails, by means

16     of the Prospectus. The Registration Statement, under which STEC is the registrant, states that

17     "for the purpose of determining liability of the registrant under the Securities Act of 1933 to any

18     purchaser in the initial distribution of the securities, the undersigned registrant undertakes that in

19     a primary offering of securities . . . regardless of the underwriting method used to sell the

20     securities to the purchaser . . . the undersigned registrant will be a seller to the purchaser and will

21     be considered to offer or sell such securities to such purchaser."

22         172.    Defendants Mark and Manouch Moshayedi solicited the purchase of STEC

23     common stock by the use of means or instruments of transportation or communication in

24     interstate commerce or of the mails, by means of the Prospectus and by causing STEC to issue

25     press releases on August 3, 2009, and August 6, 2009, publicizing the Offering. Additionally,

26     Defendants Mark and Manouch Moshayedi signed the Registration Statement pursuant to which

27     STEC common stock was offered and sold. Further, Defendants Mark and Manouch Moshayedi

28

Exhibit 1
49

1   were motivated to serve their own personal financial interests when they solicited the sale of nine

2   million of their personally held shares of STEC common stock in the Offering.[5]

3       173.   The Prospectus contained untrue statements of material fact, omitted to state other

4   facts necessary to make the statements made therein not misleading, and concealed and failed to

5   disclose material facts.

6       174.   Each of the Defendants named in this Count owed to the purchasers of the shares

7   issued in the Offering the duty to conduct a reasonable and diligent investigation of the

8   statements contained in the Prospectus and in any incorporated documents at the time the

9   Prospectus became effective, to ensure that such statements were true and that there were no

10   omissions of material fact that rendered any such statements materially misleading.

11      175.   Each of the Defendants named in this Count did not conduct a reasonable

12   investigation or possess reasonable grounds to believe that the statements contained or

13   incorporated by reference in the Prospectus were true, without omissions of any material facts,

14   and not misleading.

15      176.   Plaintiff and the other members of the Class who acquired their STEC stock in the

16   Offering did not know and, in the exercise of reasonable diligence could not have known, of the

17   untruths and omissions contained or incorporated by reference in the Prospectus.

18      177.   The value of the shares sold in the Offering declined substantially due to the

19   violations of Section 12(a)(2) of the Securities Act by the Defendants named in this Count.

20   Plaintiff and the other members of the Class were thus damaged by the material misstatements

21   and omissions of the Prospectus and the misconduct of the Defendants named in this Count.

22      178.   Plaintiff and all members of the Class who purchased or otherwise acquired

23   shares of STEC common stock pursuant to the Offering who still hold such securities have the

24   right to rescind and recover the consideration exchanged for those shares of STEC common

25

26   [5] The press release announcing the Offering says it is "a public offering . . . by Manouch
27   Moshayedi [and] Mark Moshayedi." The press release announcing the pricing of the Offering
     describes the Moshayedis as "the selling shareholders," and states that "STEC will not receive
28   any of the proceeds of the offering."

-40-                                                    COMPLAINT

Exhibit 1
50

1    stock, and hereby tender their shares of STEC common stock to the Defendants named in this

2    Count. Plaintiff and Class Members who have sold STEC common stock that they acquired

3    pursuant to the Prospectus seek damages to the extent permitted by law.

4         179.    By reason of the foregoing, each of the Defendants named in this Count is liable

5    for violations of Section 12(a)(2) of the Securities Act to Plaintiff and all members of the Class.

6                                **COUNT IV**

7        **FOR VIOLATION OF SECTION 12(a)(2) OF THE SECURITIES ACT**
                **(AGAINST THE UNDERWRITER DEFENDANTS)**

8

9         180.    Plaintiff repeats and re-alleges each and every allegation contained above as if

10    fully set forth herein.

11         181.    This Count is asserted against each of the Underwriter Defendants, and is

12    predicated upon such Underwriter Defendants' negligent offering or sale of STEC stock by

13    means of the false and misleading Prospectus.

14         182.    Each Underwriter Defendant is a seller within the meaning of the Securities Act

15    because it transferred title to members of the Class who purchased STEC stock in the Offering.

16    Each Underwriter Defendant directly sold STEC common stock to members of the Class who

17    purchased in the Offering.

18         183.    The Prospectus contained untrue statements of material fact, omitted to state other

19    facts necessary to make the statements made therein not misleading, and concealed and failed to

20    disclose material facts.

21         184.    Each Underwriter Defendant owed to those who purchased shares issued in the

22    Offering from such Underwriter Defendant the duty to conduct a reasonable and diligent

23    investigation of the statements contained in the Prospectus and any incorporated documents at

24    the time it became effective, to ensure that such statements were true and that there were no

25    omissions of material fact that rendered them materially misleading.

26         185.    Each Underwriter Defendant did not conduct a reasonable investigation or possess

27    reasonable grounds to believe that the statements contained or incorporated by reference in the

28    Prospectus were true, without omissions of any material facts, and not misleading.

Exhibit 1
51

186. Plaintiff and other members of the Class who purchased or otherwise acquired STEC stock in the Offering did not know and, in the exercise of reasonable diligence could not have known, of the untruths and omissions contained or incorporated by reference in the Prospectus.

187. The value of the shares sold in the Offering declined substantially due to the violations of Section 12(a)(2) of the Securities Act by the Underwriter Defendants. Plaintiff and the other members of the Class who purchased stock in the Offering were thus damaged by the material misstatements and omissions in the Prospectus and the misconduct of the Underwriter Defendants.

188. Plaintiff and all members of the Class who purchased or otherwise acquired shares of STEC common stock in or pursuant to the Offering and who still hold such securities have the right to rescind and recover the consideration exchanged for those shares of STEC common stock, and hereby tender their shares of STEC common stock to their respective Underwriter Defendant sellers. Plaintiff and Class Members who have sold STEC common stock that they purchased or acquired pursuant to the Offering seek damages from their respective Underwriter Defendant sellers to the extent permitted by law.

189. By reason of the foregoing, each Underwriter Defendant is liable for violations of Section 12(a)(2) of the Securities Act to all members of the Class.

## COUNT V

### FOR VIOLATION OF SECTION 15 OF THE SECURITIES ACT
### (AGAINST THE OFFICER DEFENDANTS)

190. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

191. This Count is asserted against the Officer Defendants, and is predicated upon each of the Officer Defendants' liability for false and materially misleading statements and omissions contained in the Prospectus or Registration Statement issued in connection with the Offering.

192. At all relevant times alleged herein, each of the Officer Defendants was a controlling person of STEC within the meaning of Section 15 of the Securities Act. By reason of

Exhibit 1
52

1   each Officer Defendant's stock ownership, senior management, positions and/or directorships at

2   the Company, as alleged above, these Defendants, individually and acting pursuant to a common

3   plan, had the power to influence and exercised the same to cause STEC to engage in the unlawful

4   acts and conduct complained of herein.

5       193.   As set forth above, each Defendant violated Sections 11 and 12(a)(2) by such

6   Defendant's acts and omissions as alleged in this Complaint.  By virtue of their positions as

7   controlling persons, each of the Officer Defendants is liable pursuant to Section 15 of the

8   Securities Act.  As a direct and proximate result of Defendants'' wrongful conduct, Plaintiff and

9   the Class suffered damages in connection with their acquisition of STEC common stock.

10  **X.    PRAYER FOR RELIEF**

11      WHEREFORE, Plaintiff prays for judgment as follows:

12      A.    Determining that this action is a proper class action certifying Plaintiff as the

13  class representative and Plaintiff's counsel as Class Counsel;

14      B.    Awarding compensatory damages in favor of Plaintiff and the other Class

15  members against all Defendants, jointly and severally, for all damages sustained as a result of

16  Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

17      C.    Awarding rescission or a rescissory measure of damages on all claims where such

18  remedy or damages are applicable;

19      D.    Awarding Plaintiff and the Class their reasonable costs and expenses incurred in

20  this action, including counsel fees and expert fees; and

21      E.    Awarding such other and further relief as the Court may deem just and proper.

22

23

24

25

26

27

28

Exhibit 1
53

**XI.  JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: July 1, 2011

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

By _____

Blair A. Nicholas

Blair A. Nicholas (Bar No. 178428)
blairn@blbglaw.com
Niki L. Mendoza (Bar No. 214646)
nikim@blbglaw.com
Takeo A. Kellar (Bar No. 234470)
takeok@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323

*Counsel for Plaintiff West Virginia Laborers' Trust
Fund and the Class*

-44-                                COMPLAINT

Exhibit 1
54

# EXHIBIT 2

1    BERNSTEIN LITOWITZ BERGER
      & GROSSMANN LLP
2    Blair A. Nicholas (Bar No. 178428)
    blairn@blbglaw.com
3    Niki L. Mendoza (Bar No. 214646)
    nikim@blbglaw.com
4    Takeo A. Kellar (Bar No. 234470)
    takeok@blbglaw.com
5    12481 High Bluff Drive, Suite 300
    San Diego, CA 92130
6    Tel:  (858) 793-0070
    Fax: (858) 793-0323
7

8    *Counsel for Plaintiff West Virginia Laborers'*
    *Trust Fund and the Class*
9

10

11           SUPERIOR COURT OF CALIFORNIA

12         IN AND FOR THE COUNTY OF ORANGE

| | |
|---|---|
| WEST VIRGINIA LABORERS' TRUST FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>STEC, INC., MANOUCH MOSHAYEDI, MEHRDAD MOSHAYEDI, RAYMOND D. COOK, RAJAT BAHRI, BARCLAYS CAPITAL INC., DEUTSCHE BANK SECURITIES, INC., J.P. MORGAN SECURITIES, INC., and OPPENHEIMER & CO., INC.,<br><br>      Defendants. | Case No. 30-2011-00489022-CU-SL-CXC<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION FOR PEREMPTORY CHALLENGE OF ASSIGNED JUDGE**<br><br>[CALIFORNIA CODE OF CIVIL PROCEDURE § 170.6]<br><br>Judge:    Honorable Ronald L. Bauer<br>Dept.:    CX103 |

Exhibit 2
55

1    **TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2       **PLEASE TAKE NOTICE** that Plaintiff West Virginia Laborers' Trust Fund,

3 individually and on behalf of the Class ("Plaintiff") hereby moves, pursuant to California Code

4 of Civil Procedure § 170.6, for an Order disqualifying the Honorable Ronald L. Bauer from

5 hearing any matter in the above-entitled action. This motion for peremptory disqualification is

6 based on this notice of motion and motion, the declaration of Blair A. Nicholas filed herewith,

7 and all other papers and pleadings on file in this action.

