BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
BLAIR A. NICHOLAS  (Bar No. 178428)
blairn@blbglaw.com
NIKI L. MENDOZA  (Bar No. 214646)
nikim@blbglaw.com
JOSEPH W. GOODMAN  (Bar No. 230161)
joseph.goodman@blbglaw.com
PAUL M. JONNA  (Bar No. 265389)
paulj@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

*Counsel for Plaintiff West Virginia
Laborers' Trust Fund and the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| WEST VIRGINIA LABORERS' TRUST FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>v.<br><br>STEC, INC., MANOUCH MOSHAYEDI, MEHRDAD MOSHAYEDI, RAYMOND D. COOK, RAJAT BAHRI, BARCLAYS CAPITAL INC., DEUTSCHE BANK SECURITIES, INC., J.P. MORGAN SECURITIES, INC., and OPPENHEIMER & CO., INC.,<br><br>          Defendants. | Case No. 11-cv-01171-JVS (MLGx)<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND THIS ACTION TO STATE COURT**<br><br>Hearing Date:   September 19, 2011<br>Time:               1:30 p.m.<br>Judge:             Hon. James V. Selna<br>Courtroom:      10C |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................ ii

I.    INTRODUCTION .................................................................................... 1

II.   ARGUMENT ........................................................................................... 4

     A.    The Plain Language Of The Statute Dictates
          That This Action Was Improperly Removed ....................................... 4

     B.    Because Every Recent Decision In The
          Ninth Circuit Holds That Removal Is
          Improper, Defendants Are Forced To Rely
          On Out-Of-Circuit District Court Cases ............................................. 9

     C.    To The Extent Necessary To Consider,
          SLUSA's Legislative History Further
          Demonstrates That Congress Did Not Intend
          To Strip State Court Of Concurrent
          Jurisdiction ...................................................................................... 14

          1.    The Senate Committee Reports ................................................. 14

          2.    The House Committee Reports ................................................... 16

          3.    The Conference Committee Reports ........................................... 17

          4.    Defendants' Interpretation Of The
               Legislative History Is Wrong ..................................................... 17

     D.    Defendants' Discussion Of The Class
          Action Alleging Exchange Act Claims Is
          Irrelevant To The Legal Issue Of Whether
          The Case Was Properly Removed ....................................................... 18

III.  CONCLUSION ...................................................................................... 19

1

# <u>TABLE OF AUTHORITIES</u>

2

<u>Case</u>                                                                                                    Page

3

*Alkow v. TXU Corp.*,

4
    2003 U.S. Dist. LEXIS 7900 (N.D. Tex. May 8, 2003) ....................................10

5

*Brody v. Homestore, Inc.*,

6
    240 F. Supp. 2d 1122 (C.D. Cal. 2003) ..............................................................10

7

*Davis v. Michigan Dep't of Treasury*,

8
    489 U.S. 803, 109 S. Ct. 1500 (1989) ...............................................................14

9

*Duncan v. Walker*,

10
    533 U.S. 167, 121 S. Ct. 2120 (2001).................................................................13

11

*Emrich v. Touche Ross & Co.*,

12
    846 F.2d 1190 (9th Cir. 1988) .............................................................................1

13

*In re Fannie Mae 2008 Sec. Litig.*,

    2009 U.S. Dist LEXIS 109888 (S.D.N.Y. Nov. 24, 2009)................................13

14

*Grivas v. Parmalee Transp. Co.*,

15
    207 F.2d 334 (7th Cir. 1953) ...............................................................................7

16

*Haw. Structural Ironworkers Pension Trust Fund v. Calpine Corp.*,

17
    2003 WL 23509312 (S.D. Cal. Aug. 27, 2003)...........................................10, 17

18

*Indiana State District Council of Laborers and*

19
    *Hod Carriers Pension Fund v. Gecht*,

    2007 WL 902554 (N.D. Cal. Mar. 22, 2007) ....................................................19

20

*Kircher v. Putnam Funds Trust*,

21
    547 U.S. 633, 126 S. Ct. 2145 (2006).........................................................passim

22

*Knox v. Agria Corp.*,

23
    613 F. Supp. 2d 419 (S.D.N.Y. 2009) ....................................................12, 13, 14

24

*Kulinski v. Am. Elec. Power Co.*,

25
    2003 U.S. Dist. LEXIS 29447 (S.D. Ohio Sept. 19, 2003) ...............................10

26

*Layne v. Countrywide Fin. Corp. et al.*,

27
    No. 09-3262-MRP (C.D. Cal. July 8, 2008).................................................6, 7, 9

28

*Luther v. Countrywide Financial Corp.*,
    195 Cal. App. 4th 789 (Cal. App. 2d Dist. 2011)......................................passim

*Luther v. Countrywide Home Loans Servicing LP*,
    533 F.3d 1031 (9th Cir. 2008) .................................................................5, 9, 13

*Madden v. Cowen & Co.*,
    576 F.3d 957 (9th Cir. 2009) ..................................................................passim

*Pipefitters Local 522 & 633 Pension Trust Fund v. Salem Communs. Corp.*,
    2005 U.S. Dist. LEXIS 14202 (C.D. Cal. June 28, 2005)...................................10

