UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. **SACV 11-01171-JVS (MLGx)** Date October 7, 2011

Title **West Virginia Laborers Trust Fund v. Stec Inc., et al.**

Present: The Honorable James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Granting Plaintiff's Motion to Remand Superior Court (fld 8-17-11)

Plaintiff West Virginia Laborers' Trust Fund ("Plaintiff") moves to remand this case to Superior Court. Defendants STEC, Inc. ("STEC"), Manouch Moshayedi, Mehrad Moshayedi, Raymond Cook, and Rajat Bahri (collectively, the "STEC Defendants") oppose the motion. Their opposition is joined by Defendants Barclays Capital Inc., Deutchse Bank Securities Inc., JP Morgan Securities Inc., and Oppenheimer & Co. Inc. (collectively, the "Underwriter Defendants"). For the purposes of this motion, the Court refers to the STEC Defendants and the Underwriter Defendants collectively as "Defendants." For the following reasons, the motion is GRANTED.

## I. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as the case originally could have been filed in federal court. City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 163 (1997). The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction," so that "any doubt as to the right of removal" is resolved in favor of remanding the case to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Thus, the burden of "establishing federal jurisdiction is on the party seeking removal." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). However, where a plaintiff seeks remand based on an exception to removal, the plaintiff "has the burden to prove that an express exception exists." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008).

II. Discussion

This case arises out of allegedly false and misleading statements and omissions made in STEC's registration statement and prospectus issued in connection with a stock offering. (See Compl. ¶ 2.) Plaintiff purchased common stock in the offering pursuant to the registration statement and prospectus and alleges that it sufered substantial damages as a result of the false representations contained therein. (Id. ¶ 13.) Plaintiff filed its Complaint in Superior Court on July 1, 2011. Plaintiff asserts causes of action for violations of sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act" or the "Act"), 15 U.S.C. § 77a et seq. Plaintiff does not assert any other federal claims and does not assert any state law claims. On August 4, 2011, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 15 U.S.C. § 77p(c). Plaintiff now moves to remand the action to state court.

A. Overview of the Relevant Statutory Provisions

As originally enacted, the Securities Act provided that federal courts and state courts would have unqualified concurrent jurisdiction for cases brought under the Act and that defendants could never remove cases brought under the Act that were originally filed in state court to federal court. See Unschuld v. Tri-S Security Corp., No. 1:06-CV-02931-JEC, 2007 U.S. Dist. LEXIS 68513, at *2 (N.D. Ga. Sept. 14, 2007).

In 1998, Congress amended the Securities Act by enacting the Securities Litigation Uniform Standards Act ("SLUSA"), codified in scattered sections of 15 U.S.C.[1] SLUSA provides that there will be some claims or cases brought under the Securities Act over which a state court will no longer have concurrent jurisdiction. Specifically, section 77v now provides that:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter . . . and, concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

[1] Pub. L. No. 105-353, 112 Stat. 3227 (1998) lays out the text of SLUSA in its entirety.

15 U.S.C. § 77v(a) (emphasis added). This provision – referred to by Defendants as the "jurisdictional provision" – indicates that federal courts and state courts retain concurrent jurisdiction over claims brought under the Securities Act in covered class actions,[2] "except as provided in section 77p." Id.

Section 77v also alters the Securities Act's original rule that defendants could never remove cases brought under the Act that were originally filed in state court. Specifically, section 77v now provides:

> Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

Id. (emphasis added). This provision – referred to by Defendants as the "removal provision" – indicates that defendants still cannot remove cases brought under the Act that were originally filed in state court to federal court, "except as provided in section 77p(c)." Id. In light of the jurisdictional provision and the removal provision of section 77v, the Court must turn to section 77p, in particular section 77p(c), to determine whether to remand this action.

Section 77p(c) provides that:

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c) (emphasis added). This provision – "subsection (c)" – indicates that covered class actions brought in state court are "subject to subsection (b)" and may be removed to federal court "as set forth in subsection (b)." Id. Therefore, to determine whether removal is proper under subsection (c), the Court must refer to subsection (b). Subsection (b) provides that:

> No covered class action based upon the statutory or common law of any State

[2] The parties do not dispute that this action is a "covered class action" within the meaning of SLUSA.

> or subdivision thereof may be maintained in any State or Federal Court by any private party alleging (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b) (emphasis added). This provision is commonly called a "preclusive provision" because it precludes certain class actions from being heard in any court, state or federal. Therefore, in order to determine if a case is removable under subsection (c), it appears that the Court must first determine if a case is precluded by subsection (b) because subsection (c) provides that cases are only removable as set forth in subsection (b).