8 Dated: July 8, 2011               Respectfully submitted,

9                       BERNSTEIN LITOWITZ BERGER

10                        & GROSSMANN LLP

11            By _____

12                       Blair A. Nicholas

13            Blair A. Nicholas (Bar No. 178428)

14            blairn@blbglaw.com
            Niki L. Mendoza (Bar No. 214646)

15            nikim@blbglaw.com
            Takeo A. Kellar (Bar No. 234470)

16            takeok@blbglaw.com
            12481 High Bluff Drive, Suite 300

17            San Diego, CA 92130
            Tel:    (858) 793-0070

18            Fax:   (858) 793-0323

19

20            *Counsel for Plaintiff West Virginia Laborers' Trust*
           *Fund and the Class*

21

22

23

24

25

26

27

28

Exhibit 2
56

1  BERNSTEIN LITOWITZ BERGER
      & GROSSMANN LLP
2  Blair A. Nicholas (Bar No. 178428)
   blairn@blbglaw.com
3  Niki L. Mendoza (Bar No. 214646)
   nikim@blbglaw.com
4  Takeo A. Kellar (Bar No. 234470)
   takeok@blbglaw.com
5  12481 High Bluff Drive, Suite 300
   San Diego, CA 92130
6  Tel: (858) 793-0070
7  Fax: (858) 793-0323
8
   *Counsel for Plaintiff West Virginia Laborers'*
9  *Trust Fund and the Class*

10               SUPERIOR COURT OF CALIFORNIA
11            IN AND FOR THE COUNTY OF ORANGE
12

13 | WEST VIRGINIA LABORERS' TRUST        | Case No. 30-2011-00489022-CU-SL-CXC |
   | FUND, Individually and on Behalf of All |                                     |
14 | Others Similarly Situated,             | CLASS ACTION                        |
15 |          Plaintiff,                    |                                     |
   |                                        | **DECLARATION OF BLAIR A. NICHOLAS** |
16 | v.                                     | **IN SUPPORT OF MOTION FOR**        |
   |                                        | **PEREMPTORY CHALLENGE OF**         |
17 | STEC, INC., MANOUCH                    | **ASSIGNED JUDGE**                  |
   | MOSHAYEDI, MEHRDAD                      |                                     |
18 | MOSHAYEDI, RAYMOND D. COOK,            |                                     |
   | RAJAT BAHRI, BARCLAYS CAPITAL          | [CALIFORNIA CODE OF CIVIL           |
19 | INC., DEUTSCHE BANK                    | PROCEDURE § 170.6]                  |
   | SECURITIES, INC., J.P. MORGAN          |                                     |
20 | SECURITIES, INC., and                  | Judge:    Honorable Ronald L. Bauer |
   | OPPENHEIMER & CO., INC.,               | Dept.:    CX103                     |
21 |          Defendants.                   |                                     |

22
23
24
25
26
27
28 ┌──────────────────────────────────────┐
   DECLARATION OF BLAIR NICHOLAS RE
   MOTION FOR PEREMPTORY CHALLENGE
   Case No. 30-2011-00489022-CU-SL-CXC

Exhibit 2
57

1 | I, Blair A. Nicholas, declare as follows:

2 |     1.  I am a partner duly licensed to practice before all of the courts of the State of California.

3 | I am a partner with the law firm of Bernstein Litowitz Berger & Grossmann LLP, counsel of

4 | record for plaintiff West Virginia Laborers' Trust Fund ("Plaintiff"). I have personal knowledge

5 | of the matters stated herein and, if called upon, I could and would competently testify thereto. I

6 | submit this declaration in support of Plaintiff's Motion for Peremptory Challenge of Assigned

7 | Judge (the "Motion") pursuant to California Code of Civil Procedure § 170.6.

8 |     2.  The above-entitled actin has been assigned to the Honorable Ronald L. Bauer.  I am

9 | informed and believe, and therefore allege, that Judge Bauer is prejudiced against Plaintiff and/or

10 | its counsel or the interest of Plaintiff and/or it counsel.  Therefore I believe that Plaintiff cannot

11 | have a fair and impartial trial or hearing before Judge Bauer.

12 |     3.  As such, pursuant to the provisions of § 170.6 of the California Code of Civil Procedure,

13 | I respectfully request that an Order issue regarding the reassignment of the above captioned

14 | matter, and any related actions, to another and different Judge for further proceedings.

15 |     I declare under penalty of perjury under the laws of the State of California that the foregoing

16 | is true and correct.  Executed this 8th day of July, 2011, at San Diego, California.

17

18

19 | BLAIR A. NICHOLAS

20

21

22

23

24

25

26

27

28 |
DECLARATION OF BLAIR NICHOLAS RE
MOTION FOR PEREMPTORY CHALLENGE
-1-   Case No. 30-2011-00489022-CU-SL-CXC

Exhibit 2
58

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):*
Blair A. Nicholas, Esq.  BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 High Bluff Drive, Ste., 300, San Diego, CA 92130

Telephone No.: (858) 793-0070          Fax No. (Optional): (858) 793-0323
E-Mail Address (Optional): BlairN@blbglaw.com
ATTORNEY FOR *(Name):* Plaintiff and the Class          Bar No: 178428

| | FOR COURT USE ONLY |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center - 751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER: West Virginia Laborers' Trust Fund

DEFENDANT / RESPONDENT: STEC, Inc., et al.

| **CLASS ACTION/B&P 17200 QUESTIONNAIRE** | CASE NUMBER: 30-2011-00489022 |
|---|---|
| *(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)* | DEPT: CX103<br>JUDGE: Ronald L. Bauer<br>STATUS CONFERENCE DATE: None Set |

In response to the conflict of interest issues raised in ***Apple Computer, Inc. v. The Superior Court of Los Angeles County*** (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1. Is any proposed class representative an attorney?          Yes _____   No __✓__

2. Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?          Yes _____   No __✓__

    If yes, explain relationship: _____

3. Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?          Yes _____   No __✓__

    If yes, explain: _____

4. Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?          Yes _____   No __✓__

    If yes, explain relationship: _____

5. If there is co-counsel, have the attorneys been co-counsel in other class actions?          Yes _____   No __✓__

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

<u>July 7, 2011</u>
**DATE**

**SIGNATURE OF COUNSEL FOR PLAINTIFF(S)**

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277 [New June 1, 2005]

**Exhibit 2**
**59**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

WEST VIRGINIA LABORERS' TRUST FUND, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

STEC, INC., MANOUCH MOSHAYEDI, MEHRDAD MOSHAYEDI, RAYMOND D. COOK, RAJAT BAHRI, BARCLAYS CAPITAL INC., DEUTSCHE BANK SECURITIES, INC., J.P. MORGAN SECURITIES, INC., and OPPENHEIMER & CO., INC.,

      Defendants.

Case No. 30-2011-00489022-CU-SL-CXC

CLASS ACTION

[PROPOSED] ORDER GRANTING MOTION FOR PEREMPTORY CHALLENGE OF ASSIGNED JUDGE

[CALIFORNIA CODE OF CIVIL PROCEDURE  § 170.6]

Judge:    Honorable Ronald L. Bauer
Dept.:    CX103

Exhibit 2
60

1         Plaintiff West Virginia Laborers' Trust Fund Motion for Peremptory Challenge of

2 Assigned Judge (the "Motion"), having been timely filed pursuant to California Code of Civil

3 Procedure § 170.6, came on regularly before the Court, and the Court, having considered the

4 Motion together with all papers on file herein, hereby Orders as follows:

5        1.   Plaintiff's Motion is GRANTED; and

6        2.   This case is referred to the Supervising Judge of this Court for reassignment.