*Proctor v. Vishay InterTechnology Inc.*,
    584 F.3d 1208 (9th Cir. 2009) ...............................................................................8

*Purowitz v. DreamWorks Animation SKG, Inc.*,
    2005 U.S. Dist. LEXIS 46911 (C.D. Cal. Nov. 15, 2005) .......................6, 7, 10

*Reiter v. Sonotone Corp.*,
    442 U.S. 330, 99 S. Ct. 2326 (1979).................................................................13

*Rovner v. Vonage Holdings Corp*,
    2007 WL 446658 (D.N.J. Feb. 5, 2007) ............................................................13

*Serrano v. 180 Connect, Inc.*,
    478 F.3d 1018 (9th Cir. Cal. 2007)......................................................................1

*W. Palm Beach Police Pension Fund v. Cardionet, Inc.*,
    2011 WL 1099815 (S.D. Cal., Mar. 24, 2011) ...........................................passim

*In re Waste Mgmt., Inc. Sec. Litig.*,
    194 F. Supp. 2d 590 (S.D. Tex. 2002).................................................................17

*Wells Fargo Bank*, N.A. v. *Superior Court*
    159 Cal. App. 4th 381, 71 Cal. Rptr. 3d 506 (2008) .........................................12

**S<small>TATUTES</small>, R<small>ULES</small> & R<small>EGULATIONS</small>**

15 U.S.C.
    § 77bb(f)(1).......................................................................................................8
    § 77p(b)......................................................................................................passim
    § 77p(c)......................................................................................................passim
    § 77v(a)......................................................................................................passim
    § 78bb(f)(1)........................................................................................................8
    § 78bb(f)(2)........................................................................................................8

REPLY MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND
Case No. 11-cv-01171-JVS (MLGx)

H.R. Rep. No. 105-640 (1998) (Conf. Rep.) .........................................................16

H.R. Rep. No. 105-803 (1998) (Conf. Rep.) .........................................................17

S.R. Rep. No. 105-192 (1998) (Conf. Rep.) .........................................................15

Pub. L. No. 105-353, 112 Stat. 3227 (1998).....................................................3, 9

REPLY MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND
Case No. 11-cv-01171-JVS (MLGx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.   __INTRODUCTION__

Plaintiff West Virginia Laborers' Trust Fund filed the Complaint in Orange County Superior Court because the Securities Act of 1933 ("Securities Act") expressly allows for concurrent state and federal court jurisdiction, and expressly prohibits removal of state court cases, such as this, brought solely under the Securities Act.  15 U.S.C. § 77v(a) ("no case arising under [the Securities Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States").

As such, Defendants now have the burden of overcoming the presumption against removal.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) ("The burden of establishing federal jurisdiction is upon the party seeking removal and the removal statute is strictly construed against removal jurisdiction.") (internal citation omitted).[1]  Defendants have failed to satisfy that burden.  Rather, Defendants erroneously assert that they removed this action properly under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").  In truth, the *plain language of SLUSA* – which Defendants understandably attempt to entirely ignore until page 6 of their brief – does <u>not</u> authorize a defendant to remove a Securities Act claim to federal court:

> (c) Removal of covered class actions
> Any covered class action brought in any State court involving a covered security, *as set forth in subsection (b)*, shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b) of this section.

---

[1] Despite Defendants' assertion to the contrary (ECF No. 18, "Defs' Mem." or "Memorandum" p. 7, n. 6), it is their burden "to establish a prima facie case of removal jurisdiction." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. Cal. 2007).  Defendants incorrectly cite *Serrano*'s discussion of jurisdiction under the Class Action Fairness Act, which is not at issue here.

REPLY MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND
Case No. 11-cv-01171-JVS (MLGx)

1  15 U.S.C. §§ 77p(b) – (c).

2      The plain language of subsection (b), in turn, is limited to claims brought

3  under *state* law:

4      (b) Class action limitations

5      No covered class action *based upon the statutory or common*

6      *law of any State* or subdivision thereof may be maintained in

7      any State or Federal court by any private party alleging . . . .

8      (emphasis added).

9  Here, Plaintiff's Securities Act claims are indisputably *not* "based upon the

10  statutory or common law of any State."  Instead, they are based entirely on the

11  Securities Act under federal law.  Thus, Plaintiff's claims fall outside of SLUSA

12  section 77p(b), and, therefore, cannot be removed to federal court under SLUSA

13  section 77p(c).  No other interpretation of the plain language of the Securities Act

14  or SLUSA is plausible.

15      The Honorable M. James Lorenz, within this Circuit, just five months ago,

16  comprehensively addressed this exact issue in *W. Palm Beach Police Pension*

17  *Fund v. Cardionet, Inc.*, 2011 WL 1099815 (S.D. Cal., Mar. 24, 2011) (attached as

18  Ex. B to the Nicholas Decl. filed with Plaintiff's opening brief, ECF No. 15-2).

19  There, as here, relying on SLUSA, defendants removed a Securities Act class

20  action from state court.  The plaintiff then moved to remand based on the plain

21  language of SLUSA as set forth above.  *Id*. at *1.  In granting the plaintiff's

22  motion, Judge Lorenz thoroughly analyzed and rejected the exact interpretation of

23  SLUSA that Defendants put forward here.  *Id*. at *2.  After discussing recent

24  United States Supreme Court and Ninth Circuit precedent, and SLUSA's

25  legislative history, Judge Lorenz concluded that "[b]ecause Plaintiff's action was

26  brought in State court and asserted claims only under the Securities Act of 1933

27  rather than under State law, it is neither precluded nor removable." *Id*.  As a result,

28  Judge Lorenz determined that "this court has no jurisdiction and the proper course

is to remand." *Id.* Because *W. Palm Beach* is unquestionably on point and carefully and correctly analyzes the exact issue raised here, this Court should adopt the reasoning therein and remand this case to the Superior Court for further proceedings.