B. Analysis

The parties dispute whether this case is removable. Plaintiff argues that the case is not removable because it based only on federal law, i.e., the Securities Act, not on any state law. Plaintiff argues that a case is only removable under subsection (c) if it is precluded under subsection (b). Therefore, because this case is not based on state law, it is not removable because it is not precluded under subsection (b). Defendants argue that cases brought under the Securities Act are removable under SLUSA even if they do not assert state law claims. Defendants contend that Plaintiff's position misreads subsection (c) because subsection (c) is not limited to actions asserting state law claims. (See Opp'n Br. 12-15.)

From a textual perspective, the Court believes that because subsection (c) is "subject to subsection (b)" and provides that a case shall be removable "as set forth in subsection (b)," and because subsection (b) only applies to covered class actions "based upon the statutory or common law of any State or subdivision thereof," it follows that subsection (c) only allows for removal of cases that are based on state law. The Court acknowledges that this interpretation may produce strange results whereby class actions based on state law are removable, while class actions based on the Securities Act are not removable. Nonetheless, the Court believes this interpretation comports with the plain meaning of the statute and is the interpretation that best gives meaning to every word in

the statute.[3]

Moreover, this interpretation is appropriate in light of recent United States Supreme Court and Ninth Circuit case law. The United States Supreme Court stated that it "see[s] no reason to reject the straightforward reading [of the statute]: removal and jurisdiction to deal with removed cases is limited to those precluded by the terms of subsection (b)." Kircher v. Putnam Funds Trust, 547 U.S. 633, 643 (2006). The Court explained:

> Once removal jurisdiction under subsection (c) is understood to be restricted to precluded actions defined by subsection (b), a motion to remand claiming the action is not precluded must be seen as posing a jurisdictional issue. If the action is precluded, neither the district court nor the state court may entertain it, and the proper course is to dismiss. If the action is not precluded, the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it.

Id. at 643-44. Plaintiff's action is not precluded under subsection (b) because it is not based on state law. See Madden v. Cowen & Co., 576 F.3d 957, 965 (9th Cir. 2009) (itemizing the requirements for preclusion under subsection (b), including the requirement that the action be based on state statutory or common law). Therefore, under the above dictum in Kircher, the Court "has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it." 547 U.S. at 643-44.

Similarly, the Ninth Circuit has stated that where a class action is brought in state court and asserts only claims arising under the Securities Act, it is barred from removal. See Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1033 (9th Cir. 2008) ("Luther's class action falls within § 22(a)'s removal bar because it was brought in state court and asserts only claims arising under the Securities Act of 1933."). The Ninth

[3] The Court notes that at least one district court has explained how even Securities Act claims may be removable under sections 77v and 77p(c), that is, when they are brought in a case that also asserts state law claims. See In re Tyco Int'l, Ltd. Multidistrict Litig., 322 F. Supp. 2d 116, 120 (D.N.H. 2004). Where a case asserts Securities Act and state law claims, the action could be precluded under subsection (b) and therefore removable under subsection (c).

Circuit concluded that "by virtue of § 22(a) of the Securities Act of 1933, Luther's state court class action alleging only violations of the Securities Act of 1933 was not removable. The motion to remand was properly granted." Id. at 1034. The Ninth Circuit has since echoed this interpretation of the interplay between subsections (b) and (c), stating that "any suit not precluded is not removable." Madden, 576 F.3d at 965 (citing Kircher, 547 U.S. at 644). Accordingly, the dicta in Kircher, Luther, and Madden convinces the Court that it has reached the correct conclusion: because this case is not precluded under subsection (b), it is not removable under subsection (c).

Defendants point to a number of cases where district courts have interpreted the relevant provisions to permit removal of cases asserting only Securities Act claims. See, e.g., Brody v. Homestore, Inc., 240 F. Supp. 2d 1122, 1123 (C.D. Cal. 2003); Purowitz v. DreamWorks Animation SKG, Inc., No. 05-6090 MRP (VBKx), 2005 U.S. Dist. LEXIS 46911, at *3-9 (C.D. Cal. Nov. 14, 2005); Rubin v. Pixelplus Co., Ltd., No. 06-CV-2964 (ERK), 2007 U.S. Dist. LEXIS 17671, at *10-13 (E.D.N.Y. Mar. 13, 2007); Alkow v. TXU Corp., No. 3:02-CV-2738-K, 2003 U.S. Dist. LEXIS 7900, at *3-6 (N.D. Tex. May 8, 2003); Knox v. Agria Corp., 613 F. Supp. 2d 419, 424-25 (S.D.N.Y. Jan. 27, 2009). (See also Opp'n Br. 15-16 (collecting cases).) On the other hand, Plaintiff identifies a number of cases where district courts have reached the opposite conclusion. See, e.g., Pipefitters Local 522 & 633 Pension Trust Fund v. Salem Commc'n Corp., No. CV 05-2730 RGK (MCx), 2005 U.S. Dist. LEXIS 14202, at *3-8 (C.D. Cal. June 28, 2005); W. Palm Beach Police Pension Fund v. Cardionet, Inc., No. 10cv711-L(NLS), 2011 U.S. Dist. LEXIS 30607, at *2-7 (S.D. Cal. Mar. 24, 2011); Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp., No. 03cv0714 BTW(JFS), 2003 U.S. Dist. LEXIS 15832, at *2-7 (S.D. Cal. Aug. 26, 2003); In re Tyco Int'l, 322 F. Supp. 2d at 118-22; Unschuld, 2007 U.S. Dist. LEXIS 68513, at *4-34.[4] It is clear that district courts are split on this issue. The Court has reviewed these cases and finds the reasoning of the latter set