7

8 IT IS SO ORDERED.

9

10

11 DATED: _____      _____

12                              JUDGE OF THE SUPERIOR COURT

13

Submitted by:

14

BERNSTEIN LITOWITZ BERGER
15    & GROSSMANN LLP
Blair A. Nicholas (Bar No. 178428)
16 blairn@blbglaw.com
Niki L. Mendoza (Bar No. 214646)
17 nikim@blbglaw.com
Takeo A. Kellar (Bar No. 234470)
18 takeok@blbglaw.com
12481 High Bluff Drive, Suite 300
19 San Diego, CA 92130
Tel: (858) 793-0070
20 Fax: (858) 793-0323
21

22 *Counsel for Plaintiff West Virginia*
*Laborers' Trust Fund and the Class*
23

24

25

26

27

28                                 [PROPOSED] ORDER GRANTING PEREMPTORY
                                   CHALLENGE OF ASSIGNED JUDGE
-1-        Case No. 30-2011-00489022-CU-SL-CXC

Exhibit 2
61

1   BERNSTEIN LITOWITZ BERGER
        & GROSSMANN LLP
2   Blair A. Nicholas  (Bar No. 178428)
    blairn@blbglaw.com
3   Niki L. Mendoza  (Bar No. 214646)
    nikim@blbglaw.com
4   Takeo A. Kellar  (Bar No. 234470)
    takeok@blbglaw.com
5   12481 High Bluff Drive, Suite 300
    San Diego, CA 92130
6   Tel:    (858) 793-0070
    Fax:   (858) 793-0323
7

8   *Counsel for Plaintiff West Virginia*
    *Laborers' Trust Fund and the Class*
9

10              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11                  IN AND FOR THE COUNTY OF ORANGE

12  WEST VIRGINIA LABORERS' TRUST          Case No. 30-2011-00489022-CU-SL-CXC
    FUND, Individually and on Behalf of All
13  Others Similarly Situated,             CLASS ACTION

14          Plaintiff,
                                           **DECLARATION OF SERVICE**
15
    v.
16                                         Judge:      Honorable Ronald L. Bauer
    STEC, INC., MANOUCH MOSHAYEDI,         Dept.:      CX103
17  MEHRDAD MOSHAYEDI, RAYMOND D.
    COOK, RAJAT BAHRI, BARCLAYS
18  CAPITAL INC., DEUTSCHE BANK
    SECURITIES, INC., J.P. MORGAN
19  SECURITIES, INC., and OPPENHEIMER &
    CO., INC.,
20
            Defendants.
21

22

23

24

25

26

27

28

DECLARATION OF SERVICE
Case No. 30-2011-00489022-CU-SL-CXC

**Exhibit 2
62**

1     I, DENA L. BIELASZ declare,

2     1.    That I am and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or

3     interested in the within action; that my business address is 12481 High Bluff Drive, Suite 300, San Diego, CA 92130.

4

5     2.    That on July 8, 2011, I caused to be served the following document(s):

6     • NOTICE OF MOTION AND MOTION FOR PEREMPTORY CHALLENGE OF ASSIGNED JUDGE;

7     • DECLARATION OF BLAIR A. NICHOLAS IN SUPPORT OF MOTION FOR PEREMPTORY CHALLENGE OF ASSIGNED JUDGE;

8

9     • [PROPOSED] ORDER GRANTING MOTION FOR PEREMPTORY CHALLENGE OF ASSIGNED JUDGE;

10     • CLASS ACTION/B&P 17200 QUESTIONNAIRE; and

11     • DECLARATION OF SERVICE

12     to counsel of record on the attached Service List as follows:

13     ☐    **(BY U.S. MAIL)** I am personally and readily familiar with the business practice

14     of Bernstein Litowitz Berger & Grossmann LLP for collecting and processing of correspondence for mailing with the United States Postal Service, and I caused

15     such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California.

16     ☒    **(BY OVERNIGHT MAIL)** I am personally and readily familiar with the

17     business practice of Bernstein Litowitz Berger & Grossmann LLP for collection and processing of correspondence for overnight delivery, and I caused such

18     document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

19     ☐    **(BY FACSIMILE)** I am personally and readily familiar with the business

20     practice of Bernstein Litowitz Berger & Grossmann LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such

21     document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

22     I declare under penalty of perjury under the laws of State of CALIFORNIA that the

23     foregoing is true and correct. Executed this 8th day of July, 2011, at San Diego, California.

24

25

26     DENA L. BIELASZ, CP
Certified Paralegal

27

28

DECLARATION OF SERVICE                                    -1-
Case No. 30-2011-00489022-CU-SL-CXC

Exhibit 2
63

1

## SERVICE LIST

2

| | |
|---|---|
| Patrick E. Gibbs | John D. Pernick |
| **Latham & Watkins LLP** | **Bingham McCutchen** |
| 140 Scott Drive | 3 Embarcadero Center, Suite 1800 |
| Menlo Park, CA 94025 | San Francisco, CA 94111 |
| Tel:    (650) 463-4696 | Tel:    (415) 393-2000 |
| Patrick.gibbs@lw.com | john.pernick@bingham.com |
| | |
| *Counsel for Defendants STEC, Inc.,* | *Counsel for Defendants Barclays Captial Inc.,* |
| *Manouch Moshayedi, Mehrdad Moshayedi,* | *Deutsche Bank Securities, Inc., J.P. Morgan* |
| *Raymond D. Cook and Rajat Bahri* | *Securities, Inc. and Oppenheimer & Co., Inc.* |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SERVICE                                                                                    -2-
Case No. 30-2011-00489022-CU-SL-CXC

Exhibit 2
64

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 07/13/2011                    TIME: 12:48:00 PM        DEPT:  C32

JUDICIAL OFFICER PRESIDING: Supervising Judge Steven L. Perk
CLERK:  Nga Quach
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  None

CASE NO: **30-2011-00489022-CU-SL-CXC** CASE INIT.DATE: 07/01/2011
CASE TITLE: **West Virginia Laborers' Trust Fund vs. STEC, Inc.**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Securities Litigation

EVENT ID/DOCUMENT ID: 71274203
**EVENT TYPE**: Chambers Work

---

### APPEARANCES

---

There are no appearances by any party.

A Peremptory Challenge under C.C.P. 170.6 as to the Honorable Ronald L. Bauer having been filed on 07/08/2011, by plaintiff, and this matter having been transferred to C32 for reassignment, the Court now rules as follows:

This case is reassigned to the Honorable Gail A. Andler in Department CX101 for all purposes.

The Court determines that for purposes of exercising C.C.P. 170.6 rights, there are two sides to this matter unless the contrary is brought to the attention of the Court, by Ex-Parte motion. Counsel have 15 days from the date of the enclosed certificate of mailing in which to exercise any rights under C.C.P. 170.6.

Clerk to give notice by email to plaintiff and plaintiff to give notice to all other parties.

Blair A. Nicholas of Bernstein Litowitz Berger & Grossman, LLP, blairn@blbglaw.com

**Exhibit 2
65**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Blair A. Nicholas (Bar No. 178428)
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 High Bluff Drive, Suite 300

San Diego, California 92130-3582
TELEPHONE NO.: (858) 793-0070   FAX NO. *(Optional):*   (858) 793-0323
E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com
ATTORNEY FOR *(Name):* Plaintiff W. Virginia Laborers' Trust Fund

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund

DEFENDANT/RESPONDENT: STEC, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2011-00489022-CU-SL CXC |
|---|---|

TO *(insert name of party being served):* Rajat Bahri

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2011

Blair A. Nicholas
(TYPE OR PRINT NAME)

▶ *Blair A. Nicholas*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information Package

*(To be completed by recipient):*
Date this form is signed: 7/21/11

Rajat Bahri
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *Chris Johnstone, Esq.*
*Associate - Latham & Watkins*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Legal
Solutions
& Plus

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10

**Exhibit 2**
66

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO.: (858) 793-0070   FAX NO. *(Optional):*   (858) 793-0323<br>E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com<br>ATTORNEY FOR *(Name):* Plaintiff W. Virginia Laborers' Trust Fund | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange |
| STREET ADDRESS: 751 W. Santa Ana Blvd. |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Santa Ana, California 92701 |
| BRANCH NAME: Civil Complex Center |

| |
|---|
| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund |
| DEFENDANT/RESPONDENT: STEC, Inc., et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>30-2011-00489022-CU-SL-CXC |

TO *(insert name of party being served):* Raymond D. Cook

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2011

Blair A. Nicholas<br>(TYPE OR PRINT NAME)

▶ *[signature]*<br>(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Cover Sheet; Alternative Dispute Resolution (ADR) Information Package

*(To be completed by recipient):*<br>Date this form is signed: 7/21/11

Raymond D. Cook<br>(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>ON WHOSE BEHALF THIS FORM IS SIGNED)

Chris Johnstone, Esq.<br>▶ Associate- Latham & Watkins<br>(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Ⓟ Plus |

Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10

**Exhibit 2**
**67**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*                                    **POS-015**

Blair A. Nicholas (Bar No. 178428)
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 High Bluff Drive, Suite 300

San Diego, California 92130-3582
TELEPHONE NO.: (858) 793-0070   FAX NO. *(Optional):*   (858) 793-0323
E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com
ATTORNEY FOR *(Name):* Plaintiff W. Virginia Laborers' Trust Fund

| FOR COURT USE ONLY |
|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund

DEFENDANT/RESPONDENT: STEC, Inc., et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: 30-2011-00489022-CU-SL-CXC |
|---|---|

TO *(insert name of party being served):* Mehrdad Moshayedi

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2011

Blair A. Nicholas
_____
(TYPE OR PRINT NAME)

*(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)*

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Case Cover Sheet; Alternate Dispute Resolution (ADR) Information Package