By contrast, Defendants' Memorandum ignores the plain language of the statute and recent in-Circuit precedent, and instead relies almost exclusively on Defendants' strained interpretation of SLUSA's legislative history, as well as out-of-Circuit district court decisions with little or no useful reasoning. Defendants also ignore recent authority from this Circuit that directly undermines their interpretation of SLUSA. For example, Defendants fail to discuss *Madden v. Cowen & Co.*, 576 F.3d 957 (9th Cir. 2009), wherein the Ninth Circuit interpreted the impact of SLUSA's amendments to the Securities Act's removal bar, 15 U.S.C. § 77v(a), §§ 77p(b) and (c). The Ninth Circuit held that only claims that are precluded by section 77p(b) (which the Ninth Circuit confirmed include only state law claims) are removable under section 77p(c). Accordingly, state courts retain concurrent jurisdiction over cases asserting only claims under the Securities Act.

Although Defendants repeatedly claim that allowing cases asserting only federal Securities Act claims to remain in state court is an "absurd result," plaintiffs have had the statutory right to proceed under the Securities Act in state court since its passage in 1933. That the Securities Act post-SLUSA continues to allow plaintiffs to proceed under the Securities Act in state court is far from an absurd result, particularly since the primary purpose of SLUSA was to preclude securities class actions **based upon state law** from proceeding in **either** state or federal court. *See* Pub. L. No. 105-353, 112 Stat. 3227 (1998) (SLUSA is "[a]n Act to amend the Securities Act . . . to limit the conduct of securities actions **under state law**."). Thus, it is unremarkable that Congress chose to continue to allow state courts concurrent jurisdiction over Securities Act claims.

## II.   ARGUMENT

### A.   The Plain Language Of The Statute Dictates That This Action Was Improperly Removed

As discussed above, Section 77v(a) provides that, except as provided in section 77p(c), "no case arising under [the Securities Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a).  Pursuant to this plain and unambiguous language, a federal securities class action is not removable unless it falls within the express exception provided by section 77p(c):

> (c) Removal of covered class actions
>
> Any covered class action brought in any State court involving a covered security, *as set forth in subsection (b)*, shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b) of this section.

15 U.S.C. § 77p(c).

The plain language of subsection (b), in turn, is limited to claims brought under *state* law:

> (b) Class action limitations
>
> No covered class action *based upon the statutory or common law of any State* or subdivision thereof may be maintained in any State or Federal court by any private party alleging . . . . (emphasis added).

15 U.S.C. § 77p(b).

Completely ignoring this plain language, Defendants argue that removal under section 77p(c) is not, in fact, limited to actions precluded by section 77p(b). Defs.' Mem. at 12-15.  Defendants also argue that section 77p(c)'s phrase "as set forth in subsection (b)" does not incorporate as a condition for removal the

1   requirement in subsection (b) "based upon the statutory or common law of any
2   State of subdivision" in section 77p(b).  *Id*.  For these reasons, Defendants contend
3   this action, which is not precluded by section 77p(b), is removable.  Defendants'
4   arguments directly conflict with recent authority within the Ninth Circuit.

5       Indeed, a number of recent decisions within the Ninth Circuit have been
6   directly on point and have authoritatively established that Plaintiff's Securities Act
7   claims were improperly removed.  For example, as discussed above, Judge Lorenz
8   addressed the exact issue presented here earlier this year in *W. Palm Beach*, 2011
9   WL 1099815.  There, as here, defendants relied on SLUSA to remove a securities
10  class action from state court.  *Id*. at *1.  In granting plaintiff's motion to remand,
11  Judge Lorenz thoroughly analyzed and rejected the exact interpretation of SLUSA
12  that Defendants put forward here.  *Id*. at *2 ("Arguments such as Defendants', that
13  the removal provision is broader than the preclusion provision, have been
14  rejected.").  After a lengthy discussion of the recent United States Supreme Court
15  decision in *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 126 S. Ct. 2145 (2006)
16  (discussed in Plaintiff's opening brief), the recent Ninth Circuit decision in
17  *Madden*, 576 F.3d 957 (discussed below) and "the convoluted history of the
18  Securities Act," Judge Lorenz concluded that:

19          [b]ecause Plaintiff's action was brought in State court and
20          asserted claims only under the Securities Act of 1933 rather
21          than under State law, it is neither precluded nor removable.  *See*
22          15 U.S.C. § 77v(a); *Luther*, 533 F.3d at 1034.  Therefore this
23          court has no jurisdiction and the proper course is to remand.
24          *Kircher*, 547 U.S. at 643-44; *Madden*, 576 F.3d at 965.