[4] Plaintiff also points out that although Judge Pfaelzer originally interpreted the relevant provisions to permit removal in Purowitz, 2005 U.S. Dist. LEXIS 46911, Judge Pfaelzer later adopted the reasoning in Unschuld, 2007 U.S. Dist. LEXIS 68513, conlcuding that SLUSA does not permit removal of actions brought in state court that assert only Securities Act claims. (See Nicholas Decl., Ex. C, Layne v. Countrywide Fin. Corp., No. CV 08-3262 (MANx), (C.D. Cal. July 8, 2008), Order Granting Motion for Remand, at 2, n.1 ("The Court is aware that its 2005 Purowitz decision reaches the contrary result. In considering the issue again, the Court now has available a number of more recent authorities that inform the analysis and prompt the conclusion that remand is appropriate.") (internal citation omitted).)

of cases more persuasive. As explained above, the Court believes that its conclusion that subsection (c) only allows for removal of actions based on state law is the best interpretation of the relevant provisions based on the plain meaning of the statute and in light of Kirtcher, Luther, and Madden.

The legislative history of SLUSA does not change the Court's conclusion. As Defendants point out, much of the legislative history suggests that SLUSA was enacted to prevent class action plaintiffs from avoiding the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA") by filing in state court. (Opp'n Br. 4, 21-24.) However, the plain meaning of the statute is clear. "If the language is unambiguous, its plain meaning controls unless Congress has clearly expressed a contrary legislative intention." United States v. 594,464 Pounds of Salmon, 871 F.2d 824, 826 (9th Cir. 1989) (internal quotation marks and citation omitted). Here, the general goal of curbing avoidance of the PSLRA is not a clear enough expression of congressional intent to warrant altering the plain meaning of SLUSA. That is particularly the case where the Court's interpretation may nonetheless achieve this goal to some degree by allowing for removal of cases asserting claims under both the Securities Act and state law. Additionally, as noted in Unschuld, "the legislative history is, itself, murky insofar as it suggests an answer to the question before the Court." 2007 U.S. Dist. LEXIS 68513, at *9. In fact, the first sentence of SLUSA explicitly states that the purpose of the Act is to target class actions brought under state law. See Pub. L. No. 105-353, 112 Stat. 3227 (1998) (SLUSA is an Act "to limit the conduct of securities class actions under State law, and for other purposes." (emphasis added).) The Court therefore does not find the legislative history clear enough to counteract the plain meaning of the statute and the dicta of Kirtcher, Luther, and Madden.

Accordingly, the Court concludes that removal was not proper and remands this case to Superior Court.[5]

---

[5] At the hearing, Defendants urged the Court to adopt the statutory analysis used by the Southern District of New York in Knox, 613 F. Supp. 2d at 421-25. They key predicate of the Knox analysis is that SLUSA strips state courts of concurrent jurisdiction. To reach this result, the court had to interpret the jurisdictional provision's statement "except as provided in section 77p of this title with respect to covered class actions" narrowly. The court found that the statement referencing section 77p "does not add a substantive limitation to the exception to concurrent jurisdiction in Section 22(a); rather, it simply points the reader to the definition of a 'covered class action'" set forth in section 77p(f). Id. at 424. The drafters of the jurisdictional provision could have easily stated that the provision's exception was for all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. **SACV 11-01171-JVS (MLGx)** Date October 7, 2011

Title **West Virginia Laborers Trust Fund v. Stec Inc., et al.**

III. Conclusion

For the foregoing reasons, the motion is GRANTED. This action is remanded to Superior Court.

IT IS SO ORDERED.

0 : 00

Initials of Preparer kjt

covered class actions defined in section 77p(f). Instead, the jurisdictional provision states that concurrent jurisdiction exists except as provided in section 77p generally. Thus, the jurisdictional provision does impose a substantive limitation to the exception to concurrent jurisdiction by providing that courts possess concurrent jurisdiction "except as provided in section 77p." As explained above, because this action does not assert state law claims, it is not precluded under section 77p(b). Thus, state court jurisdiction exists. Because the Court does not agree with the predicate of the Knox court's analysis, the Court does not adopt its interpretation or conclusion. Furthermore, the Court notes that Knox is not binding on this Court. Instead, the Court adopts the interpretation implicitly endorsed by the Ninth Circuit in Luther, 533 F.3d at 1033-34, and the United States Supreme Court in Kircher, 547 U.S. at 643-44.