*(To be completed by recipient):*
Date this form is signed: 7/21/11

Mehrdad Moshayedi
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

Chis Johnstone, Esq.
Associate- Latham & Watkins
_____
*(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)*

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal Solutions Plus | Page 1 of 1 Code of Civil Procedure, §§ 415.30, 417.10 |

**Exhibit 2**
68

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

**POS-015**

Blair A. Nicholas (Bar No. 178428)
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
12481 High Bluff Drive, Suite 300

San Diego, California 92130-3582
TELEPHONE NO.: (858) 793-0070     FAX NO. *(Optional):*   (858) 793-0323
E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com
ATTORNEY FOR *(Name):* Plaintiff W. Virginia Laborers' Trust Fund

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund

DEFENDANT/RESPONDENT: STEC, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 30-2011-00489022-CU-SL-CXC |
|---|---|

TO *(insert name of party being served):* Manouch Moshayedi

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2011

Blair A. Nicholas
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information Package

*(To be completed by recipient):*
Date this form is signed: 7/21/11

Manouch Moshayedi
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Chris Johnstone, Esq.
Associate - Latham & Watkins
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Legal
Solutions
Plus

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10

**Exhibit 2**
**69**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | POS-015 |
|---|---|
| Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO.: (858) 793-0070   FAX NO. *(Optional):*   (858) 793-0323<br>E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com<br>ATTORNEY FOR *(Name):* Plaintiff W. Virginia Laborers' Trust Fund | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund

DEFENDANT/RESPONDENT: STEC, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2011-00489022-CU-SL-CXC |
|---|---|

TO *(insert name of party being served):* STEC, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2011

Blair A. Nicholas
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information Package

*(To be completed by recipient):*
Date this form is signed: 7/21/11

STEC, Inc.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Clair Johnstone, Esq.
Associate - Latham & Watkins
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>ᐧ Plus | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10 |

Exhibit 2
70

1  BERNSTEIN LITOWITZ BERGER
       & GROSSMANN LLP
2  Blair A. Nicholas (Bar No. 178428)
3  blairn@blbglaw.com
   Niki L. Mendoza (Bar No. 214646)
4  nikim@blbglaw.com
   Takeo A. Kellar (Bar No. 234470)
5  takeok@blbglaw.com
   12481 High Bluff Drive, Suite 300
6  San Diego, CA 92130
7  Tel: (858) 793-0070
   Fax: (858) 793-0323
8
   *Counsel for Plaintiff West Virginia Laborers'*
9  *Trust Fund and the Class*

10

11                  SUPERIOR COURT OF CALIFORNIA

12              IN AND FOR THE COUNTY OF ORANGE

13  WEST VIRGINIA LABORERS' TRUST        Case No. 30-2011-00489022-CU-SL-CXC
    FUND, Individually and on Behalf of All
14  Others Similarly Situated,           CLASS ACTION

15         Plaintiff,

16  v.                                   **NOTICE OF ENTRY OF MINUTE ORDER
                                         REASSIGNING CASE**
17  STEC, INC., MANOUCH
    MOSHAYEDI, MEHRDAD
18  MOSHAYEDI, RAYMOND D. COOK,          DEMAND FOR JURY TRIAL
    RAJAT BAHRI, BARCLAYS CAPITAL
19  INC., DEUTSCHE BANK
    SECURITIES, INC., J.P. MORGAN        Judge:    Honorable Gail A. Andler
20  SECURITIES, INC., and                Dept.:    CX101
    OPPENHEIMER & CO., INC.,
21
           Defendants.
22

23

24

25

26

27

28
                                              NOTICE OF ENTRY OF MINUTE
                                                 ORDER REASSIGNING CASE
                                            Case No. 30-2011-00489022-CU-SL-CXC

                                                                    **Exhibit 2
                                                                    71**

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that attached hereto as Exhibit A is a true and correct copy of

3  the Minute Order entered by the Court on July 13, 2011, reassigning this case to the Honorable

4  Gail A. Andler in Department CX101 for all purposes.

5

6  Dated: July 13, 2011                    BERNSTEIN LITOWITZ BERGER
                                           & GROSSMANN LLP
7

8                                          By _____

9                                               Blair A. Nicholas

10                                         Blair A. Nicholas (Bar No. 178428)
                                           blairn@blbglaw.com
11                                         Niki L. Mendoza (Bar No. 214646)
                                           nikim@blbglaw.com
12                                         Takeo A. Kellar (Bar No. 234470)
                                           takeok@blbglaw.com
13                                         12481 High Bluff Drive, Suite 300
                                           San Diego, CA 92130
14                                         Tel:    (858) 793-0070
                                           Fax:    (858) 793-0323
15

16                                         *Counsel for Plaintiff West Virginia Laborers' Trust*

17                                         *Fund and the Class*

18

19

20

21

22

23

24

25

26

27

28
                                                      NOTICE OF ENTRY OF MINUTE
                                                      ORDER REASSIGNING CASE
                                           -1-        Case No. 30-2011-00489022-CU-SL-CXC

Exhibit 2
72

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 07/13/2011                    TIME: 12:48:00 PM        DEPT: C32

JUDICIAL OFFICER PRESIDING: Supervising Judge Steven L. Perk
CLERK:  Nga Quach
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  None

CASE NO: **30-2011-00489022-CU-SL-CXC**  CASE INIT.DATE: 07/01/2011
CASE TITLE: **West Virginia Laborers' Trust Fund vs. STEC, Inc.**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Securities Litigation

EVENT ID/DOCUMENT ID: 71274203
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

A Peremptory Challenge under C.C.P. 170.6 as to the Honorable Ronald L. Bauer having been filed on 07/08/2011, by plaintiff, and this matter having been transferred to C32 for reassignment, the Court now rules as follows:

This case is reassigned to the Honorable Gail A. Andler in Department CX101 for all purposes.

The Court determines that for purposes of exercising C.C.P. 170.6 rights, there are two sides to this matter unless the contrary is brought to the attention of the Court, by Ex-Parte motion. Counsel have 15 days from the date of the enclosed certificate of mailing in which to exercise any rights under C.C.P. 170.6.

Clerk to give notice by email to plaintiff and plaintiff to give notice to all other parties.

Blair A. Nicholas of Bernstein Litowitz Berger & Grossman, LLP, blairn@blbglaw.com

DATE: 07/13/2011                        MINUTE ORDER                              Page 1
DEPT: C32                                                                    Calendar No.

Exhibit 2
74

1    BERNSTEIN LITOWITZ BERGER
      & GROSSMANN LLP
2    Blair A. Nicholas  (Bar No. 178428)
      blairn@blbglaw.com
3    Niki L. Mendoza  (Bar No. 214646)
      nikim@blbglaw.com
4    Joseph W. Goodman  (Bar No. 230161)
      Joseph.goodman@blbglaw.com
5    Paul M. Jonna  (Bar No. 265389)
      paulj@blbglaw.com
6    12481 High Bluff Drive, Suite 300
      San Diego, CA 92130
7    Tel:     (858) 793-0070
      Fax:    (858) 793-0323

8

9    *Counsel for Plaintiff West Virginia*
      *Laborers' Trust Fund and the Class*

10

11          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

12            IN AND FOR THE COUNTY OF ORANGE

13    WEST VIRGINIA LABORERS' TRUST       Case No. 30-2011-00489022-CU-SL-CXC
      FUND, Individually and on Behalf of All
14    Others Similarly Situated,       <u>CLASS ACTION</u>

15          Plaintiff,

16         v.       **DECLARATION OF SERVICE**

17

18    STEC, INC., MANOUCH MOSHAYEDI,       Judge:       Honorable Gail A. Andler
      MEHRDAD MOSHAYEDI, RAYMOND D.       Dept.:       CX101
19    COOK, RAJAT BAHRI, BARCLAYS
      CAPITAL INC., DEUTSCHE BANK
20    SECURITIES, INC., J.P. MORGAN
      SECURITIES, INC., and OPPENHEIMER &
21    CO., INC.,

22          Defendants.

23

24

25

26

27

28

DECLARATION OF SERVICE
Case No. 30-2011-00489022-CU-SL-CXC

Exhibit 2
75

1      I, DENA L. BIELASZ declare,

2         1.     That I am and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or

3  interested in the within action; that my business address is 12481 High Bluff Drive, Suite 300, San Diego, CA 92130.

4

5        2.     That on August 2, 2011, I caused to be served the following document(s):

6    • NOTICE OF ACKNOWLEDGMENT AND RECEIPT FOR DEFENDANT STEC, INC.;

7    • NOTICE OF ACKNOWLEDGMENT AND RECEIPT FOR DEFENDANT MANOUCH MOSHAYEDI;

8

9    • NOTICE OF ACKNOWLEDGMENT AND RECEIPT FOR DEFENDANT MEHRDAD MOSHAYEDI;

10    • NOTICE OF ACKNOWLEDGMENT AND RECEIPT FOR DEFENDANT RAYMOND D. COOK;

11

12    • NOTICE OF ACKNOWLEDGMENT AND RECEIPT FOR DEFENDANT RAJAT BEHRI;

13    • NOTICE OF ACKNOWLEDGMENT AND RECEIPT FOR DEFENDANT BARCLAYS CAPITAL INC.;

14

15    • NOTICE OF ACKNOWLEDGEMENT AND RECEIPT FOR DEFENDANT DEUTSCHE BANK SECURITIES, INC.;

16    • NOTICE OF ACKNOWLEDGMENT AND RECEIPT FOR DEFENDANT J.P. MORGAN SECURITIES, INC.;

17

18    • NOTICE OF ACKNOWLEDGMENT AND RECEIPT FOR DEFENDANT OPPENHEIMER & CO., INC.; and

19    • DECLARATION OF SERVICE

20  to counsel of record on the attached Service List as follows:

21   ☒   **(BY U.S. MAIL)** I am personally and readily familiar with the business practice

22  of Bernstein Litowitz Berger & Grossmann LLP for collecting and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United

23  States Postal Service at San Diego, California.

24   ☐   **(BY OVERNIGHT MAIL)** I am personally and readily familiar with the business practice of Bernstein Litowitz Berger & Grossmann LLP for collection

25  and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly

26  maintained by Federal Express for overnight delivery.