25  *Id*.

26      Defendants do not even attempt to distinguish *W. Palm Beach*; instead, they
27  merely point to Judge Lorenz's observation as to the "counterintuitive" nature of
28  the statute (Defs.' Mem. at 20), which "is due to the convoluted history of the

REPLY MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND
Case No. 11-cv-01171-JVS (MLGx)

Securities Act of 1933, including the Private Securities Litigation Reform Act of 1995 ("PSLRA"), its unintended consequences, and the SLUSA's purpose of counteracting them." *W. Palm Beach*, 2011 WL 1099815, at *2. However, rather than detracting from the force of, and analysis within, Judge Lorenz's opinion, Defendants instead highlight Judge Lorenz's astute observation as to why some courts − and, indeed, litigants such as the Defendants in this case − have incorrectly interpreted the statute's removal provisions.

Similarly, in *Layne v. Countrywide Fin. Corp., et al.*, No. 09-3262-MRP, Order Granting Motion For Remand, at 2, n.1 (C.D. Cal. July 8, 2008) (attached as Ex. C to the Nicholas Decl., ECF No. 15-2), Judge Pfaelzer remanded an analogous case to state court. Recognizing that the weight of authority clearly prohibits removal of state court cases brought solely under the Securities Act, Judge Pfaelzer rejected her previous reasoning on the issue:

> This Court finds highly persuasive the reasoning employed by the *Unschuld* court, which considers in depth the text of the statute and its legislative history, and the case law, including the recent Supreme Court decision in *Kircher*, 547 U.S. at 644, and concludes that it must remand. *See* 2007 U.S. Dist. LEXIS 68513. As in *Unschuld*, this Court finds that SLUSA does not confer removal jurisdiction under this scenario. The Court is aware that its 2005 *Purowitz* decision reaches the contrary result. *See Purowitz v. DreamWorks Animation SKG, Inc.*, No. CV 05-6090 MRP, slip op. [2005 U.S. Dist. LEXIS 46911] (C.D. Cal. Nov. 15, 2005). ***In considering the issue again, the Court now has available a number of more recent authorities that inform the analysis and prompt the conclusion that remand is appropriate***.

Once again, Defendants do not distinguish *Layne*, but concede that "Judge Pfaelzer had previously ruled to the contrary in *Purowitz*." Defs.' Mem. at 20.

REPLY MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND
Case No. 11-cv-01171-JVS (MLGx)

Defendants fail to acknowledge just how significant it is that Judge Pfaelzer ***expressly overruled her Purowitz decision*** – a case that Defendants nonetheless continue to rely on in their removal papers and cite numerous times in their Memorandum.[2]   Indeed, Judges typically overrule themselves only after serious deliberation and with caution.  *See, e.g., Grivas v. Parmalee Transp. Co.*, 207 F.2d 334, 336 (7th Cir. 1953) ("It is never a pleasant task for a court . . . to overrule a previous decision . . . but we have reached the conclusion that our interpretation was too broad . . . and that this is the time to modify it").

Recent ruling in the Ninth Circuit have been compelled by the Ninth Circuit's recent decision in *Madden*, 576 F.3d 957, which explained removal under the Securities Act and, particularly, how sections 77p(b) and 77p(c) interact.  First, section 77p(b) generally precludes certain class actions that meet specific threshold requirements.  *Madden* enumerated these requirements as follows:

> [An] action will fall within SLUSA's preclusion if the action is (1) a "covered class action" (2) ***"based upon the statutory or common law" of any state*** (3) being maintained by "any private party," and if the action alleges (4) either "an untrue statement or omission of material fact" or "that the defendant used or employed any manipulative or deceptive device or contrivance" (5) "in connection with the purchase or sale" (6) of a "covered security."  15 U.S.C. § 77p(b).

*Id.* at 962 (emphasis added).  Accordingly, under the Securities Act, if a claim does not meet all the requirements, such as by not being based upon state law, it is *not* precluded under section 77p(b). Likewise, in *Proctor v. Vishay InterTechnology Inc.*, 584 F.3d 1208 (9th Cir. 2009), decided two months after *Madden*, the Ninth

---

[2] Despite repeated citations to *Purowitz* in their Memorandum (pages 5, 11, 14, 15, 17), Defendants fail to list *Purowitz* in their Table of Authorities – perhaps hoping to mask their reliance on a Ninth Circuit case that has been expressly overruled.

REPLY MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND
Case No. 11-cv-01171-JVS (MLGx)

Circuit confirmed a threshold requirement for removability under SLUSA is that the claim must be "based upon the statutory or common law of any State . . . ." *Id.* at 1221 n.11 (quoting 15 U.S.C. § 77bb(f)(1)).[3]  If the claim meets all of the threshold requirements, then it is precluded.[4]

*Madden* then explained how section 77p(c) (the removal provisions) interacts with section 77p(b) (the preclusion provision):

> To prevent actions precluded by SLUSA from being litigated in state court, SLUSA authorizes defendants to remove such actions to federal court, effectively ensuring that federal courts will have the opportunity to determine whether a state action is precluded.  As the Supreme Court has explained, any suit removable under SLUSA's removal provision, § 77p(c), is precluded under SLUSA's preclusion provision, § 77p(b), ***and any suit not precluded is not removable.***

*Id.* 576 F.3d at 964-65 (citing *Kircher v. Putnam Funds Trust*, 547 U.S. at 644) (internal footnote omitted and emphasis added).  *Madden* continued, "If a federal court determines that an action is not precluded, it 'has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it.'"  *Madden*, 576 F.3d at 965 (quoting *Kircher*, 547 U.S. at 644).