27   ☐   **(BY FACSIMILE)** I am personally and readily familiar with the business practice of Bernstein Litowitz Berger & Grossmann LLP for collection and

28  processing of document(s) to be transmitted by facsimile and I caused such

---

DECLARATION OF SERVICE                -1-
Case No. 30-2011-00489022-CU-SL-CXC

Exhibit 2
76

1         document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

2

3        I declare under penalty of perjury under the laws of State of CALIFORNIA that the

4   foregoing is true and correct. Executed this 2nd day of August, 2011, at San Diego, California.

5

6                                   DENA L. BIELASZ, CP
                                Certified Paralegal

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SERVICE                                 -2-
Case No. 30-2011-00489022-CU-SL-CXC

Exhibit 2
77

1

## SERVICE LIST

2

| | |
|---|---|
| Patrick E. Gibbs<br>**Latham & Watkins LLP**<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Tel:   (650) 463-4696<br>Patrick.gibbs@lw.com | John D. Pernick<br>**Bingham McCutchen**<br>3 Embarcadero Center, Suite 1800<br>San Francisco, CA 94111<br>Tel:   (415) 393-2000<br>john.pernick@bingham.com |

3

4

5

6

Christopher W. Johnstone

7   **Latham & Watkins LLP**
505 Montgomery Street, Suite 2000

8   San Francisco, CA 94111
Tel:   (415) 391-0600

9   Chris.johnstone@lw.com

*Counsel for Defendants Barclays Captial Inc.,
Deutsche Bank Securities, Inc., J.P. Morgan
Securities, Inc. and Oppenheimer & Co., Inc.*

10

11   *Counsel for Defendants STEC, Inc.,
Manouch Moshayedi, Mehrdad Moshayedi,*

12   *Raymond D. Cook and Rajat Bahri*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SERVICE                                                -3-
Case No. 30-2011-00489022-CU-SL-CXC

Exhibit 2
78

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>   TELEPHONE NO.: (858) 793-0070   FAX NO. (Optional): (858) 793-0323<br>E-MAIL ADDRESS (Optional): BlairN@blbglaw.com<br>   ATTORNEY FOR (Name): Plaintiff West Virginia Laborers' Trust Fund | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>   STREET ADDRESS: 751 W. Santa Ana Blvd.<br>   MAILING ADDRESS:<br>   CITY AND ZIP CODE: Santa Ana, California 92701<br>   BRANCH NAME: Civil Complex Center | |

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: STEC, Inc., et al. | 30-2011-00489022-CU-SL-CXC |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      STEC, Inc., care of Counsel, Chris Johnstone, Esq.
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: Latham & Watkins, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111
5. I served the party *(check proper box)*
   a. [ ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                      (2) at *(time):*
   b. [ ]  **by substituted service.** On *(date):*                      at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*                      or [ ] a declaration of mailing is attached.
      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Exhibit 2
79

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: STEC, Inc., et al. | 30-2011-00489022-CU-SL-CXC |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date): July 7, 2011       (2) from (city): San Diego

    (3) ☒ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☒ **by other means** (specify means of service and authorizing code section): by overnight delivery and confirmation of receipt of service. I overnighted the documents listed in item 2 to the party, to the address listed in item 4, by FedEx, pre-paid (Code Civ. Proc., Section 1013(c)).

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of (specify):
  c. ☐ as occupant.
  d. ☒ On behalf of (specify): STEC, Inc.
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                            ☐ other:

7. **Person who served papers**
  a. Name: Dena L. Bielasz
  b. Address: 12481 High Bluff Drive, Suite 300, San Diego, CA 92130
  c. Telephone number: (858) 793-0070
  d. **The fee for service was:** $ N/A
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
       (i) ☐ owner   ☐ employee   ☐ independent contractor.
       (ii) Registration No.:
       (iii) County:

8. ☒ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    or

9. ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: August 2, 2011

Dena L. Bielasz                         ▶ Dena L. Bielasz
_____               _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

**Exhibit 2**
**80**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Blair A. Nicholas (Bar No. 178428) BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP 12481 High Bluff Drive, Suite 300 San Diego, California 92130-3582 TELEPHONE NO.: (858) 793-0070   FAX NO. *(Optional)*:  (858) 793-0323 E-MAIL ADDRESS *(Optional)*: BlairN@blbglaw.com ATTORNEY FOR *(Name)*: Plaintiff W. Virginia Laborers' Trust Fund | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund

DEFENDANT/RESPONDENT: STEC, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 30-2011-00489022-CU-SL-CXC |
|---|---|

TO *(insert name of party being served):* STEC, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2011

Blair A. Nicholas
_____  ▶  _____
(TYPE OR PRINT NAME)                 (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information Package

*(To be completed by recipient):*
Date this form is signed: 7/21/11

STEC, Inc.
_____  ▶  Chris Johnstone, Esq.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,      Associate-Latham & Watkins
ON WHOSE BEHALF THIS FORM IS SIGNED)                _____
                                 (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                 ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Exhibit 2
81**

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO.: (858) 793-0070      FAX NO. *(Optional):*   (858) 793-0323<br>E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com<br>ATTORNEY FOR *(Name):* Plaintiff West Virginia Laborers' Trust Fund | FOR COURT USE ONLY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>STREET ADDRESS: 751 W. Santa Ana Blvd.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, California 92701<br>BRANCH NAME: Civil Complex Center | |
| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund | CASE NUMBER: |
| DEFENDANT/RESPONDENT: STEC, Inc., et al. | 30-2011-00489022-CU-SL-CXC |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X]  summons
   b. [X]  complaint
   c. [X]  Alternative Dispute Resolution (ADR) package
   d. [X]  Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ]  cross-complaint
   f. [ ]  other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      Manouch Moshayedi, care of Counsel, Chris Johnstone, Esq.
   b. [ ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: Latham & Watkins, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111
5. I served the party *(check proper box)*
   a. [ ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                    (2) at *(time):*
   b. [ ]  **by substituted service.** On *(date):*                    at *(time):*                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*            from *(city):*                    or [ ] a declaration of mailing is attached.

      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS**   Legal<br>Solutions<br>Plus | Code of Civil Procedure, § 417.10 |

**Exhibit 2**
82

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: STEC, Inc., et al. | 30-2011-00489022-CU-SL-CXC |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* July 7, 2011     (2) from *(city):* San Diego

    (3) ☒ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☒  **by other means** *(specify means of service and authorizing code section):* by overnight delivery and confirmation of receipt of service. I overnighted the documents listed in item 2 to the party, to the address shown in item 4, by FedEx, pre-paid, (Code Civ. Proc., Section 1013(c)).

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of *(specify):*
  c. ☐  as occupant.
  d. ☐  On behalf of *(specify):*

    under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)      ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)      ☐ 415.46 (occupant)
                                   ☐ other:

7.  **Person who served papers**
  a. Name: Dena L. Bielasz
  b. Address: 12481 High Bluff Drive, Suite 300, San Diego, CA 92130
  c. Telephone number: (858) 793-0070
  d. The fee for service was: $ N/A
  e. I am:

    (1) ☐  not a registered California process server.
    (2) ☒  exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐  registered California process server:
      (i) ☐ owner    ☐ employee    ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: August 2, 2011

Dena L. Bielasz               ▶ *Dena L. Bielasz*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)      (SIGNATURE)

**Exhibit 2**
**83**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Blair A. Nicholas (Bar No. 178428) BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP 12481 High Bluff Drive, Suite 300 San Diego, California 92130-3582 TELEPHONE NO.: (858) 793-0070   FAX NO. *(Optional):*   (858) 793-0323 E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com ATTORNEY FOR *(Name):* Plaintiff W. Virginia Laborers' Trust Fund | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange

STREET ADDRESS: 751 W. Santa Ana Blvd.