---

[3] While *Proctor* analyzed the impact of SLUSA upon the Securities Exchange Act of 1934 ("Exchange Act"), it noted that SLUSA amended the Securities Act "in substantially identical ways." 584 F.3d at 1213 n.1.  Indeed, the sections regarding removability in the Exchange Act are nearly identical to the Securities Act. *Compare* 15 U.S.C. §§ 77p(b) & (c) with 15 U.S.C. §§ 78bb(f)(1) & (2).

[4] It was the increase in the number of securities class actions based upon state law following passage of the PSLRA that prompted congress to enact SLUSA. Through SLUSA, Congress barred most securities class actions based upon state law.

Thus, *Madden* rejects Defendants' arguments that removal under section 77p(c) is not limited to claims precluded by section 77p(b) and that the phrase "as set forth in subsection (b)" in section 77p(c) does not incorporate the requirement that the claim be based upon state law.  Moreover, *Madden's* interpretation of sections 77p(b) and (c) is entirely consistent with Congress' stated purpose in enacting SLUSA which was "to limit the conduct of securities class actions under State law."  *See* Pub. L. No. 105-353, 112 Stat. 3227 (1998).

Similarly, in *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008), the Ninth Circuit concluded that section 77v(a) "strictly forbids the removal of cases brought in state court and asserting claims under the Act.  Luther's class action falls within [section 77v(a)] removal bar because it was brought in state court and asserts only claims arising under the Securities Act. . . . [Thus, the] state court class action alleging only violations of the Securities Act of 1933 was not removable.  The motion to remand was properly granted."  *Id.* at 1033-34.[5]

### B. Because Every Recent Decision In The Ninth Circuit Holds That Removal Is Improper, Defendants Are Forced To Rely On Out-Of-Circuit District Court Cases

Because *every* recent decision within the Ninth Circuit, including *W. Palm Beach*, *Layne*, *Madden*, and *Luther*, all discussed above, hold that the Securities Act expressly prohibits removal of state court cases brought solely under the Securities Act, it should be abundantly clear that this action should be remanded to the Superior Court.  Also as a result, Defendants do not − and cannot − cite any recent, controlling authority that supports their position.  Instead, they are forced to rely almost exclusively on out-of-Circuit district court cases for support.  Indeed,

---

[5] Defendants merely point out that *Luther* involved "pass-through" certificates, rather than stock, but this does nothing to change the holding that the Securities Act expressly prohibits removal of state court cases brought solely under the Securities Act.  *Luther*, 533 F.3d at 1033-34.

apart from *Purowitz*, the only other case within the Ninth Circuit that Defendants rely on is *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122 (C.D. Cal. 2003).   As discussed extensively in Plaintiff's opening memorandum (pages 12-14), however, *Brody* has been thoroughly discredited by a number of courts.   Moreover, it has been rejected by every court in the Ninth Circuit – apart from the faulty and explicitly overruled *Purowitz* decision.   *See, e.g., Haw. Structural Ironworkers Pension Trust Fund v. Calpine Corp.,* 2003 WL 23509312 (S.D. Cal. Aug. 27, 2003) (refusing to adopt analysis in *Brody*)*; Pipefitters Local 522 & 633 Pension Trust Fund v. Salem Communs. Corp.,* 2005 U.S. Dist. LEXIS 14202 (C.D. Cal. June 28, 2005) (same) (attached as Ex. D to the Nicholas Decl., ECF No. 15-2).

In an attempt to compensate for the absence of legal support, Defendants seek to have this Court rely on out-of-Circuit district court cases that are largely outdated and uniformly put forward unpersuasive legal analysis.   For example, Defendants cite to a 2003 report and recommendation by a magistrate judge in the Southern District of Ohio.   *See Kulinski v. Am. Elec. Power Co.*, 2003 U.S. Dist. LEXIS 29447 (S.D. Ohio Sept. 19, 2003).   But this stale, out-of-Circuit decision is not controlling and is unpersuasive.   *See, e.g., id.* at *15 (finding that plaintiff had waived objection to removal because it failed to file motion to remand within thirty day time limit).   Similarly, Defendants seek to have this Court rely on a 2003 decision out of the Northern District of Texas.   *Alkow v. TXU Corp.*, 2003 U.S. Dist. LEXIS 7900 (N.D. Tex. May 8, 2003).   But this out-of-Circuit decision also lacks well-reasoned analysis and appears to be a case of first impression.   *Id.* at *5 (no indication of cases relied on to interpret statute).