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, California 92701

BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund

DEFENDANT/RESPONDENT: STEC, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 30-2011-00489022-CU-SL-CXC |
|---|---|

TO *(insert name of party being served):* Manouch Moshayedi

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2011

Blair A. Nicholas
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other: *(specify):* Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information Package

*(To be completed by recipient):*

Date this form is signed: 7/21/11

Manouch Moshayedi
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

Chris Johnstone, Esq.
Associate - Latham & Watkins
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1 Code of Civil Procedure, §§ 415.30, 417.10 |
|---|---|---|

Legal Solutions Plus

**Exhibit 2**
**84**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO.: (858) 793-0070    FAX NO. *(Optional):* (858) 793-0323<br>E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com<br>ATTORNEY FOR *(Name):* Plaintiff West Virginia Laborers' Trust Fund | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Civil Complex Center

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: STEC, Inc., et al. | 30-2011-00489022-CU-SL-CXC |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      Mehrdad Moshayedi, care of Counsel, Chris Johnstone, Esq.
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: Latham & Watkins, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*              at *(time):*              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*              or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Legal<br>Solutions<br>℗ Plus | Code of Civil Procedure, § 417.10 |
|---|---|---|---|

**Exhibit 2**
85

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: STEC, Inc., et al. | 30-2011-00489022-CU-SL-CXC |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* July 7, 2011        (2) from *(city):* San Diego

    (3)  ☒  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☒  **by other means** *(specify means of service and authorizing code section):*  by overnight delivery and confirmation of receipt of service.  I overnighted the documents listed in item 2 to the party, to the address shown in item 4, by FedEx, pre-paid, (Code Civ. Proc., Section 1013(c)).

     ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☒  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☐  On behalf of *(specify):*
      under the following Code of Civil Procedure section:

        ☐  416.10 (corporation)        ☐  415.95 (business organization, form unknown)
        ☐  416.20 (defunct corporation)        ☐  416.60 (minor)
        ☐  416.30 (joint stock company/association)    ☐  416.70 (ward or conservatee)
        ☐  416.40 (association or partnership)     ☐  416.90 (authorized person)
        ☐  416.50 (public entity)            ☐  415.46 (occupant)
                                    ☐  other:

7.  **Person who served papers**
   a.  Name:  Dena L. Bielasz
   b.  Address:  12481 High Bluff Drive, Suite 300, San Diego, CA 92130
   c.  Telephone number:  (858) 793-0070
   d.  **The fee for service was:** $  N/A
   e.  I am:

      (1)  ☐  not a registered California process server.
      (2)  ☒  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☐  registered California process server:
         (i)  ☐  owner    ☐  employee    ☐  independent contractor.
        (ii)  Registration No.:
        (iii)  County:

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: August 2, 2011

Dena L. Bielasz                      ▶ *Dena L. Bielasz*
────────────────────────────
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

**Exhibit 2**
**86**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO.: (858) 793-0070   FAX NO. *(Optional):*   (858) 793-0323<br>E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com<br>ATTORNEY FOR *(Name):* Plaintiff W. Virginia Laborers' Trust Fund | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange |
|---|
| STREET ADDRESS: 751 W. Santa Ana Blvd. |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Santa Ana, California 92701 |
| BRANCH NAME: Civil Complex Center |

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund<br><br>DEFENDANT/RESPONDENT: STEC, Inc., et al. |
|---|

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2011-00489022-CU-SL-CXC |
|---|---|

TO *(insert name of party being served):* <u>Mehrdad Moshayedi</u>

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2011

<u>Blair A. Nicholas</u>
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other: *(specify):* Civil Case Cover Sheet; Alternate Dispute Resolution (ADR) Information Package

*(To be completed by recipient):*
Date this form is signed: 7/21/11

<u>Mehrdad Moshayedi</u>
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *Chis Johnstone, Esq.*
*Associate - Latham & Watkins*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions-<br>℗ Plus | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

**Exhibit 2**
**87**

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO.: (858) 793-0070   FAX NO. *(Optional):* (858) 793-0323<br>E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com<br>ATTORNEY FOR *(Name):* Plaintiff West Virginia Laborers' Trust Fund | FOR COURT USE ONLY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>STREET ADDRESS: 751 W. Santa Ana Blvd.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, California 92701<br>BRANCH NAME: Civil Complex Center | |
| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund<br><br>DEFENDANT/RESPONDENT: STEC, Inc., et al. | CASE NUMBER:<br>30-2011-00489022-CU-SL-CXC |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      Raymond D. Cook, care of Counsel, Chris Johnstone, Esq.
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: Latham & Watkins, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*          (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | | |
|---|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Legal<br>Solutions<br>⚖ Plus | Code of Civil Procedure, § 417.10 |

Exhibit 2
88

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund | CASE NUMBER: 30-2011-00489022-CU-SL-CXC |
|---|---|
| DEFENDANT/RESPONDENT: STEC, Inc., et al. | |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1) on *(date):* July 7, 2011         (2) from *(city):* San Diego

     (3) ☒ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

     (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☒  **by other means** *(specify means of service and authorizing code section):* by overnight delivery and confirmation of receipt of service. I overnighted the documents listed in item 2 to the party, to the address shown in item 4, by FedEx, pre-paid, (Code Civ. Proc., Section 1013(c)).

     ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☒  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify):*
     under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                    ☐ other:

7.  **Person who served papers**
  a.  Name:  Dena L. Bielasz
  b.  Address: 12481 High Bluff Drive, Suite 300, San Diego, CA 92130
  c.  Telephone number: (858) 793-0070
  d.  The fee for service was: $ N/A
  e.  I am:

     (1) ☐  not a registered California process server.
     (2) ☒  exempt from registration under Business and Professions Code section 22350(b).
     (3) ☐  registered California process server:
       (i) ☐  owner     ☐ employee     ☐ independent contractor.
       (ii)  Registration No.:
       (iii)  County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: August 2, 2011

Dena L. Bielasz                        ▶ *(signature)*
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)             (SIGNATURE)

**Exhibit 2**
**89**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Blair A. Nicholas (Bar No. 178428) BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP 12481 High Bluff Drive, Suite 300 San Diego, California 92130-3582 TELEPHONE NO.: (858) 793-0070   FAX NO. *(Optional):*   (858) 793-0323 E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com ATTORNEY FOR *(Name):* Plaintiff W. Virginia Laborers' Trust Fund | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund

DEFENDANT/RESPONDENT: STEC, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 30-2011-00489022-CU-SL-CXC |
|---|---|

TO *(insert name of party being served):* Raymond D. Cook

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2011

Blair A. Nicholas
(TYPE OR PRINT NAME)
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Cover Sheet; Alternative Dispute Resolution (ADR) Information Package

*(To be completed by recipient):*
Date this form is signed: 7/21/11

Raymond D. Cook
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

Chris Johnstone, Esq.
Associate- Latham & Watkins
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal Solutions Plus | Page 1 of 1 Code of Civil Procedure, §§ 415.30, 417.10 |
|---|---|---|---|

Exhibit 2
90

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO.: (858) 793-0070  FAX NO. *(Optional)*:  (858) 793-0323<br>E-MAIL ADDRESS *(Optional)*: BlairN@blbglaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff West Virginia Laborers' Trust Fund | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>STREET ADDRESS: 751 W. Santa Ana Blvd.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, California 92701<br>BRANCH NAME: Civil Complex Center |

| | |
|---|---|
| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund<br><br>DEFENDANT/RESPONDENT: STEC, Inc., et al. | CASE NUMBER:<br>30-2011-00489022-CU-SL-CXC |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*:
   Rajat Bahri, care of Counsel, Chris Johnstone, Esq.
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served: Latham & Watkins, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date)*:  (2) at *(time)*:
   b. [ ] **by substituted service.** On *(date)*:  at *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:  from *(city)*:  or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS**  Legal<br>Solutions<br>℗ Plus | Code of Civil Procedure, § 417.10 |

Exhibit 2
91

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: STEC, Inc., et al. | 30-2011-00489022-CU-SL-CXC |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* July 7, 2011      (2) from *(city):* San Diego

    (3) ☒ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☒  **by other means** *(specify means of service and authorizing code section):* by overnight delivery and confirmation of receipt of service. I overnighted the documents listed in item 2 to the party, to the address shown in item 4, by FedEx, pre-paid, (Code Civ. Proc., Section 1013(c)).

     ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☒  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☐  On behalf of *(specify):*
      under the following Code of Civil Procedure section:

        ☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                                  ☐ other:

7.  **Person who served papers**
   a.  Name:  Dena L. Bielasz
   b.  Address: 12481 High Bluff Drive, Suite 300, San Diego, CA 92130
   c.  Telephone number: (858) 793-0070
   d.  **The fee for service was:** $  N/A
   e.  I am:

     (1) ☐  not a registered California process server.
     (2) ☒  exempt from registration under Business and Professions Code section 22350(b).
     (3) ☐  registered California process server:
        (i) ☐  owner    ☐ employee   ☐ independent contractor.
        (ii) Registration No.:
        (iii) County:

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: August 2, 2011

Dena L. Bielasz                                ▶ *[signature]*
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)             (SIGNATURE)

**Exhibit 2**
**92**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO.: (858) 793-0070    FAX NO. *(Optional)*:    (858) 793-0323<br>E-MAIL ADDRESS *(Optional)*: BlairN@blbglaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff W. Virginia Laborers' Trust Fund | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange |
|---|
| STREET ADDRESS: 751 W. Santa Ana Blvd. |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Santa Ana, California 92701 |
| BRANCH NAME: Civil Complex Center |

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund |
|---|
| DEFENDANT/RESPONDENT: STEC, Inc., et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2011-00489022-CU-SL_CXC |
|---|---|

TO *(insert name of party being served)*: Rajat Bahri

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2011

Blair A. Nicholas
(TYPE OR PRINT NAME)                         ► *[signature]*
                                             (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other: *(specify)*: Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information Package

*(To be completed by recipient)*:
Date this form is signed: 7/21/11

Rajat Bahri
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

*[signature]* Chris Johnstone, Esq.
► Associate – Latham & Watkins
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>☼ Plus | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

Exhibit 2
93

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO.: (858) 793-0070   FAX NO. *(Optional):* (858) 793-0323<br>E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com<br>ATTORNEY FOR *(Name):* Plaintiff West Virginia Laborers' Trust Fund | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
  STREET ADDRESS: 751 W. Santa Ana Blvd.
  MAILING ADDRESS:
  CITY AND ZIP CODE: Santa Ana, California 92701
  BRANCH NAME: Civil Complex Center

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund<br><br>DEFENDANT/RESPONDENT: STEC, Inc., et al. | CASE NUMBER:<br>30-2011-00489022-CU-SL-CXC |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X]  summons
   b. [X]  complaint
   c. [X]  Alternative Dispute Resolution (ADR) package
   d. [X]  Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ]  cross-complaint
   f. [ ]  other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      Barclays Capital Inc., care of Counsel, John Pernick, Esq.
   b. [ ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: Bingham McCutchen, 3 Embarcardero Center, Suite 1800, San Francisco, CA 94111
5. I served the party *(check proper box)*
   a. [ ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                    (2) at *(time):*
   b. [ ]  **by substituted service.** On *(date):*              at *(time):*              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*              from *(city):*                    or [ ] a declaration of mailing is attached.