Even the more recent out-of-Circuit authorities relied on by Defendants have been extensively criticized and thoroughly discredited.   For example, the California Court of Appeal in *Luther v. Countrywide Fin. Corp.*, 195 Cal. App. 4th 789 (Cal. App. 2d Dist. 2011) (*"Luther II"*), recently discussed and dismissed

REPLY MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND
Case No. 11-cv-01171-JVS (MLGx)

many of Defendants' cases.[6]  *Id.* at 797-99.  Although *Luther II* held that SLUSA did not preclude bringing federal Securities Act claims in California State Court, the court's ruling was not limited to those facts:

> In order to determine whether this case is exempted from the rule of concurrent jurisdiction, ***we must look to all of section 77p [Section 16]***, and see what it provides "with respect to covered class actions."

> Section 77p does a number of things. Section 77p(a) provides that, except as provided in subsection (b), rights and remedies under the title are in addition to other rights and remedies which may exist.

> In subsection (b), section 77p addresses "Class action limitation" by providing that "No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging − (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." (15 U.S.C. § 77p(b).) This is a preclusion provision.  It "makes some state-law claims nonactionable through the class-action device in federal as well as state court." (*Kircher v. Putnam Funds Trust, supra*, 547 U.S. 633, 637, fn.1, 126 S. Ct. 2145; *Wells Fargo Bank, N.A.* v. *Superior Court* (2008) 159 Cal.App.4th 381, 71 Cal.Rptr.3d

---

[6] This appeal followed the remand to state court by the Ninth Circuit. After remanding back to state court, the defendants demurred on the ground that the state court had no jurisdiction under the Securities Act as amended by SLUSA.  Those demurrers were sustained and the case dismissed, and plaintiff appealed to the California State Court of Appeals, which reversed.

REPLY MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND
Case No. 11-cv-01171-JVS (MLGx)

1    506.)  ***This case, which is not based on the statutory or common law***

2    ***of any state, is not precluded.***

3  *Luther II*, 195 Cal. App. 4th at 795-96.

4        In its lengthy discussion of the removal provisions, *Luther II* thoroughly

5  analyzes and discredits many of the decisions relied on by Defendants.  *Id*. at 797-

6  99.  *Luther II* also explains why Defendants were incorrect to adopt the argument

7  that SLUSA somehow amended the Securities Act to eliminate concurrent

8  jurisdiction in state courts for ***all*** "covered class actions."  *Id*. at 797-98.  The

9  *Luther II* court explains:

10       [W]hen it interpreted 15 United States Code section 77v, [*Knox v.*

11       *Agria Corp.*, 613 F. Supp. 2d 419 (S.D.N.Y. 2009)], like defendants

12       here, deemed the statutory reference to 15 United States Code section

13       77p to be a reference to definition of "covered class action" in section

14       77p(f)(2).  Rather than analyzing the application of the other parts of

15       section 77p, *Knox* found that those subsections were irrelevant to the

16       analysis because they dealt exclusively with state law claims.  Then,

17       based merely on the definition of "covered class action," *Knox*

18       concluded that all covered class actions are exempted from concurrent

19       jurisdiction.  (*Knox v. Agria*, supra, 613 F. Supp. 2d at p. 425.)  In

20       other words, *Knox* ignored the verb in the statute, and reached its

21       conclusion by looking only at the noun.

22  *Id*. at 797-98.

23       The *Luther II* court goes on to explain that it:

24       cannot agree with [*Knox*'s] reading of 15 United States Code section

25       77v[,] . . . [which] does not say 'except as provided in section

26       77p(f)(2),' the definition of covered class action.  Instead, it refers to

27       all of 15 United States Code section 77p, not just the definitional

28       provision.

*Id*. at 798.[7]

Thus, the SLUSA amendment is not as broad as Defendants contend: it added "except as ***provided in Section 77p of this title*** with respect to class action" to limit the concurrent jurisdiction of state courts, but it did not eliminate concurrent jurisdiction for class actions alleging only claims under the Securities Act.  The flaw in Defendants' reasoning, and in the cases they rely on, is that it requires this Court to look only at section 77p(f)(2)(A)'s definition of "covered class action" and ignore the rest of section 77p.[8]  This directly contradicts the relevant standards of statutory interpretation set forth by Defendants in their memorandum.  *See* Defs.' Mem. at p. 9-10 (quoting *Duncan v. Walker*, 533 U.S. 167, 174, 121 S. Ct. 2120 (2001)) and p. 12 (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S. Ct. 2326 (1979)).  Indeed, ignoring whole portions of statutory sections, as Defendants request, is not how the Supreme Court instructs courts to interpret statutes.  *See Kircher*, 547 U.S. at 643 (courts "do not read statutes in little bites").  This interpretation of section 77v(a) is also entirely consistent with Congress' intent in enacting SLUSA – to bar state-law class actions – and gives meaning to each provision of section 77v(a).  It is also consistent with every recent decision in this Circuit.

---

[7] *Luther II* notes that the "other federal trial court opinions cited by defendants address the same issue as does *Knox* . . . and engage in analysis similar to that in *Knox*."  *Id*. at 798 (citing many of the cases Defendants rely on here, including *In re Fannie Mae 2008 Sec. Litig.*, 2009 U.S. Dist. LEXIS 109888 (S.D.N.Y. Nov. 24, 2009) and *Rovner v. Vonage Holdings Corp*, 2007 WL 446658 (D.N.J. Feb. 5, 2007)).