      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Legal<br>Solutions<br>Ⓔ Plus | Code of Civil Procedure, § 417.10 |

**Exhibit 2**
94

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: STEC, Inc., et al. | 30-2011-00489022-CU-SL-CXC |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1) on *(date):* July 8, 2011      (2) from *(city):* San Diego

      (3)  ☒  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

      (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☒  **by other means** *(specify means of service and authorizing code section):* by overnight delivery and confirmation of receipt of service. I overnighted the documents listed in item 2 to the party, to the address shown in item 4, by FedEx, pre-paid, (Code Civ. Proc., Section 1013(c).)

     ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☒  On behalf of *(specify):* Barclays Capital Inc.
     under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
   a. Name: Dena L. Bielasz
   b. Address: 12481 High Bluff Drive, Suite 300, San Diego, CA 92130
   c. Telephone number: (858) 793-0070
   d. **The fee for service was:** $ N/A
   e. I am:

     (1)  ☐  not a registered California process server.
     (2)  ☒  exempt from registration under Business and Professions Code section 22350(b).
     (3)  ☐  registered California process server:
        (i)  ☐ owner  ☐ employee  ☐ independent contractor.
        (ii)  Registration No.:
        (iii)  County:

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: August 2, 2011

Dena L. Bielasz
<small>(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)</small>

▶ *Dena L Bielasz* (signature)
              <small>(SIGNATURE )</small>

**Exhibit 2**
**95**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Blair A. Nicholas (Bar No. 178428) BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP 12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO.: (858) 793-0070   FAX NO. *(Optional)*:   (858) 793-0323<br>E-MAIL ADDRESS *(Optional)*: BlairN@blbglaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff W. Virginia Laborers' Trust Fund | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange |
|---|
| STREET ADDRESS: 751 W. Santa Ana Blvd. |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Santa Ana, California 92701 |
| BRANCH NAME: Civil Complex Center |

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund |
|---|
| DEFENDANT/RESPONDENT: STEC, Inc., et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2011-00489022-CU-SL-CXC |
|---|---|

TO *(insert name of party being served)*: Barclays Capital Inc.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 8, 2011

Blair A. Nicholas
(TYPE OR PRINT NAME)

*[signature]*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify)*: Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information Package

*(To be completed by recipient)*:
Date this form is signed: 7/15/11

John Powick, Counsel for Barclays
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

*[signature]*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Legal
Solutions
& Plus

Code of Civil Procedure,
§§ 415.30, 417.10

Exhibit 2
96

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>    TELEPHONE NO.: (858) 793-0070   FAX NO. *(Optional):*  (858) 793-0323<br>E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com<br>  ATTORNEY FOR *(Name):* Plaintiff West Virginia Laborers' Trust Fund | **FOR COURT USE ONLY** |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>   STREET ADDRESS: 751 West Santa Ana Blvd.<br>   MAILING ADDRESS:<br>   CITY AND ZIP CODE: Santa Ana, California 92701<br>   BRANCH NAME: Civil Complex Center |

| | |
|---|---|
| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund<br><br>DEFENDANT/RESPONDENT: STEC, Inc., et al. | CASE NUMBER:<br><br>30-2011-00489022-CU-SL-CXC |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):* Deutsche Bank Securities, Inc., care of
      Counsel, John Pernick, Esq.
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: Bingham McCutchen, 3 Embarcadero Center, Suite 1800, San Francisco,
   CA 94111

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
         receive service of process for the party (1) on *(date):*      (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*  at *(time):*    I left the documents listed in item 2 with or
         in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
             of the person to be served. I informed him or her of the general nature of the papers.

       (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
             place of abode of the party. I informed him or her of the general nature of the papers.

       (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
             address of the person to be served, other than a United States Postal Service post office box. I informed
             him or her of the general nature of the papers.

       (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
             at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
             *(date):*    from *(city):*      or [ ] a declaration of mailing is attached.

       (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Exhibit 2
97

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund | CASE NUMBER:<br>30-2011-00489022-CU-SL-CXC |
|---|---|
| DEFENDANT/RESPONDENT: STEC, Inc., et al. | |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* July 8, 2011           (2) from *(city):* San Diego

    (3) ☒ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☒ **by other means** *(specify means of service and authorizing code section):* by overnight delivery and confirmation of receipt of service. I overnighted the documents listed in item 2 to the party, to the address shown in item 4, by FedEx, pre-paid, (Code Civ. Proc., Section 1013(c).)

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* Deutsche Bank Securities, Inc.
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                  ☐ other:

7. **Person who served papers**
  a. Name: Dena L. Bielasz
  b. Address: 12481 High Bluff Drive, Suite 300, San Diego, CA 92130
  c. Telephone number: (8580 793-0070
  d. The fee for service was: $ N/A
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
        (i) ☐ owner   ☐ employee   ☐ independent contractor.
        (ii) Registration No.:
        (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: August 2, 2011

Dena L. Bielasz
<br>(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

*Dena L. Bielasz*
<br>(SIGNATURE)

**Exhibit 2**
**98**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO.: (858) 793-0070   FAX NO. *(Optional):*   (858) 793-0323<br>E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com<br>ATTORNEY FOR *(Name):* Plaintiff W. Virginia Laborers' Trust Fund | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
  STREET ADDRESS: 751 W. Santa Ana Blvd.
  MAILING ADDRESS:
  CITY AND ZIP CODE: Santa Ana, California 92701
  BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund

DEFENDANT/RESPONDENT: STEC, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2011-00489022-CU-SL-CXC |
|---|---|

TO *(insert name of party being served):* Deutsche Bank Securities, Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 8, 2011

Blair A. Nicholas
      (TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information Package

*(To be completed by recipient):*
Date this form is signed: 7/13/11

John Feinich, Counsel for Deutsche Bank
      (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,            (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
       ON WHOSE BEHALF THIS FORM IS SIGNED)                           ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Exhibit 2
99

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO: (858) 793-0070   FAX NO. *(Optional):*   (858) 793-0323<br>E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com<br>ATTORNEY FOR *(Name):* Plaintiff West Virginia Laborers' Trust Fund | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange |
|---|
| STREET ADDRESS: 751 West Santa Ana Blvd. |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Santa Ana, California 92701 |
| BRANCH NAME: Civil Complex  Center |

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: STEC, Inc., et al. | 30-2011-00489022-CVU-SL-CXC |

| | Ref. No. or File No.: |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [x]  summons
   b. [x]  complaint
   c. [x]  Alternative Dispute Resolution (ADR) package
   d. [x]  Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ]  cross-complaint
   f. [ ]  other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):* J.P. Morgan Securities, Inc., care of Counsel, John Pernick, Esq.
   b. [ ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: Bingham McCutchen, 3 Embarcardero Center, Suite 1800, San Francisco, CA 94111

5. I served the party *(check proper box)*
   a. [ ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                    (2) at *(time):*
   b. [ ]  **by substituted service.** On *(date):*              at *(time):*           I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*           from *(city):*               or [ ] a declaration of mailing is attached.

      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure, § 417.10 |
|---|---|---|---|

**Exhibit 2**
**100**

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: STEC, Inc., et al. | 30-2011-00489022-CVU-SL-CXC |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* July 8, 2011      (2) from *(city):* San Diego

    (3) ☒ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☒ **by other means** *(specify means of service and authorizing code section):* by overnight delivery and confirmation of receipt of service. I overnighted the documents listed in item 2 to the party, to the address shown in item 4, by FedEx, pre-paid, (Code Civ. Proc., Section 1013(c).)

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* J.P. Morgan Securities, Inc.