[8] Indeed, as discussed above, and explained by the Ninth Circuit in *Madden*, section 77p(c) allows for the removal to federal court of covered class actions precluded by section 77p(b), *i.e.*, those based upon state law.  In contrast, section 77p(f) simply provides the definitions for subsections 77p(a)-(d); it does not provide any limitations to the concurrent jurisdiction of section 77v(a).

*Luther II* further explains that "*Knox* and many of the other cases which defendants cite suffer from an additional flaw.  They reach their results in part because, in their view, no other rule is consistent with what they perceive as the legislative intent."  195 Cal. App. 4th at 798.  As discussed below, and as the *Luther II* court explains, these courts − and the Defendants in this case − rely on an incorrect interpretation of SLUSA's legislative history.  *Id.* at 798-99.

In sum, this Court should not be persuaded by Defendants' citation to out-of-Circuit district court decisions that are not controlling and simply wrong in their analysis of SLUSA and its legislative history.

### C.   To The Extent Necessary To Consider, SLUSA's Legislative History Further Demonstrates That Congress Did Not Intend To Strip State Court Of Concurrent Jurisdiction

Because the plain language of SLUSA makes clear that remand is appropriate, and all recent authority in the Ninth Circuit supports plaintiff's view, "[w]e see no need for recourse to legislative history."  *Luther II*, 195 Cal. App. 4th at 799; *see also Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 808 n.3, 109 S. Ct. 1500 (1989) ("Legislative history is irrelevant to the interpretation of an unambiguous statute.").  Nevertheless, in response to Defendants' Memorandum, Plaintiff "feel[s] constrained to note that defendants' view of the legislative history is not the only one."  *Luther*, 195 Cal. App. 4th at 799.  Indeed, as discussed below, SLUSA's legislative history repeatedly emphasizes that the purpose of SLUSA is to preempt *claims based on state law*, and nowhere does the legislative history state that stand-alone Securities Act claims are removable.

#### 1.   The Senate Committee Reports

For example, the May 4, 1998 Report of the Senate Committee on Banking, Housing and Urban Affairs (the "Senate Report") regarding SLUSA states in the very first sentence:

The Committee on Banking, Housing and Urban Affairs, to which was referred the bill (S. 1260), to amend the Securities Act of 1933

and the Securities Exchange Act of 1934 to limit the conduct of securities class actions **under State law** . . .

S.R. Rep. No. 105-192, at 1 (1998) (Conf. Rep.).  The Senate Report continues: "The amendment makes clear the Committee's intention to enact this legislation in order to prevent **state laws** from being used to frustrate the operation and goals of the 1995 Reform Act." *Id.* at 2.  In the section setting forth the section-by-section analysis of S. 1260 and its proposed amendments to the Securities Act, the Senate Report explains the intended operation of SLUSA's removal provisions:

> Subsection 16(b) provides that no class action **based on State law** alleging fraud in connection with the purchase or sale of covered securities may be maintained in State or Federal court.
>
> Subsection 16(c) provides that **any class action described in Subsection (b)** that is brought in a State court shall be removable to a Federal district court, and may be dismissed pursuant to the provisions of subsection (b).

*Id.* at 6.  This further demonstrates that the removal provision applies solely to claims **based on state law**.

Other portions of the Senate Report also make clear that the focus of SLUSA is claims based on state law, not stand-alone Securities Act claims.  For example, in the section of the Senate Report setting forth the "Additional Views of Senators Sarbanes, Bryan and Johnson," the Report states that "the majority would preempt securities fraud causes of action **under State law**." *Id.* at 7.  This section goes on to state that S. 1260 "would preempt State law securities actions . . . ." *Id.* at 9.  The Senate Report also observes that S. 1260 "would preempt securities fraud class actions brought under State law.  Investors seeking to file class action lawsuits would be forced to file under the Federal securities laws." *Id.* at 12.  Nowhere in the Senate Report is there any statement that stand-alone Securities Act claims

REPLY MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND
Case No. 11-cv-01171-JVS (MLGx)

(which by definition are filed "under the Federal securities laws") brought in state court would be removable to federal court.

### 2.     The House Committee Reports

The House of Representatives' version of SLUSA (the "House Report") included similar language when describing the purpose of SLUSA, stating in the very first sentence:

> The Committee on Commerce, to whom was referred the bill (H.R. 1689) to amend the Securities Act of 1933 and the Securities Exchange Act of 1934 to limit the conduct of securities class actions *under State law* . . .

H.R. Rep. 105-640, at 1 (1998) (Conf. Rep.). The House Report continues, with regard to the proposed legislation: "it preempts securities fraud class actions brought under State law." *Id.* at 11.  The section of the House Report that sets forth a detailed analysis of the legislation is particularly telling, making clear that only state law claim are removable under SLUSA:

> Subsection 16(b) provides that no class action *based on State law* alleging fraud in connection with the purchase or sale of covered securities may be maintained in State or Federal court.
>
> Subsection 16(c) provides that any class action described in subsection (b) that is brought in a State court shall be removable to a Federal district court, and may be dismissed pursuant to the provisions of subsection (b).

*Id.* at 14.  Importantly, as with the Senate Report, nowhere in the House Report is there any statement that stand-alone Securities Act claims brought in state court are removable to federal court.