    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)       ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)        ☐ 415.46 (occupant)
                            ☐ other:

7. **Person who served papers**
  a. Name: Dena L. Bielasz
  b. Address: 12481 High Bluff Drive, Suite 300, San Diego, CA 92130
  c. Telephone number: (858) 793-0070
  d. The fee for service was: $ N/A
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner   ☐ employee   ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☒ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    or

9. ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: August 2, 2011

Dena L. Bielasz                         ▶ *Dena L. Bielasz*
_____                _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)      (SIGNATURE )

**Exhibit 2**
**101**

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO.: (858) 793-0070  FAX NO. (Optional): (858) 793-0323<br>E-MAIL ADDRESS (Optional): BlairN@blbglaw.com<br>ATTORNEY FOR (Name): Plaintiff W. Virginia Laborers' Trust Fund | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund

DEFENDANT/RESPONDENT: STEC, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2011-00489022-CU-SL-CXC |
|---|---|

TO (insert name of party being served): J.P. Morgan Securities, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 8, 2011

Blair A. Nicholas
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [X] A copy of the summons and of the complaint.
2. [X] Other: (specify): Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information Package

(To be completed by recipient):
Date this form is signed: 7/13/11

John Perniot, Counsel for J.P Morgan
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _(signature)_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

**Exhibit 2**
**102**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO.: (858) 793-0070   FAX NO. *(Optional):*  (858) 793-0323<br>E-MAIL ADDRESS *(Optional):* BlairN@blbglaw.com<br>ATTORNEY FOR *(Name):* Plaintiff West Virginia Laborers' Trust Fund | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>STREET ADDRESS: 751 West Santa Ana Blvd.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, California 92701<br>BRANCH NAME: Civil Complex Center |

| | |
|---|---|
| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund<br><br>DEFENDANT/RESPONDENT: STEC, Inc., et al. | CASE NUMBER:<br><br>30-2011-00489022-CU-SL-CXC |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☒ summons

   b. ☒ complaint

   c. ☒ Alternative Dispute Resolution (ADR) package

   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*

    Oppenheimer & Co., Inc., care of Counsel, John Pernick, Esq.

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: Bingham McCutchen, 3 Embarcadero Center, Suite 1800, San Francisco, CA 94111

5. I served the party *(check proper box)*

   a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                              (2) at *(time):*

   b. ☐ by substituted service. On *(date):*                at *(time):*             I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*             from *(city):*                      or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS** Code of Civil Procedure, § 417.10

**Exhibit 2**<br>**103**

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: STEC, Inc., et al. | 30-2011-00489022-CU-SL-CXC |

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1)   on *(date):* July 8, 2011      (2) from *(city):* San Diego

  (3)   ☒   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

  (4)   ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.   ☒   **by other means** *(specify means of service and authorizing code section):*  by overnight delivery and confirmation of receipt of service. I overnighted the documents listed in item 2 to the party, to the address shown in item 4, by FedEx, pre-paid,  (Code Civ. Proc., Section 1013(c).)

  ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
  a.   ☐   as an individual defendant.
  b.   ☐   as the person sued under the fictitious name of *(specify):*
  c.   ☐   as occupant.
  d.   ☒   On behalf of *(specify):* Oppenheimer & Co., Inc.
      under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7.   **Person who served papers**
  a.   Name:  Dena L. Bielasz
  b.   Address:  12481 High Bluff Drive, Suite 300, San Diego, CA 92130
  c.   Telephone number:  (858) 793-0070
  d.   **The fee for service was:** $  N/A
  e.   I am:

  (1)   ☐   not a registered California process server.
  (2)   ☒   exempt from registration under Business and Professions Code section 22350(b).
  (3)   ☐   registered California process server:
      (i)   ☐ owner   ☐ employee   ☐ independent contractor.
      (ii)   Registration No.:
      (iii)   County:

8.   ☒   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9.   ☐   **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: August  2, 2011

Dena L. Bielasz
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    ▸ *Dena L Bielasz* (SIGNATURE)

**Exhibit 2**
**104**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Blair A. Nicholas (Bar No. 178428)<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>12481 High Bluff Drive, Suite 300<br><br>San Diego, California 92130-3582<br>TELEPHONE NO.: (858) 793-0070  FAX NO. *(Optional)*:  (858) 793-0323<br>E-MAIL ADDRESS *(Optional)*: BlairN@blbglaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff W. Virginia Laborers' Trust Fund | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange |
|---|
| STREET ADDRESS: 751 W. Santa Ana Blvd. |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Santa Ana, California 92701 |
| BRANCH NAME: Civil Complex Center |

| PLAINTIFF/PETITIONER: West Virginia Laborers' Trust Fund |
|---|
| DEFENDANT/RESPONDENT: STEC, Inc., et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2011-00489022-CU-SL-CXC |
|---|---|

TO *(insert name of party being served)*: Oppenheimer & Co., Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 8, 2011

Blair A. Nicholas
_____
(TYPE OR PRINT NAME)

► *Blair A. Nicholas*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify)*: Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information Package

*(To be completed by recipient):*
Date this form is signed: 7/13/11

John Pernick, counsel for Oppenheimer
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

Exhibit 2
105

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV11- 1171 DOC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
WEST VIRGINIA LABORERS' TRUST FUND, Individually and on Behalf of All Others Similarly Situated

**DEFENDANTS**
STEC. INC., MANOUCH MOSHAYEDI, MEHRDAD MOSHAYEDI, RAYMOND D. COOK, RAJAT BAHRI, BARCLAYS CAPITAL INC., DEUTSCHE BANK SECURITIES, INC., (Continued in Attachment 1)

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

(See Attachment 2)

Attorneys (If Known)

(See Attachment 3)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (15 U.S.C. §§ 77k, 77l(a)(2) and 77o). (Brief Statement of Cause in Attachment 4)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☒ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 840 Trademark |
| ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | |
| ☐ 290 All Other Real Property | |

**SACV11 - 1171 DOC (RNBx)**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): (See Attachment 5)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or

☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | West Virginia |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| (See Attachment 6) | (See Attachment 6) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  8/4/11

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

**ATTACHMENT 1 TO CIVIL COVER SHEET**

2  I(a).   Defendants (continued):

3         J.P. MORGAN SECURITIES, INC., and OPPENHEIMER & CO., INC.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1           **ATTACHMENT 2 TO CIVIL COVER SHEET**

2   I(b).   Attorneys for Plaintiffs:

3           Blair A. Nicholas (SBN 178428)

4           Niki L. Mendoza (SBN 214646)

5           Takeo A. Kellar (SBN 234470)

6           BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP

7           12481 High Bluff Drive, Suite 300

8           San Diego, CA 92130

9           Tel: (858) 793-0070

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT 3 TO CIVIL COVER SHEET**

I(b).   Attorneys for STEC, INC., MANOUCH MOSHAYEDI, MEHRDAD
MOSHAYEDI, RAYMOND D. COOK, and RAJAT BAHRI:

Patrick E. Gibbs (SBN 183174)

Chris W. Johnstone (SBN 242152)

LATHAM & WATKINS LLP

140 Scott Drive

Menlo Park, CA 94025

Tel: (650) 328-4600

Michele D. Johnson (SBN 198298)

LATHAM & WATKINS LLP

650 Town Center Drive, 20th Floor

Costa Mesa, CA 92626

Tel: (714) 540-1235

I(b).   Attorneys for BARCLAYS CAPITAL INC., DEUTSCHE BANK
SECURITIES, INC., J.P. MORGAN SECURITIES, INC., and
OPPENHEIMER & CO., INC.:

John D. Pernick (SBN 155468)

Amy G. June (SBN 218610)

BINGHAM MCCUTCHEN LLP

Three Embarcadero Center

San Francisco, CA 94111

Tel: (415) 393-2000

1            **ATTACHMENT 4 TO CIVIL COVER SHEET**

2 VI.   Brief Statement of Cause:

3            Removal of Plaintiffs' claims arising under Sections 11, 12(a)(2), and

4            15 of the Securities Act of 1933 because they involve federal

5            questions.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTACHMENT 5 TO CIVIL COVER SHEET

VIII(b). Related Cases:

*In re STEC, Inc., Securities Litigation*, 8:09-cv-01304-JVS-MLG, which includes the following consolidated matters:

- *Fischer v. STEC, Inc., et al.*, 2:09-cv-08536-JVS-MLG
- *Sakhai v. STEC, Inc., et al.*, 8:09-cv-01306-JVS-MLG
- *Greenwald v. STEC, Inc., et al.*, 8:09-01315-JVS-MLG
- *Munter v. STEC, Inc., et al.*, 8:09-cv-01320-JVS-MLG
- *Weinberger v. STEC, Inc., et al.*, 8:09-cv-01460-JVS-MLG
- *Meda v. STEC, Inc., et al.*, 8:10-cv-00248-JVS-MLG

*In re STEC, Inc., Derivative Litigation*, 2:10-cv-00667-JVS-MLG, which includes the following consolidated matters:

- *Building Trades United Pension Trust Fund v. Manouch Moshayedi, et al.*, 2:10-cv-00667-JVS-MLG
- *Gerov v. Manouch Moshayedi, et al.*, 8:10-cv-00220-JVS-MLG

**ATTACHMENT 6 TO CIVIL COVER SHEET**

IX(b). Residence of Defendants:

| | |
|---|---|
| STEC, INC.: | Orange County |
| MANOUCH MOSHAYEDI: | Orange County |
| MEHRDAD MOSHAYEDI: | Orange County |
| RAYMOND D. COOK: | Orange County |
| RAJAT BAHRI: | Santa Clara County |
| BARCLAYS CAPITAL INC.: | New York |
| DEUTSCHE BANK SECURITIES, INC.: | New York |
| J.P. MORGAN SECURITIES, INC.: | New York |
| OPPENHEIMER & CO., INC.: | New York |