### 3.    The Conference Committee Reports

The October 9, 1998 Report of the Committee of Conference (the "House Committee Report") also states that SLUSA is designed "to limit the conduct of securities class actions under State law . . ." 105 H.R. Rep. No. 105-803, at 1 (1998) (Conf. Rep.). Indeed, the House Committee Report acknowledges that the bill was designed to "limit the conduct of securities class actions under State law." *Id.* As with the Senate and House Reports, nowhere in the Reports of the Committee of Conference is there any statement that stand-alone Securities Act claims brought in state court are removable to federal court.

Importantly, if Congress had intended to eliminate the concurrent jurisdiction and anti-removal provisions in the Securities Act, it would have done so explicitly, a point that has been recognized by several federal courts. *In re Waste Mgmt., Inc. Sec. Litig.*, 194 F. Supp. 2d 590, 596 (S.D. Tex. 2002) ("More important, there is no express statement by Congress that it was modifying the traditional rule prohibiting removal of cases brought under the Securities Act. Congress could easily have made a statement in SLUSA expressly modifying this provision had it so intended."); *Haw. Structural Ironworkers Pension Trust Fund v. Calpine Corp.*, 2003 WL 23509312, at *2 ("[W]here the language of the statute is clear, it is not up to the Court to modify it to effect Congress's likely intent."). Congress did not include such language in SLUSA – and kept the concurrent jurisdiction and anti-removal language in the Securities Act. Defendants' interpretation of SLUSA renders this language superfluous – and distorts the plain reading of sections 77p(b) and 77p(c), which clearly limits preemption and removal to actions that are brought pursuant to state law.

### 4.    Defendants' Interpretation Of The Legislative History Is Wrong

Defendants' entire argument on legislative history is based on a fundamental misunderstanding and misinterpretation of the operative language in the Senate and

1  House Reports.  Specifically, the language that Defendants cite refers to the

2  concern that Congress had with investors seeking to evade the PSLRA's

3  heightened pleading requirements for claims brought under the Exchange Act by

4  filing securities fraud suits under state Blue Sky Laws.[9]  But that concern does not

5  mean that Congress intended to eliminate the concurrent state and federal court

6  jurisdiction provisions that remained in the Securities Act, or to eliminate the anti-

7  removal bar for stand-alone Securities Act claims.  This is because the PSLRA's

8  heightened pleading requirements were imposed *only* in cases alleging securities

9  fraud under the Exchange Act and not the strict liability and negligence claims

10  asserted here under the Securities Act.

### D.   Defendants' Discussion Of The Class Action Alleging Exchange Act Claims Is Irrelevant To The Legal Issue Of Whether The Case Was Properly Removed

13  Defendants' Memorandum (pages 1-4) includes a lengthy discussion

14  regarding Defendants' version of the procedural history of a case involving the

15  same Defendants, wherein the Court sustained the plaintiff's Exchange Act claims:

16  *In re STEC, Inc. Sec. Litig.*, SACV 09-01304-JVS ("*STEC Exchange Act Case*").

17  Apart from being legally irrelevant to Plaintiff's motion to remand here,

18  Defendants' assertions regarding the *STEC Exchange Act Case* are inaccurate.  For

19  example, Defendants claim there is a potential for "duplicative litigation" (Defs'

20  Mem. at 1), despite their acknowledgment that the *STEC Exchange Act Case* does

21  not now include Securities Act claims (Defs' Mem. at 4, n.4) – which are the *only*

22  claims asserted here.  Defendants then conclude their Memorandum with a request

23  in passing that this action be consolidated with the *STEC Exchange Act Case*.

24  However, even if this Court were to deny Plaintiff's remand motion – which it

25

26  [9]  Specifically, Defendants refer to the following: "The purpose of this title is to

27  prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court."  *See*

28  Defs.' Mem. at 23.

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND Case No. 11-cv-01171-JVS (MLGx)

should not – Defendants have not made *any* showing that consolidation, as opposed to coordination of pre-trial discovery, would be appropriate. *See*, *e.g*., *Indiana State District Council of Laborers and Hod Carriers Pension Fund v. Gecht*, 2007 WL 902554, at *1 (N.D. Cal. Mar. 22, 2007) (the moving party bears the burden to show consolidation is appropriate). As set forth in the Complaint, the Securities Act claims asserted by Plaintiffs are non-fraud causes of action with completely different pleading and proof standards, including the parties' burden of proof on loss causation.

## III.   <u>CONCLUSION</u>

For the foregoing reasons and for the reasons set forth in Plaintiff's moving papers, the Court should grant Plaintiff's motion to remand and order this case remanded to the Orange County Superior Court for further proceedings.

Dated: September 2, 2011             Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP


       */s/ Blair A. Nicholas*
        BLAIR A. NICHOLAS

BLAIR A. NICHOLAS  (Bar No. 178428)
blairn@blbglaw.com
NIKI L. MENDOZA  (Bar No. 214646)
nikim@blbglaw.com
JOSEPH W. GOODMAN  (Bar No. 230161)
joseph.goodman@blbglaw.com
PAUL M. JONNA  (Bar No. 265389)
paulj@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

*Counsel for Plaintiff West Virginia
Laborers' Trust Fund and the Class*

REPLY MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND
Case No. 11-cv-01171-JVS (MLGx)